UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND
BALTIMORE

In re: **Travelstead, G. Ware**          96-5-4979-SD
       Debtor                            Case No. (if known)

STATEMENT OF FINANCIAL AFFAIRS     JUL 8 1996

1. Income from employment or operation of business.

NONE  State the gross amount of income the debtor has received from
|X|   employment, trade, or profession, or from operation of debtor's
      business from the beginning of this calendar year to the date this
      case was commenced.  State also the gross amounts received during
      the two years immediately preceding this calendar year.

2. Income other than from employment or operation of business.

NONE  State the amount of income received by the debtor other than from
|X|   employment, trade, profession, or operation of the debtor's
      business during the two years immediately preceding the
      commencement of this case.

3. Payments to creditors.

NONE  a. List all payments on loans, installment purchases of goods or
|X|   services, and other debts, aggregating more than $600 to any
      creditor, made within 90 days immediately preceding the
      commencement of this case.

NONE  b. List all payments made within one year immediately preceding
|X|   the commencement of this case to or for the benefit of creditors
      who are or were insiders.

4. Suits and administrative proceedings, executions,
   garnishments, and attachments.

NONE  a. List all suits and administrative proceedings to which the
| |   debtor is or was a party within one year immediately preceding the
      filing of this bankruptcy case.

      Lawsuits involving non-creditors:
      **1. G. Ware Travelstead v. Edythe M. Travelstead pending in the
      Stamford-Norwalk Judicial District at Stamford, CT Superior
      Court, Docket No. FA-93-0132726-S.  All documents in this case
      are sealed.**



2. G. Ware Travelstead v. David Solomon. Duker & Barrett was counsel for this case, and have probably withdrawn. A motion for summary was filed 12-2-95 in the Supreme Court for the State of NY, County of NY, #95-600521.

3. Eduardo Canet v. G. Ware Travelstead. U.S. Dist. Court for the Eastern Dist. of NY, #89 Civ. 2610.

4. Bobian v. Madisonstead/G.Ware Travelstead. U.S. Dist. Court for the Southern Dist. of New York, #128628/93. Debtor has Indemnity Agreement from First Boston.

5. Duker & Barrett v. G. Ware Travelstead and Virginia L. Kowalsky. U.S. Dist. Court for the Southern Dist. of N.Y., #96 Civ. 1435. Judgment granted to Plaintiff.

6. Timothy E. Wyman v. G. Ware Travelstead in Cir. Court for AA Co.MD C9627780 CJ. Plaintiff filed Notice of Foreign Judgment in NC, file #96 CVS-170.

---

NONE |X| b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

---

5. Repossessions, foreclosures, and returns.

NONE |X| List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

---

6. Assignments and receiverships.

NONE |X| a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.

NONE | | b. List all property which has been in the hands of a custodian, receiver or court-appointed official within one year immediately preceding the commencement of this case.

Previously owned property:
Approximately $1,800,000 is being held in escrow in Connecticut awaiting a ruling in the Debtor's pending domestic proceeding. Additionally, jewelry and proceeds from the sale of jewelry having a total value of approximately $300,000 is being held by Christie's in New York pending a ruling in the Connecticut domestic proceedings.

**7. Gifts.**

NONE |X| List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

**8. Losses.**

NONE |X| List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.

**9. Payments related to debt counseling or bankruptcy.**

NONE | | List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Other:
**$50,000 was paid to Whiteford, Taylor & Preston, L.L.P. on May 30, 1996.**

**10. Other transfers.**

NONE | | List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.

**Jewelry belonging to the Debtor was delivered to Christie's in New York to be sold at auction. The proceeds from that sale and certain jewelry is being held by Christie's subject to a ruling by the Connecticut Superior Court in the Debtor's domestic proceedings.**

**11. Closed financial accounts.**

NONE |X| List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.

12. Safe deposit boxes.

NONE    List each safe deposit box or other box or depository in which the
| |     debtor has or had securities, cash, or other valuables within one
        year immediately preceding the commencement of this case.

        **The Debtor maintains a safe deposit box in the Hotel Arts in
        Barcelona, Spain.**

13. Setoffs.

NONE    List all setoffs made by any creditor, including a bank, against a
|X|     debt or deposit of the debtor within 90 days preceding the
        commencement of this case.

14. Property held for another person.

NONE    List all property owned by another person that the debtor holds or
|X|     controls.

15. Prior address of debtor.

NONE    If the debtor has moved within the two years immediately preceding
|X|     the commencement of this case, list all premises which the debtor
        occupied during that period and vacated prior to the commencement
        of this case.

16. Nature, location, and name of business.

NONE    a. For individuals, list the names and addresses of all businesses
| |     in which the debtor was an officer, director, partner, or managing
        executive of a corporation, partnership, sole proprietorship, or
        was a self-employed professional within the two years immediately
        preceding the commencement of this case, or in which the debtor
        owned 5 percent or more of the voting or equity securities within
        the two years immediately preceding the commencement of this case.

        Other businesses:
        **1. Debtor is the owner of approximately 95% of stock of Total
        Concepts, Inc. and is also an officer and director.**

        **2. Debtor is the owner of approximately 42% of stock of Xpres
        Corporation and is also a director.**

**3. Debtor is the owner of 100% of stock of The Travelstead Group, Inc. and is also chairman of the board and a director.**

**4. Debtor owns 100% of Travelstead Barcelona Limited Partnership and is its managing partner.**

**5. Debtor owns 100% of The Travelstead Group Spain and is president and a director.**

**6. Debtor owns 88% of Madison Stead Associates.**

**7. Debtor owns a 51% interest in Fepate, a Spanish Corporation, which has the Planet Hollywood franchise rights in Spain, and is also the managing director.**

**8. Debtor owns 50% of Landra, a Madira corporation, and is its managing director.**

**9. Debtor owns a 38% interest and is the CEO of the Planet Hollywood in Barcelona, Spain.**

---

NONE  b. If the debtor is a partnership, list the names and addresses of
|X|   all businesses in which the debtor was a partner or owned 5
      percent or more of the voting securities, within the two years
      immediately preceding the commencement of this case.

---

NONE  c. If the debtor is a corporation, list the names and addresses of
|X|   all businesses in which the debtor was a partner or owned 5
      percent or more of the voting securities, within the two years
      immediately preceding the commencement of this case.

---

17. Books, records, and financial statements.

NONE  a. List all bookkeepers and accountants who within the six years
| |   immediately preceding the filing of this bankruptcy case kept or
      supervised the keeping of books of account and records of the
      debtor.

      **Stacey Boyd and Virginia Ramirez have kept the Debtor's books of account and records.**

---

NONE  b. List all firms or individuals who within the two years
| |   immediately preceding the filing of this bankruptcy case have
      audited the books of account and records, or prepared a financial
      statement of the debtor.

Page 5

**Larry Kamanitz and Kamanitz & Uhlfelder have been the Debtor's accountants.**

NONE | c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.

**Stacey Boyd and Virginia Ramirez.**

NONE | d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

**The Debtor issued a financial statement in his domestic proceeding in Connecticut Superior Court in November 1994. A financial statement was given to Timothy Wyman by the Debtor in October 1995. The Debtor may have given a financial statement to Bankwest in Perth, Australia in April 1995.**

18. Inventories.

NONE |X| a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

NONE |X| b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

19. Current Partners, Officers, Directors, and Shareholders.

NONE |X| a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NONE |X| b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

In re **Travelstead, G. Ware**                                    96-5-4979-SD
     Debtor                                                Case No. (if known)


         20. Former partners, officers, directors, and shareholders.

NONE   a. If the debtor is a partnership, list each member who withdrew
|X|    from the partnership within one year immediately preceding the
        commencement of this case.

---

NONE   b. If the debtor is a corporation, list all officers or directors
|X|    whose relationship with the corporation terminated within one
        year immediately preceding the commencement of this case.

---

        21. Withdrawals from a partnership or distributions by a
            corporation.

NONE   If the debtor is a partnership or corporation, list all
|X|    withdrawals or distributions credited or given to an insider,
        including compensation in any form, bonuses, loans, stock
        redemptions, options exercised and any other perquisite during one
        year immediately preceding the commencement of this case.

(The penalty for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. secs. 152 and 3571.)

## DECLARATION

I, **G. Ware Travelstead**, named as the debtor in this case, declare under penalty of perjury that I have read the foregoing **Statement of Financial Affairs**, consisting of 8 sheets (including this declaration), and that it is true and correct to the best of my information and belief.

Signature: _____  Date: July 8, 1996
**G. Ware Travelstead**