IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD** | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### LIQUIDATING AGENT'S RESPONSE TO
### EXPEDITED MOTION TO COMPEL LIQUIDATING AGENT
### TO PAY APPROVED FEES OF SPECIAL COUNSEL

Joel I. Sher, Liquidating Agent ("Liquidating Agent"), files this response to the Debtor's Expedited Motion to Compel Liquidating Agent to Pay Approved Fees of Special Counsel (the "Motion") and, in support thereof, states:

1. On December 31, 1997, the Court entered its Order approving Debtor's Modified Fifth Amended Disclosure Statement and Confirming Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Confirmation Order"). Entered simultaneously with the Confirmation Order was this Court's Order appointing Joel I. Sher as Liquidating Agent.

2. Pursuant to the Plan, the Liquidating Agent has, from time to time, liquidated assets of the Debtor and deposited the proceeds of those assets in a disbursement account under his control. When significant funds have been available, the Liquidating Agent has made distributions on account of allowed administrative claims. Additionally, with available funds, the Liquidating Agent has made a distribution of approximately 50% of the allowed amounts to general unsecured creditors.

3. Pursuant to Section 5.7 of the Plan, the Liquidating Agent has also established a reserve account, which at present is in the approximate amount of $550,000 for the satisfaction of income tax claims, if any, which may have resulted from the Liquidating Agent's earlier disposition of the Blockless assets.

4. As the Debtor correctly noted in his recently filed Supplemental Opposition of Debtor to Cross Application of Eduardo Canet for Distribution to Creditors (the "Supplemental Opposition"), the Plan requires the Liquidating Agent to satisfy administrative claims before making a distribution to unsecured creditors.

5. The Liquidating Agent is also directed to reserve sufficient funds to satisfy the requirements of the Plan. *See* Plan at Section 4.4; which provides that "whenever the Plan requires payment in full of a particular class of claims, including administrative expenses, as a prerequisite to the payment of another class of claims, Liquidating Agent may satisfy such condition by reserving the face amount by the holders of such claim for distribution if required at a later date."

6. In order to free up sufficient cash to continue making distributions pursuant to the Plan, the Liquidating Agent also filed a Motion to Determine And Pay Debtor's Income Tax Obligations for 1999 (the "Tax Motion"). As set forth in the Tax Motion, the Debtor has provided the Liquidating Agent with a draft of his federal tax return for calendar year 1999 which indicates that the Debtor's federal income tax liability for that year (the year of the Blockless transaction) is $53,760. If the Debtor's assertion is correct, the Liquidating Agent will have approximately $500,000 of additional funds (which are now restricted pursuant to a prior order of this Court and held in a reserve account) to pay administrative and unsecured

creditor's claims. However, until such time as the Tax Motion is resolved these funds must be held in reserve.

7. In November 2002, Debtor's counsel ("WTP") requested the Liquidating Agent to satisfy its approved administrative fees and expenses which, at that time, were in the aggregate approximate amount of $131,000.

8. In response to WTP's request, the Liquidating Agent made a pro-rata distribution of $90,000 to holders of allowed administrative claims. However, and, most importantly, no sums were held back for the benefit of the Liquidating Agent or his law firm. The Liquidating Agent explained his rationale for the pro-rata distribution in a letter of December 2, 2002 addressed to WTP, a copy of which is attached hereto as Exhibit A.

9. In addition to the payment to WTP, the Liquidating Agent made payments to Penta Advisory Services, Grant Thorton LLP and Alfonso Martinez-Almeida (the Debtor's counsel whose actions gave rise to the Motion). Notably, the Liquidating Agent paid Mr. Martinez-Almeida an approximate 39% distribution on his allowed fees of $23,300. Collectively attached hereto as Exhibit B are transmittal letters to each of the foregoing professionals setting forth the amount of their pro-rata distribution and advising them that further distributions would be made once the Liquidating Agent generated sufficient funds to make such a distribution from liquidating other estate assets. Thus, the Liquidating Agent made all counsel fully aware of the foregoing facts and the Liquidating Agent's belief that he does not have the present authority or ability to make further distributions, at this time, on account of allowed administrative claims (or any other claims).

10. At present the Liquidating Agent is holding unrestricted cash in the approximate amount of $75,000. Of this amount, approximately $55,000 represents profits

from the parking garage in Barcelona, Spain, which the Liquidating Agent has reserved to pay the outstanding legal fees of Javier Selva, Esquire, the Debtor's criminal counsel in Barcelona (absent the services of Mr. Selva, there would still be a cloud over the Debtor's interests in those parking spaces and thus the Liquidating Agent believes that the profits from those spaces should be used, in part, to satisfy Mr. Selva's fees.) The remaining $20,000 is being reserved by the Liquidating Agent to meet ongoing expenses, such as storage charges.

11. Inexplicably, Mr. Martinez-Almeida has attempted to bully Debtor's counsel and now the Liquidating Agent into changing his clearly stated position regarding current distributions.

12. The Liquidating Agent has spoken with Mr. Martinez-Almeida and advised him of his inability to make further payments and the rationale therefor. Mr. Martinez-Almeida originally advised the Liquidating Agent that, because of his failure to be paid in full, he would be filing one or more grievances against Mr. Oestreicher. Now, interestingly, as a result of the allegations in the Motion, Mr. Martinez-Almeida has advised the Liquidating Agent that he will be filing a grievance not against Mr. Oestreicher, but against the Liquidating Agent.

13. The Liquidating Agent believes that his own decisions are sound, correct and made according to his duties as Liquidating Agent and the discretion granted him under the Plan. Indeed, the Liquidating Agent believes it would be wrong to make further payments at this time to Mr. Martinez-Almeida simply to avoid being subject to his complaints. Notwithstanding the foregoing, the Liquidating Agent will continue to consult with all counsel and he reserves the right to make further distributions as circumstances change.

14. For the foregoing reasons, the Liquidating Agent believes that the Motion should be denied and that the Court should leave to the Liquidating Agent, the discretion granted to him under the Plan.

WHEREFORE, for the foregoing reasons, Joel I. Sher, Liquidating Agent, respectfully requests this Court to deny the Debtor's Expedited Motion to Compel Liquidating Agent to Pay Approved Fees of Special Counsel and for such other and further relief as is just.

/s/ Joel I. Sher
Joel I. Sher, Bar No. 00719
Richard M. Goldberg, Bar No. 07994

Shapiro Sher Guinot & Sandler
36 South Charles Street
Suite 2000
Baltimore, Maryland 21201
(410) 385-0202

Attorneys for Liquidating Agent