IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| G. WARE TRAVELSTEAD, | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF MOTION OF LIQUIDATING AGENT FOR AUTHORITY TO SELL INTERESTS IN OR ASSETS OF HINSUA BARCELONA, S.L. <u>FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES</u>

**TO ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on this date, Joel I. Sher, the Liquidating Agent for the bankruptcy estate of G. Ware Travelstead (the "Liquidating Agent") filed a Motion for Authority to Sell Interests in or Assets of Hinsua Barcelona, S.L., Free and Clear of Liens, Claims and Encumbrances (the "Motion").

By the Motion, the Liquidating Agent seeks to sell all of the Debtor's right, title and legal and beneficial interest in Hinsua Barcelona S.L. ("Hinsua") pursuant to a Letter of Intent dated April 29, 2003 with BCN 2001, S.L., a Spanish corporation ("BCN"). Hinsua is one of the last remaining substantial known assets of the Debtor. Hinsua is the owner of certain interests and/or government concessions representing 116 parking spaces located on the ocean front in Barcelona, Spain. The Letter of Intent, provides, *inter alia*, that BCN will purchase from the Liquidating Agent the 116 parking spaces (the "Hinsua Spaces"), or the stock of Hinsua (the "Stock"), subject to the conditions set forth in the Letter of Intent.

In the event of a transfer of the Hinsua Spaces, BCN shall pay to the Liquidating Agent at closing a cash purchase price of One Million One Hundred Sixty Thousand Euros (1.160.000 Euros). In the event of a transfer of the Stock, BCN shall pay to the Liquidating Agent at closing a cash purchase price of One Million Eighty Thousand Euros (1.080.000 Euros), each subject to normal adjustments as are customary in similar transactions.

BCN shall also pay a deposit of Fifty Eight Thousand Euros (58.000 Euros) in escrow to a person mutually acceptable to the parties at the time of execution of a definitive agreement.

The Letter of Intent also provides that the Liquidating Agent and BCN mutually agree to negotiate in good faith the final structure of the transaction as either a transfer of the Stock or the Hinsua Spaces, taking into account international and national financial, corporate and tax concerns. The decision as to the structure must maximize the funds which the Liquidating

Agent will have available to pay Debtor's creditors (after taking into account the tax liabilities arising from the Transaction).

The Letter of Intent contains certain conditions, including, *inter alia*, the following summarized conditions precedent:

    A.    Negotiation and execution of the Agreement with terms, provisions and conditions mutually acceptable to the Liquidating Agent and BCN.

    B.    Entry of one or more orders by the Bankruptcy Court authorizing the Liquidating Agent to take all steps necessary to consummate the Transaction.

    C.    BCN's receipt of evidence, satisfactory to BCN, that the Liquidating Agent has the authority to transfer all of the Stock or the Hinsua Spaces.

    D.    At Closing, (i) repayment of the outstanding loans to the secured creditor, Banc Sabedell (using proceeds from the Purchase Price), which loans are secured by the Hinsua Spaces, the aggregate amount of such loans being approximately 127.000 Euros on the date of the Letter of Intent, or (ii) a reduction of the Purchase Price in an amount equal to the aggregate amount of such loans as of the date of Closing, as mutually agreed by the parties.

    E.    Receipt of all necessary consents or approvals for the Transaction.

    F.    Appropriate confirmation as to compliance with representations, warranties and covenants at the Closing of the Transaction, as are customary in similar transactions.

The Letter of Intent will not be binding until such time as:

    A.    Formal documents are prepared and settled by the respective advisors and executed by the parties to the Letter of Intent; and

    B.    The terms of the transaction are approved by an order of the Bankruptcy Court.

The closing of the transaction as contemplated in the Letter of Intent shall be no later than July 30, 2003. The foregoing is a summary of the terms of the April 29, 2003 Letter of Intent. In the event of any conflict between this notice and the Letter of Intent or the Motion, the Letter of Intent and the Motion shall govern the transaction. The Letter of Intent and the Motion may be inspected at the Clerk's Office, United States Bankruptcy Court, 8th Floor, 101 West Lombard Street, Baltimore, Maryland 21201.

NOTICE IS FURTHER GIVEN that objections, if any, must be filed with the Clerk of the Bankruptcy Court, 8th Floor, 101 West Lombard Street, Baltimore, Maryland 21201, and served upon the undersigned counsel within twenty (20) days of the date of this Notice. If objections are filed, they must contain a complete specification of the grounds upon which the objection is based. **A hearing on the Motion, or such higher and better offer as may be presented to the Liquidating Agent, has been scheduled for Friday, June 6, 2003, at 11:30 a.m. in Courtroom 9-C.** If no objection is filed, the Court may approve the Motion without further notice.

Parties-in-interest desiring further information should contact the undersigned.

Dated:  May 7, 2003

/s/     Joel I. Sher
Joel I. Sher, Bar No. 00719
Richard M. Goldberg, Bar No. 07994

Shapiro Sher Guinot & Sandler
36 South Charles Street
Twentieth Floor
Baltimore, MD 21201-3147
(410) 385-0202

*Counsel for Joel I. Sher, Liquidating Agent*

acl/travelstead/hinsua.notice
46322.001