IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | * |
| G. WARE TRAVELSTEAD | * Case No: 96-5-4979-SD |
| Debtor | * Chapter 11 |

\* \* \* \* \* \* \* \* \* \* \*

**DEBTOR'S JOINDER TO LIQUIDATING AGENT'S**
**MOTION TO DETERMINE TAX LIABILITY**

G. Ware Travelstead (the "Debtor"), by his attorneys, hereby joins as a co-movant the Motion of Liquidating Agent to Determine and Pay Debtor's Income Tax Obligations for 1999 (the "Tax Motion"), and in support thereof states as follows:

1.  On December 31, 1997, the Court entered an Order Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan"). Pursuant to the provisions of the Plan, on December 31, 1997, Joel I. Sher was appointed Liquidating Agent (the "Liquidating Agent"). Pursuant to the Plan, the Debtor and/or Liquidating Agent may undertake various actions in the implementation of the Plan, and over the course of time have proceeded accordingly.

2.  By Order entered on December 28, 1998, the Court approved the sale of the Debtor's interest in Blockless Investments, B.V. (the "Blockless Sale") that resulted in proceeds in the amount of $6,500,000 ("Blockless Proceeds"), which funds were remitted to the possession of the Liquidating Agent. The tax issues relating to the Blockless Sale were of significance to all creditors and parties-in-interest and, consequently, shortly after the closing the

Liquidating Agent began coordinating with the Debtor and the estate's accountants in an effort to establish the tax liability to be paid from the Blockless Proceeds.

3. Of significance was the Liquidating Agent's desire to ensure that the correct amount of taxes were ultimately paid, and he communicated this to the principal parties in this case. A copy of the Liquidating Agent's letter to the parties dated July 19, 1999, is attached hereto and incorporated herein by reference as ***Exhibit 1***. Notably, and justifiably, the Liquidating Agent was deeply concerned that the complexity of the tax issues left the determination of the proper tax liability problematical. In this regard, as far back as July 1999, the Liquidating Agent had suggested that a Court determination of the ultimate tax liability under section 505 of the Bankruptcy Code be pursued.

4. As a result, and at the request of the Liquidating Agent and with the support of the Debtor, the Court determined that the Liquidating Agent should set aside and hold in escrow the sum of $500,000 from the Blockless Proceeds, pursuant to section 5.7 of the Plan, for the purpose of satisfying the income tax obligations resulting from the Blockless Sale (the "Tax Funds"). Accordingly, and by its Order Granting the Liquidating Agent's Cross-Motion for Authority to make Distribution entered on December 23, 1999, the Court directed that the Tax Funds be maintained in a segregated account for payment of the income taxes relating to the Blockless Sale.

5. Thereafter, the Liquidating Agent requested the estate's accountants to prepare draft tax returns to address the Blockless Sale, and once completed the tax returns were reviewed by the Debtor and Liquidating Agent. Following his review, the Debtor was concerned that the

tax liability determined by the estate's accountants may not be accepted by the IRS and the Liquidating Agent concurred.

6.  Accordingly, following his consultation with the Debtor, on or about September 26, 2002, the Liquidating Agent sought to have the tax liability for the Blockless Sale determined and fixed by the Court and filed the Tax Motion, pursuant to section 505 (a) of the Bankruptcy Code, a copy of which is attached hereto and incorporated herein by reference as *Exhibit 2*. Not surprisingly, the Internal Revenue Service (the "IRS") has objected to the Tax Motion on various grounds, including most significantly that the tax liability may well exceed the amount suggested by the Liquidating Agent or even the amount of the segregated Tax Funds.

7.  Since the filing of the Tax Motion, the Liquidating Agent has communicated to the Debtor his desire that the Debtor and his counsel actively participate with him in this contested matter. In addition, both the Debtor and the Liquidating Agent each have an interest in the outcome of the Tax Motion as their rights will be directly affected by the resolution of this contested matter. Accordingly, it is most appropriate for the Debtor to participate as a party to this contested matter[1].

8.  Therefore, by this Motion the Debtor joins as a co-movant with the Liquidating Agent in the Tax Motion and requests that the Court determine the tax obligations arising from the Blockless Sale pursuant to section 505 of the Bankruptcy Code.

---

[1] In this regard, and at the request of the Liquidating Agent, the Debtor's counsel has been working with the United States Attorney to develop a proper vehicle for a potential settlement of the Tax Motion, which is currently stayed pending such efforts.

**WHEREFORE**, G. Ware Travelstead hereby joins as a co-movant in the Tax Motion, and seeks such other and further relief as may be just and proper.

*[signature]*

Paul M. Nussbaum, Bar No. 04394
Cameron J. Macdonald, Bar No. 25362
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland 21202
(410) 347-8794

*Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I certify that on this 30th day of April, 2003, a copy of the Debtor's Joinder to Liquidating Agent's Motion to Determine Tax Liability was mailed first class, postage prepaid to:

>Office of the U.S. Trustee
>Marsh & McLennan Building
>300 West Pratt Street, Suite 350
>Baltimore, Maryland 21201
>
>Joel I. Sher, Esquire, Liquidating Agent
>Shapiro Sher Guinot & Sandler
>2000 Charles Center South
>36 South Charles Street
>Baltimore, Maryland 21201
>
>Bradley C. Plovan, Esquire
>Special Assistant United States Attorney
>Internal Revenue Service
>31 Hopkins Plaza – Room 1300
>Baltimore, Maryland 21201

Cameron J. Macdonald

*1482195*

# Exhibit 1



SHAPIRO AND OLANDER

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
TWENTIETH FLOOR
36 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-3147
410-385-0202
FACSIMILE: 410-385-1216

JOEL I. SHER
E-mail:jis@sando.com

July 19, 1999

**VIA FACSIMILE**

Paul M. Nussbaum, Esquire
Whiteford, Taylor & Preston, L.L.P.
7 Saint Paul Street, Suite 1400
Baltimore, Maryland 21202-1626

Robert C. Schenfeld, Esquire
Milbank, Tweed, Hadley & McCloy
1 Chase Manhattan Plaza
New York, N.Y. 1005-1413

Lawrence J. Yumkas, Esquire
Rosenberg Proutt Funk & Greenberg, LLP
25 S. Charles Street, 21st Floor
Batlimore, MD 21201-3324

Re: G. Ware Travelstead

Gentlemen:

As you know, I am currently holding the approximate sum of $6,500,000.00 representing the cash proceeds of the sale of Ware Travelstead's interest in Blockless Investments, B.V. Of that amount, the Court has ruled that Patrick Donnelly is entitled to approximately $2,100,000.00, although that ruling is on appeal. Each of you has requested I make an immediate distribution of a portion of the proceeds notwithstanding that the claims of Mr. Donnelly are on appeal. Your rationale for immediate distribution is understandable. While interest is accruing on the money I am holding, the Travelstead Plan requires that creditors are to receive an interest component in addition to the principal amount of their allowed claim. As such, it is in everyone's best interest to ensure an expeditious distribution.

As I have informed you, I would, as a threshold matter, be willing to make a distribution, notwithstanding the appeal, provided that such distribution occurred after notice and hearing and upon motion to the Bankruptcy Court. However, as I further informed you and as required by applicable law and the Plan, an amount must be reserved from the cash proceeds for the payment of taxes which accrued as a result of the transaction. In the last several weeks I have had discussions with Mr. Travelstead's accountants who have been able to provide me with a "projection" of estimated taxes.



SHAPIRO AND OLANDER

Paul M. Nussbaum, Esq.
Robert C. Schenfeld, Esq.
Lawrence J. Yumkas, Esq.
July 19, 1999
Page 2

Based on a number of assumptions, they now estimate that approximately $450,000 may be due as a result of this transaction. However, that estimation is based on a number of assumptions which have not yet been tested, as well as their proffer that estimated 1998 activity will make available NOL carry forwards in the approximate amount of $2.6 million dollars, as well as certain estimated taxable income for 1999. Unfortunately, Mr. Travelstead has not yet filed his 1998 tax return and therefore there can be no absolute assurance that those NOL carry forwards will be available. Moreover, I have been advised that Mr. Travelstead has yet to receive all of his K-1s for 1998 and therefore it is impossible for him to file his 1998 return as of this time. For this and other reasons which I need not go into at this time, Mr. Travelstead's accountants have similarly rejected my suggestion that they file their 1998 returns immediately and seek a prompt assessment as allowable under Section 505 of the Bankruptcy Code. Rather they have suggested that I simply accept their estimates and create a reserve based thereon. In essence, they have unwittingly suggested that the risk of this matter be transferred from Travelstead to myself. This is unacceptable.

This matter is further complicated by 31 U.S.C. § 3713(d) which on its face may be construed to make me liable for taxes to the extent I pay any debts of Mr. Travelstead before paying the claims of the government. Accordingly, I am faced with a Hobsons choice. On one hand I can make an immediate distribution (subject to the other conditions set forth above) and thereafter face potential liability for unpaid taxes if the reserve is inappropriate. Alternatively, I can reserve an amount which would be the maximum amount which could be chargeable as a result of the sale (assuming no NOLs and no basis) and thereafter make a distribution based on such nominal sums which would be available thereafter. Either choice is not acceptable and unfairly transfers the entire risk of this situation to me.

I have also read Section 5.7 of the Plan to see if it provides us with any comfort. As set forth in Section 5.7 of the Plan, prior to the entry of confirmation, Mr. Travelstead and I were to have agreed upon a formula for the payment of his tax liabilities from the sale of assets. That was not done. Arguably however, we can still avail ourselves of the Court's jurisdiction in the event we can not agree on a reserve for those taxes.



SHAPIRO AND OLANDER

Paul M. Nussbaum, Esq.
Robert C. Schenfeld, Esq.
Lawrence J. Yumkas, Esq.
July 19, 1999
Page 3

      I invite an immediate conference call so we can attempt to agree on a mutual resolution of this dilemma. Such resolution will not entail the shifting of any risk whatsoever to me for the payment of Mr. Travestead's taxes.

                                        Very truly yours,

                                        Joel I. Sher

008dw690.ltr—46322.001

# Exhibit 2

**COPY**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

In re:                                    *

G. WARE TRAVELSTEAD         *       Case No. 96-5-4979-SD
                                                    (Chapter 11)
    Debtor.                              *

*   *   *   *   *   *   *   *   *   *   *   *   *

### MOTION OF LIQUIDATING AGENT TO DETERMINE AND
### PAY DEBTOR'S INCOME TAX OBLIGATIONS FOR 1999

Joel I. Sher, Liquidating Agent moves pursuant to 11 USC § 505(a) for entry of an order determining the Debtor's federal income tax obligations for calendar year 1999 and authorizing the Liquidating Agent to pay such obligations and, in support thereof states:

1. By Order of this Court entered December 31, 1997, the Debtor's Fourth Amended Plan of Reorganization (the "Plan") was confirmed. By separate Order entered the same date, Joel I. Sher was appointed Liquidating Agent (the "Liquidating Agent") pursuant to the terms of the Plan. Pursuant to Section 6.5 (a) of the Plan, the Liquidating Agent has all of the rights and powers of a trustee.

2. By subsequent Order entered December 28, 1998 (the "Blockless Order"), the Liquidating Agent was granted authority to, *inter alia*, sell all of the Debtor's interest in Blockless Investments, B.V. ("Blockless") free and clear of liens, claims and encumbrances to Gibson Investment Limited. On or about March 2, 1999, the Liquidating Agent consummated the sale of the Debtor's interest in Blockless to Gibson Investment Limited, and received the net sum of US$6,500,000.00 in partial consideration for said sale.

3. As set forth in Section 5.7 of the Plan, upon the sale of any of the Debtor's assets, the Liquidating Agent is obligated to deliver the net proceeds of such sale into his

Disbursing Account, less an estimated reserve for income taxes incurred as a result of any such transaction. After consummation of the Blockless sale, the Liquidating Agent consulted with the Debtor's accountants, Grant Thornton, to determine the amount, if any, of income tax liability the Debtor would incur as a result of the Blockless transaction. It was Grant Thornton's opinion at that time that the Debtor's income tax obligation arising from the Blockless transaction would be in the approximate amount of $500,000.00.

4. Thereafter, the Liquidating Agent sought authority to make a partial distribution to creditors and establish a reserve for taxes. On December 23, 1999, the Court entered an Order Granting The Liquidating Agent's Cross-Motion For Authority To Make Distribution (the "Distribution Order").

5. Pursuant to the terms of the Distribution Order, the Liquidating Agent was directed to:

> ... establish a reserve for the payment of taxes, if any, which might arise as a result of the disposition of the Debtor's interest in Blockless Investments, B.V., by placing into a segregated account $500,000.00 of the proceeds of the sale of the Debtor's interest in Blockless Investments, B.V., without prejudice to the rights of a party in interest to object timely to the responsibility of the estate for such taxes ...

The Distribution Order further provides that:

> The Liquidating Agent shall have no responsibility whatsoever, for the filing of any tax returns by or on behalf of the Debtor, or any liability whatsoever for the payment of any taxes incurred as a result of the sale of the Debtor's interest in Blockless Investments, B.V. ....

6. As required by the Distribution Order, the Liquidating Agent deposited $500,000.00 of the Blockless proceeds in a segregated, interest bearing account. As of the date of this motion, that segregated account contains the approximate sum of $556,000.00 (the "Segregated Account").

7. Grant Thornton recently completed the Debtor's 1999 federal income tax returns and provided them to the Debtor and the Liquidating Agent. Based on that return, it appears that the Debtor's total income tax liability for 1999 is in the approximate amount of $53,761.00, inclusive of penalties of approximately $21,000 and tax obligations of approximately $32,000.00.[1]

8. Grant Thornton also advised the Liquidating Agent that substantially all of the tax obligations for 1999 are occasioned by the disposition of the Debtor's interest in Blockless.

9. The Debtor now needs to file his 1999 tax return along with payment of the tax obligation set forth above. However, the Liquidating Agent cannot pay this tax obligation without an order of Court "breaking" the Segregated Account. Moreover, in order to administer this estate, the Liquidating Agent must have certainty that upon payment of the amounts determined herein, the estate's obligations for payment of taxes resulting from the Blockless transaction are satisfied. Thus, the Liquidating Agent requires the relief requested herein in order to resolve this circuitous problem.

10. Cause exists for dissolution of the Segregated Account and immediate payment of the 1999 tax obligation after the Court determines the tax obligation as provided herein, because, *inter alia*, payment of the obligation will (i) reduce any further penalties which may accrue against the Debtor and/or the estate, (ii) satisfy the intent of the Plan to pay the Debtor's tax obligations arising from the sale of Blockless, (iii) release approximately $500,000.00 from the Segregated Account for the payment of claims against

---

[1] The Liquidating Agent assumes that this amount will increase as penalties continue to accrue on said obligation. A review of the Debtor's state income tax return reveals no obligations due. The Liquidating Agent

3

the estate pursuant to the terms of the Plan, and (iv) provide creditors and the Liquidating Agent with the certainty they require.

11. Section 505(a) of the Bankruptcy Code provides:

> ...the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction....

12. In this instance the Court must determine the Debtor's 1999 tax liability in order to insure the certainty of funds available for distribution to all creditors. Absent an immediate and orderly resolution of this issue, the Liquidating Agent will not know when and if this tax liability has been determined and, therefore, he will be required to maintain the Segregated Account for an extended period of time. The delay that may occur, absent the relief sought herein, is antithetical to expeditious resolution of this estate.

WHEREFORE, for the foregoing reason, the Liquidating Agent respectfully requests this Honorable Court for the passage of an Order:

A. Determining the Debtor's federal income tax liability for calendar year 1999, to be in the amount of $53,760.00, plus such additional amounts of interest or penalties as may accrue thereon from September 26, 2002;

B. Authorizing the Liquidating Agent to pay to the Internal Revenue Service the Debtor's federal income tax liabilities for calendar year 1999, in the amount of $53,760.00, plus such additional amounts of interest or penalties as may accrue thereon from September 26, 2002;

---

reserves the right to alter or amend this motion if further or different information is obtained from Grant Thornton.

4

C. Authorizing the Liquidating Agent to transfer the remaining portion of the Segregated Account into the Disbursing Account maintained by the Trustee, for the payment of all claims against the estate pursuant to the terms of the Plan; and

D. For such other and further relief as is just and proper.

*[signature]*

Joel L Sher
Bar No. 00719

Shapiro Sher Guinot & Sandler
Suite 2000
36 South Charles Street
Baltimore, MD 21201-3147
(410) 385-0202
(410) 385-1216 (fax)

Attorneys for Liquidating Agent

008js796.mot

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September, 2002, a true and correct copy of the foregoing has been served via first class mail, postage prepaid, upon the persons listed below.

Paul M. Nussbaum, Esquire
Whiteford, Taylor & Preston, L.L.P.
Suite 1400
7 Saint Paul Street
Baltimore, Maryland 21202-1626

Edward T. McDermott, Esquire
Pollock & Kaminsky
114 West 47th Street
New York, NY 10036

Mark A. Neal, Esquire
Office of the U.S. Trustee
300 West Pratt Street
Suite 350
Baltimore, MD 21201

Tamera L. Fine, Esquire
Assistant US Attorney
101 West Lombard Street
6675 United States Courthouse
Baltimore, MD 21201

Richard Russell
Internal Revenue Service
31 Hopkins Plaza, Suite 1120
Baltimore, MD 21201

_____
Joel I. Sher

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:                              *

**G. WARE TRAVELSTEAD**              *        Case No. 96-5-4979-SD
                                              (Chapter 11)
    Debtor.                          *

*    *    *    *    *    *    *    *    *    *    *    *    *

### ORDER GRANTING LIQUIDATING AGENT'S MOTION TO
### PAY DEBTOR'S INCOME TAX OBLIGATIONS FOR 1999

Upon consideration of the Motion of Liquidating Agent to Pay Debtor's Income Tax Obligations For 1999 (the "Motion") and all responses and objections filed thereto, and the Court finding that cause exists for the passage of an Order granting the Motion, it is therefore, this _____ day of _____, 2002, by the United States Bankruptcy Court for the District of Maryland

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Debtor's federal income tax liability for calendar year 1999, is determined and allowed in the amount of $53,760.00, plus such additional amounts of interest or penalties as may accrue thereon from September 26, 2002; and it is further

ORDERED, that the Liquidating Agent, Joel I. Sher, is hereby authorized to pay to the Internal Revenue Service from the Segregated Account (as defined in the Motion) the Debtor's federal income tax liabilities for calendar year 1999, in the amount of $53,760.00, plus such additional amounts of interest or penalties as may accrue thereon from September 26, 2002 (the "Tax Obligation"); and it is further

ORDERED, that after payment of the Tax Obligation, the balance of all funds held in the Segregated Account may be transferred by the Liquidating Agent into the Disbursing

Account maintained by the Liquidating Agent to be distributed pursuant to the terms of the Plan; and it is further

ORDERED, that the Liquidating Agent shall have no responsibility whatsoever for the filing of any tax returns on behalf of the Debtor, or any liability whatsoever for the payment of any taxes incurred as a result of the sale of the Debtor's interest in Blockless Investments, B.V.; and it is further

ORDERED, that upon payment of said tax obligation set forth herein, all obligations if any of the estate for tax claims arising out of the disposition of the Debtor's interest in Blockless Investments, B.V. shall be deemed satisfied in full.

_____
Judge, United States Bankruptcy
Court for the District of Maryland

cc:

Joel I. Sher, Esquire
Shapiro Sher Guinot & Sandler
36 S. Charles Street, Suite 2000
Baltimore, MD 21201

Paul M. Nussbaum, Esquire
Whiteford, Taylor & Preston, L.L.P.
Suite 1400
7 Saint Paul Street
Baltimore, Maryland 21202-1626

Edward T. McDermott, Esquire
Pollock & Kaminsky
114 West 47th Street
New York, NY 10036

Mark A. Neal, Esquire
Office of the U.S. Trustee
300 West Pratt Street
Suite 350
Baltimore, MD 21201

Tamera L. Fine, Esquire
Assistant US Attorney
101 West Lombard Street
6675 United States Courthouse
Baltimore, MD 21201

Richard Russell
Internal Revenue Service
31 Hopkins Plaza, Suite 1120
Baltimore, MD 21201

3