IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| IN RE: | * | |
| G. WARE TRAVELSTEAD, | * | Case No. 96-5-4979-SD |
| Debtor | * | Chapter 11 |
| * * * * * * * | | |

**APPLICATION FOR PAYMENT OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED BY
<u>DE OLIVAR, SELVA & ZEGRI AS SPECIAL COUNSEL</u>**

G. Ware Travelstead, the debtor herein (the "Debtor" or "Mr. Travelstead"), respectfully files this Application for Payment of Compensation for Services Rendered and Reimbursement of Expenses Incurred by De Olivar, Selva & Zegri as Special Counsel (the "Application") pursuant to 11 U.S.C. §§ 327, 330 and 331 of the Bankruptcy Code and Fed. R. Bankr. P. 2016. De Olivar, Selva & Zegri (the "Applicant") seeks approval and payment of compensation in the amount of One Hundred Twenty One Thousand Four Hundred Ninety Nine and 42/100 European Currency Units ("Euros") (121,499.42 €) and payment in reimbursement for out-of-pocket costs and expenses incurred in the amount of Four Thousand Nine Hundred Twenty Two and 90/100 Euros (4,922.90 €)[1].

---

[1]   Invoices submitted by Applicant to the Debtor and Liquidating Agent contained amounts denominated in Euros.  At the time of filing the Application, the currency values of the Euro and the US dollar converted at a ratio of approximately .86 Euros to 1.000 US Dollar.

**I.    JURISDICTION**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157 and Local District Court Rule 402.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409.  This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

**II.    THE DEBTOR**

### Background

2.    These proceedings were commenced by the filing of a voluntary petition for relief by Mr. Travelstead on May 31, 1996 (the "Petition Date").

3.    On December 31, 1997, this Court entered an Order confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan").  Pursuant to the provisions of the Plan, on December 31, 1997, this Court also entered an Order appointing Joel I. Sher as Liquidating Agent (the "Liquidating Agent").

### Employment of Special Counsel

4.    On October 6, 1998, the Debtor filed an Emergency Application for Authority to Employ De Olivar, Selva, & Zegri as Special Counsel to provide legal services to address certain proceedings and property interests of the Debtor in Spain.  In particular, the Debtor sought to engage the services of a distinguished member of that law firm, Mr. Javier Selva.  At the Debtor's request, Mr. Selva agreed to represent the Debtor with regard to the legal proceedings pending in Spain, all as more fully set forth in the Emergency Application, for a period of one year and for a retainer fee of $20,000, to be paid in advance.  On November 10, 1998, the Court entered an Order Authorizing Employment of De Olivar, Selva, & Zegri as Special Counsel and authorized the Liquidating Agent to remit the payment of the fee in the amount of $20,000.00.

5. Subsequently, and as a result of the need for continuing legal representation for the Debtor and estate property in Spain, the Court granted the Debtors' Application for Authority to Supplement Retainer Paid to De Olivar, Selva, & Zegri as Special Counsel, authorizing the further employment of Mr. Selva and to authorize the Liquidating Agent to pay the fees of Mr. Selva and his firm for the period ending January 11, 2001, in the amount of an additional $10,500.00.

6. By this Application, Mr. Travelstead requests that the Court approve for payment the final compensation and reimbursement of expenses for Mr. Selva and his firm. Mr. Selva has provided competent and valuable services to the Debtor and estate and should be paid additional compensation for such services in the amount of 121,499.42 € and reimbursed for his out-of-pocket costs and expenses in the amount of 4,922.90 €, for a total of 126,422.32 €.

### III. THE ITEMIZATION OF SERVICES RENDERED BY THE APPLICANT

7. The billing records of Mr. Selva submitted herewith, and incorporated herein as **Exhibit 1** consist of a description of the services provided by Mr. Selva. The Debtor recognizes that much of Exhibit 1 is in Spanish and is attaching Exhibit 1 so that any interested party may review same if they so desire.

8. With the support and approval of the Debtor and the Liquidating Agent, the Applicant was requested to provide services as counsel in Spain in connection with criminal proceedings against Mr. Travelstead initiated by a creditor herein, Ray Valezquez. These proceedings had the potential effect of preventing the Debtor, the Liquidating Agent and estate from, among other things, realizing any return from valuable property interests of the Debtor in

Spain. All of the activities described in the billing records were undertaken with the supervision of the Debtor and Liquidating Agent, including a trial before the Spanish court.

## IV. THE STANDARDS FOR APPROVAL OF COMPENSATION

9. The legal standards for awarding compensation are set forth by the Bankruptcy Code. The format for fee applications is set by the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland ("Guidelines").

### A. **Legal Standard for Awarding Compensation.**

10. Under § 330(a)(1) of the Bankruptcy Code, the Court may award attorneys for the Debtor reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such attorneys based on the nature, extent and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. The Court may also award reimbursement for actual, necessary expenses.

### B. **The Official Guidelines for Fee Applications.**

11. The Guidelines for fee applications adopted by the United States Bankruptcy Court for the District of Maryland require that the fee application set forth the services rendered and charges assessed by general categories reflecting the substantive type of services performed. In this case, Mr. Selva's services were rendered in one category: defending Mr. Travelstead and his interests in the Spanish court proceedings.

## V. DESCRIPTION OF SERVICES RENDERED AND DISBURSEMENTS MADE

### A. **Services Rendered**

12. The services rendered by Mr. Selva and his firm required the full spectrum of activities associated with the defense of a criminal proceedings, including filing appropriate

4

papers with the Spanish court, investigating the facts, interviewing persons with knowledge of the relevant facts and conducting necessary legal and factual research. The Applicant also provided legal counsel to Mr. Travelstead and the Liquidating Agent through meetings and regular correspondence with Mr. Travelstead and his counsel in the United States and with the Liquidating Agent. Further, Mr. Selva personally represented Mr. Travelstead in the judicial proceedings in Barcelona, Spain that resulted in a dismissal of the criminal proceedings against Mr. Travelstead and which eliminated encumbrances and prospective charges against property in Spain.

13. Attached hereto as **Exhibit 1** is a summary of services which Mr. Selva rendered to the Debtor during the period June 1998 through February 2002.

### B. Disbursements Made

14. In connection with the criminal case, Mr. Selva incurred costs of other professionals in Spain in the aggregate amount of 4,922.42 €. The services rendered by the other professionals were critical to the successful results for Mr. Travelstead and the estate in the criminal proceedings. Attached hereto as **Exhibit 2** are invoices reflecting expenses which Mr. Selva incurred for the Debtor during the period June 1998 through February 2002.

### C. Total Services Rendered and Disbursements.

15. The total for services rendered and disbursements made are as follows:

| | |
|---|---:|
| Total Services | 121,499.42 € |
| Total Additional Costs | 4,922.90 € |
| **TOTAL** | **126,422.32 €** |

### IV. THE STANDARDS FOR APPROVAL OF COMPENSATION

16. The Debtor believes that Mr. Selva has satisfied the requirements for fee applications in this District. Further, the fees and the expenses for which Mr. Selva seeks payment are reasonable in light of this Court's decisions in re Bernard Hill, Inc., 133 B.R. 61 (Bankr. D. Md. 1991), and In re Leonard Jed, 103 B.R. 706 (Bankr. D. Md. 1989), modified 118 B.R. 339 (Bankr. D. Md. 1990). See also In re LBH Associates Limited Partnership, Case No. 87-5-2207-JS, reported at 2 4th Cir. & D.C. Bankr. Rep. 25.

17. The favorable result in the criminal proceeding allowed the Debtor to continue to assist the Liquidating Agent with his efforts to preserve assets of the estate located in Spain. The Debtor believes the Liquidating Agent will concur with the Debtor's position that the services provided and the results achieved by Mr. Selva were necessary and beneficial.

18. In summary, the Debtor respectfully submits that the services rendered by Mr. Selva and the expenses incurred in connection therewith were necessary and reasonable in view of the outcome of the criminal proceeding, which were beneficial to the Debtor's estate and property located in Spain.

### VII. CONCLUSION

19. Mr. Travelstead requests on behalf of Applicant that the fees and expenses be allowed and that the Liquidating Agent should cause payment to be made to De Olivar, Selva & Zegri in the amount of 121,499.42 € for fees and payment of expenses in the amount of 4,922.90 €. In this regard, the Debtor has conferred with the Liquidating Agent prior to the submission of this Application and has authorized the Debtor to represent that the Liquidating Agent supports the Application and payment of the fees and expenses to Mr. Selva.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order:

      a.     allowing and authorizing the payment by the Liquidating Agent of fees to De Olivar, Selva & Zegri in the amount of 121,499.42 €;

      b.     allowing and authorizing for payment by the Liquidating Agent to other professionals utilized by De Olivar, Selva & Zegri for expenses in the amount of 4,922.90 €; and

      c.     granting such other and further relief which is just and equitable.

     /s/ Paul M. Nussbaum
Paul M. Nussbaum, Bar No. 04394
Stephen F Fruin, Bar No. 08456
Cameron J. Macdonald, Bar No. 25362
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland  21202-1626
410/347-8700

Attorneys for the Debtor,
G. Ware Travelstead

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of May, 2003, a copy of the foregoing was sent by first-class mail, to the following:

>Joel I. Sher, Esquire
>Shapiro, Sher Guinot & Sandler
>36 South Charles Street, 20th Floor
>Baltimore, Maryland 21201
>
>Javier Selva Prieto
>De Olivar, Selva & Zegri
>C/. Mallorca, 314
>08037, Barcelona
>Spain
>
>Office of the U.S. Trustee
>300 West Pratt Street, Suite 350
>Baltimore, MD 21201

>__/s/ Cameron J. Macdonald_____
>Cameron J. Macdonald

*1486525*