**SO ORDERED**

**Dated June 24, 2003**



E. STEPHEN DERBY
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| G. WARE TRAVELSTEAD, | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

* * * * * * * * * * * * *

**ORDER GRANTING MOTION OF LIQUIDATING AGENT FOR AUTHORITY TO SELL INTERESTS IN OR ASSETS OF HINSUA BARCELONA, S.L. <u>FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES</u>**

WHEREAS, the Liquidating Agent filed the Motion of the Liquidating Agent For Authority to Sell Interests In Or Assets of Hinsua Barcelona, S.L. Free and Clear of Liens, Claims and Encumbrances (the "Motion")[1], and

WHEREAS, pursuant to the Motion the Liquidating Agent sought authority to sell certain assets of the Debtor pursuant to a Letter of Intent dated April 29, 2003 (the "Letter of Intent") between the Liquidating Agent and BCN 2001, S.L. ("BCN"), and

WHEREAS, the Debtor presented a competing offer pursuant to a letter from his counsel dated June 16, 2003 (the "Debtor's Offer"), and

---

[1] Capitalized terms herein not otherwise defined shall have the meanings ascribed to them in the Motion.

WHEREAS, the Court conducted a hearing on June 17, 2003 to consider the Motion (the "Hearing") at which time the Liquidating Agent and other parties-in-interest presented evidence and arguments, and

WHEREAS, at the conclusion of the Hearing the Court made certain findings of fact and conclusions of law, which findings of fact and conclusions of law are incorporated herein by reference,

**IT IS THEREFORE** by the United States Bankruptcy Court for the District of Maryland, FOUND THAT:

A. Notice of the Motion and the Hearing was properly provided by the Liquidating Agent to all creditors and parties-in-interest entitled to such notice pursuant to applicable bankruptcy laws, statutes, and rules, and no other or further notice of the Motion or Hearing is necessary;

B. The procedures followed by the Liquidating Agent in obtaining the Letter of Intent and the Debtor's Offer, and in investigating the value of the Debtor's 100% ownership interest in Hinsua Barcelona, S.L. ("Hinsua") has resulted in the highest and best offers for the assets to be sold or relinquished;

C. All requirements of Sections 363(b), (f), (k), (l) and (m) of the United States Bankruptcy Code (the "Bankruptcy Code") have been fully satisfied;

D. BCN and the Debtor have acted in good faith in connection with their respective offers and each is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code;

E.  BCN and the Debtor are hereby found to be bona fide purchasers with respect to the assets which can be conveyed or relinquished to them pursuant to the Letter of Intent or the Debtor's Offer, as the case may be;

F.  The consideration being offered to the Liquidating Agent by BCN pursuant to the Letter of Intent, and/or by the Debtor to Liquidating Agent pursuant to the Debtor's Offer, are hereby found to be fair and reasonable; and

G.  The relief requested by the Liquidating Agent in the Motion and as expanded at the Hearing is in the best interest of creditors and other parties-in-interest.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Motion and the relief requested therein as expanded at the Hearing, is GRANTED.

2.  The findings of facts set forth above are ratified and adopted as findings of this Court and are incorporated into this Order by reference, and to the extent any of the findings set forth herein are deemed to be conclusions of law, then such findings are hereby confirmed.

3.  The Liquidating Agent, in his sole discretion is hereby authorized to either:

> (A) sell to BCN (i) all of the parking spaces owned by Hinsua Barcelona S.L. (the "Hinsua Spaces"), or (ii) all of Peawick Investment B.V.'s ("Peawick") right, title and interest in and to the shares of Hinsua Barcelona S.L. (the "Stock") pursuant to the terms of the Letter of Intent (the "BCN Sale");
>
> (B) consummate the Debtor's Offer pursuant to the terms and conditions set forth therein (the "Debtor Sale"); or
>
> (C) consider improvements and modification to the respective offers of BCN or the Debtor discussed herein and consummate such improved or modified transaction with either BCN or the Debtor on terms and conditions no less favorable to the estate than as set forth in either the Letter Of Intent or the Debtor's Offer;

provided, however, that the Liquidating Agent shall, absent further order of the Court, close one of the transactions set forth above in this decretal paragraph 3 on or before July 31, 2003, and further provided that the Liquidating Agent shall provide four (4) business day's notice of his intent to close one of the transactions as follows: (i) if the closing is to be with BCN, then the notice shall be given to the Debtor's counsel and Eduardo Canet's counsel; or (ii) if the closing is to be with the Debtor, then the notice shall be given to BCN and Eduardo Canet's counsel. During the period prior to closing, the Liquidating Agent shall continue to consult with the Debtor, Eduardo Canet and BCN or their respective counsel in connection with the transactions.

4. Upon closing of the BCN Sale or the Debtor's Offer, the Hinsua Spaces or the Stock, as the case may be shall be free and clear of all liens, claims, rights, encumbrances and interests of claimants of this estate.

5. Upon closing of the BCN Sale, the Hinsua Spaces or the Stock shall be free and clear of all liens, claims, rights, encumbrances and interests of claimants of this estate, and the Debtor's estate shall have no claims or causes of action arising from or related to the transaction contemplated by the Motion.

6. Upon closing of the BCN Sale or the Debtor's Offer, all liens, claims, rights and encumbrances of claimants of this estate upon the Hinsua Spaces or the Stock existing as of the date of closing shall attach to the consideration paid to the Liquidating Agent.

7. The consideration to be paid to the Liquidating Agent as set forth in the Letter of Intent or the Debtor's Offer is hereby APPROVED.

8. The Liquidating Agent is hereby authorized to take any and all actions as may be necessary and appropriate to effectuate the terms of the BCN Sale and the Letter of Intent or

the Debtor's Offer to settle in connection with the Letter of Intent or the Debtor's Offer and to consummate the transactions contemplated therein, including, without limitation, executing and delivering in the name of the Debtor as his attorney-in-fact any and all documents, instruments of transfer, conveyance documents and other documents required by the laws of the United States of America, Spain and/or the Netherlands (both before and after closing) necessary to consummate and settle the Letter of Intent or the Debtor's Offer and the transactions contemplated thereby.

9. The Liquidating Agent is hereby authorized, as needed, to stand in the shoes of the Debtor, and is granted and endowed with all of the Debtor's rights and powers appurtenant to his 100% shareholder position including, without limitation, a power of attorney-in-fact or proxy to vote the Debtor's Shares at any meeting of the shareholders of Hinsua or Peawick.

10. Nothing in this Order shall act to or be deemed to act to alter or modify any of the rights or powers granted to the Liquidating Agent pursuant to the Debtors Confirmed Plan of Reorganization or any other orders previously entered by the Court. Until a closing of one of the transactions contemplated in this Order, the Liquidating Agent shall retain any and all rights and powers previously granted to him with respect to the Hinsua, Peawick and the Hinsua Spaces.

11. This Court shall retain jurisdiction over any matters relating to or arising from the implementation of this Order including, without limitation, the resolution of any dispute whatsoever arising out of or concerning the Letter of Intent or the Debtor's Offer.

cc: Joel I. Sher, Esquire
Richard M. Goldberg, Esquire
Shapiro Sher Guinot & Sandler
36 S. Charles Street, 20th Floor
Baltimore, MD  21201

Paul M. Nussbaum, Esquire
Steve Fruin, Esquire
Whiteford, Taylor & Preston
7 St. Paul Street, Suite 1400
Baltimore, Maryland 21202

BCN 2001, S.L.
C/o Javier Faus, Esq
Passeig de Gracia, 74, 3.2.A
08007 Barcelona, Spain

Mark A. Neal, Esquire
Office of the U.S. Trustee
300 W. Pratt Street, Suite 350
Baltimore, MD  21201

Edward T. McDermott, Esquire
Pollack & Kaminsky
114 West 47th Street, 19th Floor
New York, NY  10036

- **END OF ORDER –**

F:\LIT\JISHER\WPDATA\hinsua.order2.doc;;meg

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 0416-1         User: sleo              Page 1 of 1              Date Rcvd: Jun 25, 2003
Case: 96-54979               Form ID: pdfall         Total Served: 5

The following entities were served by first class mail on Jun 27, 2003.
aty          Daniel A. Pollack,   Pollack & Kaminsky,   114 West 47th Street,   New York, NY   10036
aty          Joel I. Sher,   Shapiro Sher Guinot & Sandler,   36 S. Charles Street,   Suite 2000,
              Baltimore, MD   21201
aty          Stephen F. Fruin,   Seven Saint Paul Street, #1400,   Baltimore, MD   21202
ust          US Trustee - Baltimore, 11,   300 West Pratt Street,   Suite 375,   Baltimore, MD   21201
             BCN 2001, S.L.,   c/o Javier Faus, Esq.,   Passeig de Gracia, 74,3.2.A,   08007 Barcelona, Spain,

The following entities were served by electronic transmission.
NONE.                                                                                       TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**Date: Jun 27, 2003**                    **Signature:**    *Joseph Speetjens*