IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD,** | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

* * * * * * * * * * * * *

## REPORT OF DISPOSITION OF ASSETS

Joel I. Sher, Liquidating Agent (the "Liquidating Agent"), pursuant to Bankruptcy Rule 6004(f)(1), files this report of the disposition of the Debtor and the estate's interest in Hinsua Barcelona, S.L. and states as follows:

1.  Pursuant to Section 363(b) and 363(f) of the Bankruptcy Code, and pursuant to the terms of the Confirmed Third Modified Fourth Amended Plan of Reorganization of G. Ware Travelstead (the "Debtor"), the Liquidating Agent sought and obtained an Order Granting Motion of Liquidating Agent for Authority To Sell Interest In Or Assets Of Hinsua Barcelona, S.L. Free and Clear of Liens, Claims and Encumbrances (the "Order").

2.  Pursuant to the terms of the Order, the Liquidating Agent, in his sole discretion, was authorized to either:

> (A) sell to BCN 2001, S.L. ("BCN") (i) all of the parking spaces owned by Hinsua Barcelona S.L. (the "Hinsua Spaces"), or (ii) all of Peawick Investment B.V.'s ("Peawick") right, title and interest in and to the shares of Hinsua Barcelona S.L. pursuant to the terms of a letter of intent between the Liquidating Agent and BCN (the "Letter Of Intent");

> (B) consummate an offer from the Debtor (the "Debtor's Offer") pursuant to the terms and conditions set forth therein; or

> (C) consider improvements and modification to the respective offers of BCN or the Debtor discussed herein and consummate such improved or modified transaction with either BCN or the Debtor on terms and conditions no less favorable to the estate than as set forth in either the Letter Of Intent or the Debtor's Offer.

3. Thereafter, the Liquidating Agent had further negotiations with both the Debtor and BCN. As a result of those negotiations, the Debtor increased the cash consideration portion of his offer to $600,000.00 and confirmed a revised agreement with the Debtor's attorneys, Whiteford, Taylor & Preston, L.L.P., providing that said law firm will waive $200,000.00 in fees otherwise due from the estate, and that the waiver will be a "true-up," such that in the event it is later determined that there is an administrative insolvency, the $200,000.00 waiver will be proportionately increased so it will have the actual dollar effect of a net $200,000.00 waiver.

4. Thereafter, comparing the respective modified offers of BCN and the Debtor, the Liquidating Agent, in his sole discretion, determined that the Debtor's Offer was both the highest and best offer and produced no residual risk to the estate, such as the potential risks associated with the BCN offer.

5. As a result, the Liquidating Agent entered into an agreement with the Debtor, effective as of August 1, 2003, pursuant to which the Liquidating Agent relinquished, released and discharged any and all rights, claims, control or interests granted to the Liquidating Agent and/or the creditors of the Debtor, pursuant to the terms of the Plan in and to the ownership or control of Peawick, Hinsua Barcelona S.L. and the Hinsua spaces.

6. The Liquidating Agent holds the $600,000.00 subject to further order of the Court.

    /s/ Joel I. Sher
Joel I. Sher
Bar No. 00719
Shapiro Sher Guinot and Sandler
36 South Charles Street
Twentieth Floor
Baltimore, Maryland 21201
410-385-0202

Attorneys for the Liquidating Agent

F:\LIT\JISHER\WPDATA\travelstead report of disposition.doc;--46322.009