IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD,** | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED BY
PROFESSIONALS, AS SPECIAL COUNSEL FOR LIQUIDATING AGENT**

Joel I. Sher, Liquidating Agent for the bankruptcy estate of G. Ware Travelstead, hereby applies for the allowance of compensation and reimbursement of expenses incurred by professionals employed as special counsel by the Liquidating Agent (the "Application") and, in support thereof, states:

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 158 and 1334, 11 U.S.C. §§ 328, 330 and 331, Bankruptcy Rule 2016 and Local District Court Rule 401. This is a core proceeding.

**Introduction**

2. On May 31, 1996, G. Ware Travelstead (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On December 31, 1997, the Bankruptcy Court entered the Order (the "Order") Approving Debtor's Modified Fifth Amended Disclosure Statement and Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan"). On that same date, the Bankruptcy Court entered its order authorizing the appointment of Joel I. Sher as the liquidating

agent. Furthermore, section 6.1 of the Plan appoints Joel I. Sher as the liquidating agent (the "Liquidating Agent").

4. Pursuant to the Order, the Liquidating Agent was granted "the right and standing to pursue and defend any claims or rights of action in respect of property of the estate or of the Debtor." Section 6.5 of the Plan provides that the Liquidating Agent has all of the rights, duties, obligations, and powers of a trustee including, but not limited to those set forth in §§ 704(1) and 1106 of the Bankruptcy Code.

5. Pursuant to the terms of the Plan, the Liquidating Agent's responsibilities include, inter alia, "the exclusive right to sell or refinance assets upon notice ... and hearing pursuant to Section 363(b) of the Bankruptcy Code, provided that any such sale or refinancing shall be pursuant to the terms of the Plan."   See Section 5.3 of the Plan.

6. Section 6.8 of the Plan, further authorized the Liquidating Agent to retain professionals to assist him in the performance of his duties under the Plan.

7. Among the assets which the Trustee liquidated during this case was the Debtor's interests in (i) Blockless Investments, B.V.("Blockless) and Hinsua Barcelona, S.L. ("Hinsua"). Each of the foregoing entities owned or developed real estate and/or real estate projects in foreign countries.  Blockless was a corporation organized under the law of the Netherlands and was indirectly owned by the Debtor.  Hinsua is a corporation organized under the law of Spain and is a wholly owned subsidiary of Peawick, B.V. ("Peawick").  Peawick is an organization formed under the laws of the Netherlands.  The Debtor is the sole stockholder of Peawick.

8. The sale process for both Blockless and Hinsua involved complex issues of international tax law, as well as complex legal issues peculiar to Spain and the Netherlands.

9. Blockless, which was an operating entity, used Hans Schreuder and the law firm of Houthoff Buruma ("Houthoff") located in the Netherlands to assist it and the Liquidating Agent in the operation of and eventual disposition of the Debtor's interest in Blockless.

10. With respect to issues relating to the assets owned by Hinsua in Spain and the eventual disposition of those assets the Liquidating Agent retained Joan Gassiot Benet and Gassiot Advocats ("Gassiot") located in Barcelona, Spain to assist him. (Houthoff and Gassiot are hereinafter collectively referred to as the "Applicants").

11. Thereafter the Liquidating Agent filed the Motion Of Liquidating Agent For Authority To Sell Interests In Or Assets Of Hinsua Barcelona, S.L. Free And Clear Of Liens, Claims And Encumbrances ("Hinsua Sale Motion"). Pursuant to the Hinsua Sale Motion, the Liquidating Agent sought authority to sell all of the Debtor's right, title and legal and beneficial interest in Hinsua.

12. The Hinsua Sale Motion was approved by Order of the Court entered on June 24, 2003 (the "Sale Order"). Pursuant to the terms of the Sale Order the Liquidating Agent was given the authority and specific discretion to either sell the Debtors' interests in Hinsua to BCN 2001, S.L. ("BCN") or accept a counter proposal from the Debtor. The Sale Order also required that the Liquidating Agent close upon one of the two transactions by July 31, 2004.

13. In order to analyze the two competing offers and make his ultimate decision, the Liquidating Agent was required to use the services of each of the Applicants. The Applicants were uniquely qualified to render service to the Liquidating Agent on a variety of matters, most importantly the tax implications of the competing deals in the Applicants' respective countries.

14.     With the assistance of the Applicants, the Liquidating Agent was able to formulate an understanding of the import of each offer. Ultimately, the Liquidating Agent determined that the competing offer of the Debtor was in the best interest of the estate.

15.     By this Application, the Liquidating Agent seeks approval of the following fees and expenses:

| Professional | Fees | Out of Pocket Expenses | Total Sought | Conversion to US Dollars[1] |
|---|---|---|---|---|
| Gassiot Advocats | 5.800 Euros | --- | 5.800,00 Euros | Approx $7,200.00 |
| Houthoff Buruma | 5.766 Euros | 335,27 Euros | 6.111,27 Euros | Approx $7,586.53 |
| | | | | |
| **Totals** | | | | Approx $14,786.53 |

16.     The Liquidating Agent is familiar with and is submitting this Application in conformity with the Compensation Guidelines for Professionals in the United States Bankruptcy Court for the District of Maryland.

**The Compensation Requested and the Legal Standard to be Applied**

17.     The Applicants request an award of compensation in the total amount of 11.911,27 Euros (US $14,786.53) as set forth herein.

18.     The Applicants' request for compensation is made pursuant to the twelve criteria originally enumerated in *Johnson v. Georgia Highway Express. Inc.*, 488 F.2d 714, 714-719 (5th Cir. 1974), and expressly adopted by the United States Court of Appeals for the Fourth Circuit in *Barber v. Kimbrells. Inc.*, 577 F.2d 216 (4th Cir. 1978), *Anderson v. Boothe*, 658 F.2d 246 (4th Cir. 1978), and *Harman v. Levin (In re: Robertson)*, 772 F.2d 1150 (4th Cir. 1985). Those twelve criteria are as follows:

---

[1]     Conversion rate of Euros to U.S. Dollars in effect on July 12, 2004 (1.2414 Euros to 1 Dollar). Following entry of the order approving these fees, the Liquidating Agent will pay the Applicants based upon the conversion rate as of the date of payment.

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount of controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorney awards in similar cases.

*Barber v. Kimbrells Inc.*, 577 F.2d at 226 n. 28.  These criteria are discussed in detail below.

19. When considering a professional's application for compensation, the Court should first determine the professional's "lodestar" by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *In re LBH Associates Ltd. Partnership*, 109 B.R. 157, 158-62 (Banker. D.Md 1989).  See also, *In re Leonard Jed Co.*, 118 B.R. 339, 345 (Banker. D.Md 1990).

20. Fees should be adjusted upward if the results achieved by the professional are exceptional in light of the hourly rate charged.  *Blum v. Stenson*, 465 U.S. 889 (1984).  *See generally Pennsylvania v. Delaware Valley Citizens' Counsel*, 478 U.S. 546 (1986); *Hansley v. Eckerhardt*, 461 U.S. 424 (1983).  Notwithstanding the Applicants' compliance with this standard, they do seek an upward adjustment of fees.  Conversely and based upon the discussion of the twelve *Johnson* criteria as discussed below, there is no basis for any downward adjustment of the requested fees and expenses.

21. The total fees requested by the Applicant are reasonable under the circumstances, and the *Johnson* twelve-factor analysis, as discussed below, supports an award of compensation in the amount requested.

### The Services Rendered And The Manner Of Recording

**The Applicant's Fees And Expenses Relating Thereto**

22.Because only one category of service was provided, i.e., assisting the Liquidating Agent's in the sale of the Spanish Assets, there was no need for the Applicants to categorize the services rendered. Moreover, the Applicants presented their invoices to the Liquidating Agent in the manner the do so for all of their clients. Invoices setting forth the specific description of all services provided are attached hereto as Exhibit A.

23.The Applicants' fees were computed at the standard rates charged by the Applicants to all of their clients. The rates charged by the Applicants are within the range of customary hourly rates of compensation in their countries for the services performed.

**Nature And Length Of Professional Relationship With Client**

24.Prior to the initiation of this bankruptcy case, the Applicants had no relationship with the Liquidating Agent.

**Fee Awards In Comparable Cases**

25.The fees requested by the Applicants in this case are comparable to fees allowed in cases of similar size and complexity, based on the time expended, the customary hourly rates and the difficulty of the representation.

**General Conditions**

26.All professional services for which compensation is requested in this Application were performed for and on behalf of the Liquidating Agent and not on behalf of any other person.

27.No agreement or understanding exists between the Applicants and any other person for the sharing of compensation to be received by it for services rendered in connection with this case. No agreement or understanding exists between the Applicants and any other person rendering

services in connection with this case for the sharing of compensation of such other person.

28. Notice of this Application has been given to the United States Trustee, all creditors and parties-in-interest who have filed a request with the Clerk that all such notices be mailed to them, and all parties entitled to receive notice pursuant to the Bankruptcy Rules.

WHEREFORE, on behalf of the Applicants, the Liquidating Agent respectfully requests the following relief:

A. That Gassiot Advocats be allowed compensation for professional services rendered in the amount of 5.800,00 Euros (approximately US $7,200.00);

B. That Houthoff Buruma be allowed compensation for professional services rendered in the amount of 5.776 Euros, and reimbursement of out-of-pocket expenses in the amount of 335,17 Euros (approximately US $7,586.53);

C. That the Liquidating Agent be authorized to pay (i) Gassiot Advocats and (ii) Houthoff Buruma, the fees and expenses awarded; and

D. That the Liquidating Agent be granted such other and further relief as is just and equitable.

/s/   Joel I. Sher
Joel I. Sher, Bar No. 00719
Shapiro Sher Guinot & Sandler
36 South Charles Street, 20th Floor
Baltimore, MD  21201-3147
(410) 385-0202

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of July, 2004, a copy of the Application for Compensation for Services Rendered and Expenses Incurred for Professionals Employed as Special Counsel by Liquidating Agent, Notice thereof and proposed Order were mailed, by first-class mail, postage prepaid, to:

    Paul M. Nussbaum, Esquire
    Stephen F. Fruin, Esquire
    Whiteford Taylor & Preston
    7 St. Paul Street, Suite 1400
    Baltimore, MD   21202

    Mark A. Neal, Esquire
    Assistant U.S. Trustee
    Office of the U.S. Trustee
    300 West Pratt Street, Suite 350
    Baltimore, Maryland   21201

    Edward McDermott, Esquire
    Pollack & Kaminsky
    114 West 47th Street, 19th Floor
    New York, NY   10036


    /s/      Joel I. Sher
    Joel I. Sher