IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD** | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

* * * * * * * * * * * * * *

### SEVENTH APPLICATION FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED BY SUSAN PERRIN ART CONSULTING FOR THE PERIOD FROM DECEMBER 1, 2002 THROUGH APRIL 30, 2004

Joel I. Sher, Liquidating Agent, hereby applies to this Court, pursuant to 11 U.S.C. § 331 and Bankruptcy Rule 2016(a), for interim allowance of compensation and reimbursement of expenses incurred by Susan Perrin Art Consulting, special art consultant to the Liquidating Agent, for the period from December 1, 2002 through April 30, 2004, and, in support thereof, states:

1. On December 31, 1997, the Bankruptcy Court entered an Order approving the Debtor's Modified Fifth Amended Disclosure Statement and Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization. On that same date, the Bankruptcy Court entered its order authorizing the appointment of Joel I. Sher as the Liquidating Agent. Furthermore, section 6.1 of the Plan also appoints Joel I. Sher as the Liquidating Agent.

2. Included among the assets listed on the Debtor's schedules were numerous paintings, sculptures and other pieces of artwork, as well as jewelry, Purdey guns, rugs, vases and rocks/precious stones (collectively referred to herein as the "Collection").

3. The Liquidating Agent filed an Application for Order Approving and Authorizing the Retention of Susan Perrin Art Consulting as Art Consultant to the Liquidating Agent,

requesting approval from this Court to retain Susan Perrin Art Consulting (the "Art Consultant") as special art consultant to the Liquidating Agent to assist in the sale or other disposition of the Collection. The Order approving the retention of the Art Consultant was entered on April 4, 1998.

4. On August 24, 1998, the Liquidating Agent filed the First Application for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred by Susan Perrin Art Consulting for the Period from March 26, 1998 through June 30, 1998 (the "First Application"). The Order approving the First Application was entered by the Court on October 9, 1998, and allowed fees in the amount of $3,840.00, plus reimbursement of expenses in the amount of $72.00.

5. On February 22, 1999, the Liquidating Agent filed the Second Application for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred by Susan Perrin Art Consulting for the Period from July 1, 1998 through November 30, 1998 (the "Second Application"). The Order approving the Second Application was entered by the Court on April 14, 1999, and allowed fees in the amount of $6,030.00, plus reimbursement of expenses in the amount of $235.00.

6. On February 9, 2000, the Liquidating Agent filed the Third Application for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred by Susan Perrin Art Consulting for the Period from January 21, 1999 through December 17, 1999 (the "Third Application"). The Order approving the Third Application was entered by the Court on March 16, 2000, and allowed fees in the amount of $455.00, plus reimbursement of expenses in the amount of $11.50.

7. On February 6, 2001, the Liquidating Agent filed the Fourth Application for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred by Susan Perrin Art Consulting for the Period from October 24, 2000 through December 22, 2000 (the "Fourth Application"). The Order approving the Fourth Application was entered by the Court on April 20, 2001, and allowed fees in the amount of $637.50.

8. On November 28, 2001, the Liquidating Agent filed the Fifth Application for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred by Susan Perrin Art Consulting for the Period from March 1, 2001 through May 31, 2001 (the "Application"). The Order approving the Fifth Application was entered by the Court on March 22, 2002 and allowed fees in the amount of $1,425.00.

9. On March 13, 2003, the Liquidating Agent filed the Sixth Application for Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred by Susan Perrin Art Consulting for the Period from June 1, 2001 through November 30, 2002 (the "Application"). The Order approving the Sixth Application was entered by the Court on May 13, 2003 and allowed fees and expenses in the amount of $1,307.97.

10. The Liquidating Agent now seeks the seventh interim allowance of fees for services rendered by the Art Consultant in the amount of $735.00 and reimbursement of expenses incurred in the amount of $45.00, for an aggregate total of $780.00 for the period from December 1, 2002 through April 30, 2004 (the "Application Period").

**FEE REQUEST**

11. During the Application Period, the Art Consultant devoted 7.5 hours in the performance of tasks on behalf of the Liquidating Agent. The amount of time that was expended by the Art Consultant was recorded on a daily basis. Attached hereto as Exhibit A is a

compilation of the time expended that sets forth the date services were rendered, a short description of the services performed and the amount of time expended.

12. The hourly rates charged by the Art Consultant are well within the range of (and are typically lower than) customary hourly rates for the type of services she performed. On January 1, 2004, the hourly rates for the Art Consultant increased in accordance with an increase made applicable to all of the Art Consultant's clients.

13. Additionally, the Art Consultant incurred out-of-pocket expenses during the Application Period in the amount of $45.00 for which she seeks reimbursement, as set forth in Exhibit A.

## SERVICES RENDERED

14. Prior to the Application Period, the Art Consultant had inspected and documented the Collection, as well as performed research in order to provide the Liquidating Agent with a suggested course of action for disposing of the pieces of the Collection in the most profitable and timely fashion. Based upon the Art Consultant's recommendations regarding the most profitable method to liquidate the various pieces of the Collection, the Liquidating Agent, together with the Art Consultant, negotiated several consignment agreements to sell various pieces in the Collection. Subsequently, the Liquidating Agent negotiated the terms and conditions of a consignment sale of rugs and certain pieces of artwork and jewelry.

15. During the Application Period, the Art Consultant continued the liquidation of the Collection, focusing mainly on two paintings which had been consigned to different galleries. Because fine artwork has a limited number of potential purchasers, certain pieces have remained unsold since the Art Consultant's employment. The Art Consultant therefore located new galleries and/or sources for potential buyers, and, in the case of one painting, arranged for the

artwork to be consigned to a new gallery, and oversaw the details of shipping the painting to the gallery.  Shortly thereafter, the Art Consultant was contacted by potential buyers, eventually negotiating a sale of the painting.

16. Due to the efforts of the Art Consultant, the estate received over $10,000 for the pieces of the Collection which were sold during the Application Period.

17. The tasks performed by the Art Consultant required the extensive experience of the Art Consultant:  she possesses a specialized knowledge of artwork and its value; appropriate markets available for selling various pieces of artwork in the Collection; and a specialized knowledge of potential avenues for disposition of the various unique items in the Collection.

18. The Liquidating Agent believes that the Art Consultant is highly qualified in her field and that the total fees charged by the Art Consultant are necessary and extremely reasonable.

19. To date, the Art Consultant's activities have enhanced the value of the Debtor's assets.  With the assistance of the Art Consultant, the Liquidating Agent has been able to locate purchasers for many unique items and to consummate sales at prices well above what would have been received at any liquidation sale or general auction.  Therefore, her services have proven invaluable to the estate.

WHEREFORE, for the foregoing reasons, the Liquidating Agent respectfully requests that Susan Perrin Art Consulting be awarded interim compensation in the amount $735.00 for fees, plus reimbursement of expenses in the amount of $45.00, and for such other and further relief as is just and equitable.

/s/    Joel I. Sher
Joel I. Sher, Bar No. 00719
Shapiro Sher Guinot & Sandler
36 South Charles Street
20th Floor
Baltimore, MD  21201
(410) 385-0202

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28TH day of July, 2004, a copy of the foregoing Seventh Application of Liquidating Agent for Interim Allowance of Compensation for Services Rendered and Reimbursement Expenses Incurred by Susan Perrin Art Consulting was mailed, by first-class mail, postage prepaid, to:

| | |
|---|---|
| Paul M. Nussbaum, Esquire | Mark A. Neal, Esquire |
| Whiteford, Taylor & Preston | Assistant U.S. Trustee |
| 7 St. Paul Street | Office of the U.S. Trustee |
| Baltimore, Maryland 21201 | 300 W. Pratt St., Suite 350 |
| | Baltimore, Maryland 21201 |

/s/    Joel I. Sher
Joel I. Sher

acl/wpdata/perrin 7th fee.app
46322.001