# Exhibit B

LAW OFFICE
OF
RICHARD M. GRIMSRUD

P.O. Box 639
Flagstaff, Arizona 86002
(928) 774-7339
State Bar # 005365

Attorney for
Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

LARRY J. WEST, trustee of WEST COMPANIES DEFINED BENEFIT PENSION PLAN & TRUST,

Plaintiff,

vs.

G. WARE TRAVELSTEAD and BABBITT RANCHES, LLC, C.O. RANCH, ESPEE RANCH, CATARACT RANCH, BABBITT BROTHERS TRADING COMPANY, and C.O. BAR, INC.

Defendants.

Case No. CV 04-2934-PCT-JAT

**AMENDED COMPLAINT**

Plaintiff Larry J. West, individually ("West") and as trustee of West Companies Defined Benefit Pension Plan & Trust (the "Plan"), alleges by his undersigned attorneys for his Complaint against Defendants G. Ware Travelstead and Babbitt Ranches, LLC ("Babbitt Ranches"), C.O. Ranch, Espee Ranch, Cataract Ranch (the C.O., Espee and Cataract Ranches, together, the "Ranches"), Babbitt Brothers Trading Company ("Babbitt Brothers") and C.O. Bar,

Inc. ("C.O. Bar" and, with Babbitt Ranches, the Ranches and Babbitt Brothers, the "Babbitt Interests"):

## NATURE OF THE ACTION

1. This action for declaratory and injunctive relief concerns a small stake in a very large piece of real estate in the State of Arizona.

2. In 1993, Bruce Babbitt, the former U.S. Secretary of the Interior, divested his stake of 524 Shares in the Babbitt Interests, which, among other things, own more than 1,100 square miles of Arizona ranchland. The divestiture was necessitated by his appointment to President Clinton's Cabinet. Bruce Babbitt divested these Shares by selling them to his long-time friend G. W. Travelstead.

3. In October 2003, Plaintiff took by assignment from Travelstead these 524 Shares in the Babbitt Interests to secure a commercial investment and loan and guaranteed profit totaling $500,000 which was due from Travelstead to Plaintiff. See attached hereto as Exhibit "A" (1-2) a true copy of this pledge assignment of stock. Because Travelstead has failed and refused to make any payment to Plaintiff upon the loan Travelstead received from Plaintiff for this pledge of Shares, Plaintiff decided thereafter to dispose of the holding, and West approached the Babbitt Interests about doing so. Plaintiff believes that the Babbitts may prefer to have Shares returned to the family, rather than sold to one or more unknown bidders.

4. The Babbitt Interests, however, have failed and refused to recognize Plaintiff's lawful interest therein, thereby frustrating entirely Plaintiff's ability to realize the value of the Shares. Plaintiff sues here for declaratory and injunctive relief to require the Babbitt Interests to recognize Plaintiff's lawful ownership of the Shares and to accord Plaintiff full shareholder rights with respect thereto, including rights of inspection guaranteed under Arizona law.

LAW OFFICES OF RICHARD M. GRIMSRUD
P.O. Box 639
Flagstaff, Arizona 86002
(928) 774-7339

LAW OFFICES OF RICHARD M. GRIMSRUD
P.O. Box 639
Flagstaff, Arizona 86002
(928) 774-7339

PARTIES

5. Plaintiff Larry West is and has been at all relevant times a citizen of the State of New York.

6. West is the trustee for the Plan, which was instituted for employees of West Companies, Inc., which provides mergers and acquisitions advice to direct marketing and e-commerce businesses.

7. Defendant G. Ware Travelstead resides in Maryland, where he has a Chapter 11 bankruptcy pending in the Baltimore Division (Case No. 96-5-4979 SD) but the Shares which are the subject of this action are carved out from and upon information and belief, not subject to that bankruptcy proceeding.

8. Upon information and belief, Defendant Babbitt Ranches is and has been at all relevant times an Arizona limited liability company with its principal place of business in the State of Arizona.

9. Upon information and belief, each of the Ranches is an Arizona business entity with its principal place of business located therein. Upon information and belief, each of the Ranches is affiliated with Babbitt Ranches, Babbitt Brothers or other entities that are related thereto. The Ranches collectively cover approximately 700,000 acres of land south of the Grand Canyon.

10. Upon information and belief, Defendant Babbitt Brothers is and has been at all relevant times and Arizona corporation with its principal place of business in the State of Arizona. Upon information and belief, Babbitt Brothers owns or controls Babbitt Ranches.

11. Upon information and belief, Defendant C.O. Bar is and has been at all relevant times an Arizona corporation with its principal place of business in the State of Arizona. Upon information and belief, C.O. Bar is a holding company for the Babbitt Interests.

**JURSDICTION AND VENUE**

12. This Court has jurisdiction over this action pursuant to 28 USC § 1332(a)(1) because Plaintiff and Defendants are citizens of different States and the matter in controvery exceeds the sum or value of $75,000. exclusive of interest and costs.

13. Venue is proper in this judicial district pursuant to 28 USC § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein. In particular, the real estate behind the Shares pledged to Plaintiff are in Arizona as are all the Babbitt Defendants, and they have objected to venue in New York during the pendency of Civil Action No. 04-CV-4303 in the US Southern District of New York, which Plaintiff and them agreed should be voluntarily discontinued recently.

**ALLEGATIONS COMMON TO ALL CLAIMS**

14. On October 30, 2003, Plaintiff, in exchange for good and valuable consideration, took by assignment the Shares, G. Ware Travelstead. West was told at the time of the assignment that Bruce Babbitt had owned the Shares and had sold them in 1993 to Travelstead.

15. As a part of this transaction, a notice of assignment was delivered to William C. Cordasco ("Cordasco"), the general manager of Babbitt Ranches, on October 30, 2003. West also telephoned Cordasco on that date to confirm that the Shares were assignable and that the Babbitt Interests would recognize the assignment. Cordasco said that the Shares were assignable.

LAW OFFICES OF RICHARD M. GRIMSRUD
P.O. Box 639
Flagstaff, Arizona 86002
(928) 774-7339

16. West also contacted the Babbitt Interests' counsel on December 29, 2003 to discuss a possible sale of the Shares and the steps that would be required to transfer them to the Babbitt Interests, the Babbitts or outsiders. Counsel advised West that assignments required the approval of the "ranch manager" and the Babbitt family, if the transfer was to be to a non-family member.

17. Plaintiff subsequently decided to dispose of the Shares. Plaintiff's counsel contacted Cordasco on or about April 12, 2004 to discuss Plaintiff's options to do so. Understanding that the Babbitt Interests were closely held, West proposed through counsel to sell the Shares back to the Babbitt Interests, or one or more shareholders.

18. Cordasco provided to West on or about April 12, 2004 an independent appraisal report that opined on the market values of the C.O. and Espee Ranches.

19. Based on the appraiser's report and other factors, Plaintiff, by letter dated April 20, 2004, offered to sell the Shares back to the Babbitt Interests. West urged Defendants to take up this matter at a shareholders' meeting scheduled for the end of that month.

20. The Babbitt Interests have not responded to Plaintiff's offer and otherwise have failed and refused to acknowledge Plaintiff's shareholder rights.

21. Upon information and belief, Plaintiff fears Defendant Travelstead may try and sell, assign, or otherwise dispose of the 524 Shares in the Babbitt interests which he pledged to Plaintiff in 2003.

**AS AND FOR A FIRST CLAIM FOR RELIEF**

(For a Declaratory Judgment Against the Babbitt Interests)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above as though they were set forth fully herein.

RICHARD M. GRIMSRUD
P.O. Box 639
Flagstaff, Arizona 86002
(928) 774-7339