23. An actual controversy has arisen and now exists between Plaintiff and the Babbitt Interests concerning Defendants' failure and refusal to recognize the assignment of the Shares to Plaintiff and his rights as a shareholder.

24. Absent a judicial declaration, the Babbitt Interests will wrongfully continue to ignore Plaintiff's rights with respect to the Shares and thereby frustrate his ability to take any action with respect to them.

25. There exists a sufficient immediacy and reality to warrant a judicial declaration because Plaintiff has been disabled entirely by the Babbitt Interests' refusal to act with respect to Plaintiff's attempts to dispose of the Shares.

26. Plaintiff has no adequate remedy at law.

27. Plaintiff is entitled to a judicial declaration that Plaintiff is the lawful owner of the Shares, and all rights appurtenant thereto, and that such fact shall be reflected on the Babbitt Interests' stock transfer records.

## AS AND FOR A SECOND CLAIM FOR RELIEF

(For an Injunction Against the Babbitt Interests)

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 though 25 above as though they were set forth fully herein.

29. Plaintiff lawfully acquired the Shares, but the Babbitt Interests have refused to acknowledge that Plaintiff is the legal owner of them, to indicate or reflect such ownership on their stock register, or to accord Plaintiff his rights as a shareholder so as to allow him to dispose of the Shares or take other lawful action with respect thereto.

30. Plaintiff has no adequate remedy at law with respect to the Babbitt Interests' failure and refusal to recognize Plaintiff's rights as a shareholder thereof.

6

31. The Babbitt Interests' failure has caused Plaintiff to suffer irreparable harm.

32. As a result of the foregoing, Plaintiff is entitled to preliminary and permanent injunctions against the Babbitt Interests, and their representatives, agents, employees and attorneys, that directs them to record Plaintiff's ownership of the Shares on the stock register of the Babbitt Interests and accord Plaintiff all of the rights of a shareholder therein, including, but not limited to, providing with copies of all documents that are provided to shareholders as of right or a matter of course.

## AS AND FOR A THIRD CLAIM FOR RELIEF

(For an Inspection of the Babbitt Interests' Books and Records)

33. Plaintiff repeats and realleges the allegations contained hereinabove as though fully set forth herein.

34. Chapter 16 of Title 10 of the Arizona Revised Statutes provides that shareholders of record may inspect without limitation a corporation's articles of incorporation, bylaws, board resolutions that relate to its securities, minutes of shareholders' meetings, records of shareholders' actions taken without a meeting, written communications with shareholders (including financial statements), a list of the names and addresses of officers and directors, the most recent annual report and shareholders' agreements. Shareholders who make a reasonably particularized demand in good faith and for a proper purpose also are entitled to review a corporation's detailed board records, accounting records, records of shareholders, and complete financial statements and results of operations.

35. The Babbitt Interests' failure and refusal to recognize Plaintiff's rights as a shareholder of the Babbitt Interests has frustrated entirely his right to inspect the books and records thereof.

7

36. Absent judicial relief, Plaintiff, who wants to dispose of the Shares, will not be able to appraise them or evaluate any offer made to purchase them.

37. Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to a judgment directing the Babbitt Interests to grant Plaintiff an inspection of (i) all items set forth under Section 10-1601(E) of the Arizona Revised Statutes and (ii) detailed financial statements setting forth the Babbitt Interests' assets and liabilities and results of operations for the last three fiscal years.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

(For an Injunction against Travelstead)

39. Plaintiff repeats and realleges all the allegations contained hereinabove as though fully set forth herein.

40. Plaintiff has no adequate remedy at law with respect to Travelstead's potential attempt to dispose of the Shares in the Babbitt Interests which he pledged to Plaintiff as security for the Plaintiff's loan to Travelstead, and Travelstead's sale or disposal of the Shares to anyone but Plaintiff will cause Plaintiff irreparable harm.

WHEREFORE, Plaintiff requests that judgment be entered as follows:

(a) On the First Claim for Relief, for a declaratory judgment against the Babbitt Interests, declaring that the assignment of the Shares to Plaintiff was lawful, that Plaintiff is the legal owner of those Shares and that such transfer shall be reflected on the Babbitt Interests' stock transfer records;

(b) On the Second Claim for Relief, for a preliminary and permanent injunction against the Babbitt Interests, directing them to record Plaintiff's ownership of the Shares on the stock register of the Babbitt Interests and

accord Plaintiff all of the rights of shareholders thereof, including but not limited to the right to receive all documents provided to other shareholders as of right or a matter of course;

(c) On the Third Claim for Relief, for an inspection of the Babbitt Interests' books and records as provided by Arizona law, granting Plaintiff an inspection of (i) those materials set forth in Section 10-1601 of the Arizona Revised Statutes and (ii) detailed financial statements setting forth the Babbitt Interests' assets and liabilities and results of operations for the last three fiscal years;

(d) On the Fourth Claim for Relief, for a preliminary and permanent injunction against Defendant Travelstead, prohibiting him from selling or assigning to anyone except Plaintiff herein the 524 Shares in the Babbitt Interests which he pledged to Plaintiff in return and as security for the loan Plaintiff gave Travelstead in 2003 as set forth hereinabove.

(e) Awarding Plaintiff his attorneys' fees and costs; and

(f) Granting such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of Feb, 2005.

LAW OFFICE OF RICHARD M. GRIMSRUD

_____
Richard M. Grimsrud
Attorney for Plaintiff

9