# Exhibit C



FILED _____ LODGED
RECEIVED _____ COPY

FEB 2 8 2005

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
_____ F. DEPUTY

OS FEB 28 PM 7: 11

1 | Joel I. Sher, Maryland Bar No. 00719
Paul V. Danielson, Maryland Bar No. 27339
2 | SHAPIRO SHER GUINOT & SANDLER
36 S. Charles Street, 20th Floor
3 | Baltimore, Maryland 21201
(410) 385-0202
4 |
Joseph E. Cotterman (013800)
5 | GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
6 | Phoenix, Arizona 85016-9225
(602) 530-8000
7 | Attorneys for Intervenor

8 |

9 |

UNITED STATES DISTRICT COURT

10 |
DISTRICT OF ARIZONA
11 |

12 | In re:                                    No. CV 04-2934-PCT-JAT

13 | LARRY J. WEST, TRUSTEE of WEST            **MOTION TO INTERVENE**
COMPANIES DEFINED BENEFITS
PENSION PLAN & TRUST,                     **ORAL ARGUMENT REQUESTED**
14 |
                Plaintiff,
15 |
        vs.
16 |
G. WARE TRAVELSTEAD and BABBITT
17 | RANCHES, LLC, C.O. RANCH, ESPEE
RANCH, CATARACT RANCH, BABBITT
18 | BROTHERS TRADING COMPANY, and
C.O. BAR, INC.
19 |
                Defendants.
20 |

21 |       Joel I. Sher, Liquidating Agent (the "Liquidating Agent") for the Chapter 11

22 | Bankruptcy Estate of G. Ware Travelstead ("Travelstead"), moves to intervene in the

GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
(602) 530-8000

1 | above-captioned proceeding pursuant to Rule 24 of the Federal Rules of Civil Procedure

2 | and, in support thereof, states:

3 | ## PRELIMINARY STATEMENT

4 |     1.    Before this Court is an Amended Complaint seeking, *inter alia*, a

5 | declaration of rights as to the ownership of certain of Travelstead's property, which is

6 | subject to the jurisdiction of the United States Bankruptcy Court for the District of

7 | Maryland (the "Bankruptcy Court"), notwithstanding the Plaintiff's acknowledgement

8 | that Travelstead's bankruptcy case is still pending before the Bankruptcy Court. By prior

9 | order of the Bankruptcy Court, the Liquidating Agent was granted the exclusive right to

10 | sell or refinance the property of Travelstead, including, but not limited to the property at

11 | issue herein. Moreover, that same order prohibited Travelstead from taking any action

12 | concerning the property at issue, without the prior consent of the Liquidating Agent,

13 | which consent was not obtained. Of necessity, resolution of the issues raised by the

14 | Amended Complaint necessitates the interpretation of orders of the Bankruptcy Court and

15 | will directly affect the rights and obligations of the Liquidating Agent and the creditor

16 | constituency for whom he is acting. As more fully discussed herein, the Liquidating

17 | Agent is a true party in interest to this proceeding and therefore respectfully requests that

18 | he be allowed to intervene as a party-defendant.[1]

19 |

20 |

21 | [1] In compliance with Rule 24(c) of the Federal Rules of Civil Procedure, this Motion is being filed simultaneously with a Motion to Dismiss for Improper Venue "setting forth the claim or defense for which intervention is sought." Civil Rule 24(c).

22 |

2

# FACTUAL BACKGROUND

## Debtor's Chapter 11 Bankruptcy Case

2.    Travelstead filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court on May 31, 1996 (the "Chapter 11 Case").

3.    On December 31, 1997, the Bankruptcy Court entered an Order (the "Confirmation Order") Approving Debtor's Modified Fifth Amended Disclosure Statement and Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan"). A copy of the Confirmation Order and Plan are attached hereto as Exhibits 1 and 2, respectively.

4.    Pursuant to Section 6.1 of the Plan and by a separate order entered on December 31, 1997, Joel I. Sher was appointed as Liquidating Agent for the assets of Travelstead. *See* Order of Appointment attached hereto as Exhibit 3.

5.    Pursuant to the Confirmation Order, the Liquidating Agent has "the right and standing to pursue and defend any claims or rights of action in respect of the property of the estate or of the debtor." *Confirmation Order* at 3. In fact, the Plan defines the rights, duties and obligations of the Liquidating Agent to include, *inter alia*, "all of the rights, duties, obligations, and powers of a trustee including, but not limited to those set forth in §§ 704(1) and 1106 of the Bankruptcy Code." *Plan* at Section 6.5(a). The Liquidating Agent shall continue in his capacity "until the distributions to all creditors of all payments required under the Plan are completed and the case is closed." *Plan* at

3

1   Section 6.3. Distributions to creditors have not been completed and the case has not been

2   closed. Thus, the Liquidating Agent has standing and capacity to be heard in this case.

3        6.       Due to the unique nature of Travelstead's business dealings and based upon

4   concerns expressed by his creditors, the Bankruptcy Court, pursuant to the terms of the

5   Confirmation Order, purposefully modified the terms of the Plan to insure that the

6   Liquidating Agent's authority would extend to all assets that Travelstead owned as of the

7   petition date, May 31, 1996.[2]  In that regard the Confirmation Order provides " . . . that

8   the rights, duties and obligations of the Liquidating Agent, as defined in the Plan, shall be

9   applicable to all of the assets of the estate, whether known or unknown, until such time as

10  creditors are paid in full pursuant to the Plan . . . ." *Confirmation Order* at 3, emphasis

11  supplied.

12       7.       The Bankruptcy Court also included protections against post-confirmation

13  actions which Travelstead might attempt to take with disclosed or undisclosed assets of

14  the bankruptcy estate. To that end, the Confirmation Order states that "...the Debtor is

15  prohibited from taking any action, or making any management decision, relating to any

16  business interest which is an asset of the estate without prior consent of the Liquidating

17  Agent . . . ." *Confirmation Order* at 3.

18

19

20

21  [2]  Many of Travelstead's assets were located in Australia, Spain and the Netherlands and creditors were concerned that they did not have a full accounting of the nature and extent

22  of all of those assets.

4

**The Amended Complaint**

8.    The Plaintiff filed the Amended Complaint on December 20, 2004, requesting declaratory and injunctive relief against the Debtor, Babbitt Ranches, LLC, C.O. Ranch, Espee Ranch, Cataract Ranch, Babbitt Brothers Trading Company and C.O. Bar, Inc. (collectively, the Babbitt Interests"). In the Amended Complaint the Plaintiff alleges that Travelstead pledged certain shares of stock to secure a $281,000 debt allegedly owed to Plaintiff. However, the Plaintiff acknowledges in the Amended Complaint that Travelstead acquired his interests in those shares in 1993, three years before he filed for Chapter 11 relief. Thus, Travelstead's ownership rights in the shares of stock were and are property of his bankruptcy estate and are subject to the jurisdiction of the Bankruptcy Court. 11 U.S.C § 541.

9.    In the Amended Complaint the Plaintiff also expressly acknowledges Travelstead's ongoing bankruptcy proceeding, but the Plaintiff attempts to side step that proceeding by suggesting merely "upon information and belief" that "the Shares which are the subject of this action are carved out from and . . . not subject to the bankruptcy proceeding." *Amended Complaint* at ¶7.   This assertion is factually and legally incorrect.

10.    Neither the Plaintiff nor Travelstead sought the Liquidating Agent's approval of the alleged assignment. Moreover, upon the Liquidating Agent's information and belief, the Plaintiff had actual knowledge of the pendency of Travelstead's bankruptcy proceeding at the time of the alleged assignment. Therefore, the Liquidating Agent believes that the assignment may be void *ab initio*. In any event, the Confirmation Order and the Order of Appointment were designed by the Bankruptcy Court to protect

5

1    against this very type of conduct and the Liquidating Agent was charged with the right

2    and duty to dispose of Travelstead's property and to protect the rights of creditors whose

3    recoveries are based upon the proceeds of the liquidation of that property.  The

4    Liquidating Agent thereby seeks to intervene in this matter to defend the Chapter 11

5    estate's interest in the shares and to contest the purported transfer of that estate property.

6                                   **LAW AND ARGUMENT**

7    **Intervention of Right under Fed. R. Civ. P 24(a)(2)**

8         11.    The Liquidating Agent's strong interest in the subject of the Amended

9    Complaint affords him the authority to intervene of right under Fed. R. Civ. P. 24(a)(2),

10   which provides:

11        **(a) Intervention of Right.** Upon timely application anyone shall be
          permitted to intervene in an action: . . . (2) when the applicant claims an
12        interest relating to the property or transaction which is the subject of the
          action and the applicant is so situated that the disposition of the action may
13        as a practical matter impair or impede the applicant's ability to protect that
          interest, unless the applicant's interest is adequately represented by existing
14        parties.

15        12.    A motion to intervene of right under Fed. R. Civ. P. 24(a)(2) should be

16   granted if

17        1) the applicant's motion is timely; (2) the applicant has asserted an interest
          relating to the property or transaction which is the subject of the action; (3)
18        the applicant is so situated that without intervention the disposition may, as
          a practical matter, impair or impede its ability to protect that interest; and
19        (4) the applicant's interest is not adequately represented by the existing
          parties.

20   *Orange County v. Air California,* 799 F.2d 535 (9th Cir. 1986).

21

22

                                          6

13.   The rule is to be construed "broadly, in favor of the applicants for intervention," *Sierra Club v. U.S. E.P.A.* 995 F.2d 1478 (9th Cir. 1993), and the Court should be "guided primarily by practical considerations." *U.S. ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391 (9th Cir.1992).

14.   In the instant case, the Liquidating Agent meets all four requirements of the above-cited test. Intervention by the Liquidating Agent will not unduly delay or prejudice the adjudication of the rights of the original parties to the Lawsuit. The other defendants to this action were granted an extension until the date of the filing of this motion to file their responsive pleadings. Thus, the Liquidating Agent's Motion to Intervene is timely filed.

15.   The shares at issue are property of Travelstead's Chapter 11 estate. As the Liquidating Agent has "the right and standing to pursue and defend any claims or rights of action in respect of the property of the estate or of the debtor," the Liquidating Agent has an interest in the property and the transaction that is the subject of the action. Further, the Plaintiff is attempting to obtain an order recognizing a purported transfer of Travelstead's property interests. Travelstead and Plaintiff failed to obtain the required approval of the Liquidating Agent to effectuate this alleged transfer, which approval would not have been granted had it been sought. With the sole authority to approve such a transfer, the Liquidating Agent must be a party to this action. If not, the Liquidating Agent will be foreclosed from protecting an asset of Travelstead's Chapter 11 estate.

16.   Finally, Travelstead's unsecured creditors, whose rights are protected by the Liquidating Agent, have a direct, pecuniary interest. Given that no other party shares

1    the rights and interests of these creditors, the Liquidating Agent's interest is not

2    adequately represented by the existing parties to the action.  Moreover, the secret actions

3    of the Plaintiff and Travelstead demonstrate that neither will protect the rights of the

4    Liquidating Agent and the creditors he protects.

5        17.    The instant case is substantially similar to the case of *Citibank, N.A. v.*

6    *Park-Kenilworth Industries, Inc*, 109 B.R. 321 (N.D.Il. 1989).  In that case, Citibank

7    brought a diversity action against Park-Kenilworth ("PKI") to recover PKI stock which

8    was allegedly pledged as security for a loan, though there was a dispute over who held a

9    properly perfected interest in the shares.  The sole shareholder of PKI, William Stoecker

10   ("Stoecker"), was the subject of a pending involuntary Chapter 11 bankruptcy

11   proceeding.  The trustee in Stoecker's bankruptcy estate moved to intervene.  The district

12   court permitted the trustee to intervene under both Fed. R. Civ. P. 24(a)(2) and Fed. R.

13   Civ. P. 24(b) on the grounds that the trustee has a "statutory duty to protect the assets of

14   the estate, and the PKI shares are a major estate asset." *Id.* at 324.  If Citibank were

15   successful in the district court suit in establishing ownership of the stock, "one of the

16   most valuable assets of the bankruptcy estate would be lost." *Id.*  Further, the district

17   court held that while PKI may have incentive to avoid liability, it was not necessarily

18   dedicated to preserving the stock specifically for the bankruptcy estate, as was the trustee.

19   *Id.*  Therefore, the court held that the trustee had authority to intervene of right under Fed.

20   R. Civ. P. 24(a)(2) and, even if he did not, he would be allowed to intervene under the

21   permissive rights of Fed. R. Civ. P. 24(b), as the defenses of PKI and the trustee would

22   involve common questions of law and fact. *Id.* at 25.

8

1    18.    In the instant case, the Liquidating Agent, with the rights of a trustee, is

2    protecting a valuable asset of the estate on behalf of the unsecured creditors of the estate,

3    and, if denied such right, will lose the estate's interest in the asset.  Similarly, as in

4    *Citibank*, the Liquidating Agent is simultaneously filing a motion to move this case to the

5    Bankruptcy Court in an effort to expedite the process of determining the parties' asserted

6    interests in the subject asset.  Therefore, as in *Citibank*, the Liquidating Agent should be

7    allowed to intervene of right in the case.

8    **Permissive Intervention Under Fed. R. Civ. P. 24(b)**

9    19.    Even if the Liquidating Agent is not allowed to intervene of right under

10   Fed. R. Civ. P. 24(a)(2), the Liquidating Agent's Motion to Intervene should be granted

11   pursuant to Fed. R. Civ. P. 24(b) which provides, in relevant part, that "anyone may be

12   permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the

13   main action have a question of law or fact in common."

14   20.    "Unlike Rule 24(a), a 'significant protectable interest' is not required by

15   Rule 24(b) for intervention; all that is necessary for permissive intervention is that

16   intervenor's 'claim or defense and the main action have a question of law or fact in

17   common.' . . . Rule 24(b) 'plainly dispenses with any requirement that the intervenor

18   shall have a direct personal or pecuniary interest in the subject of the litigation.'"

19   *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094(9thCir.2002) *quoting SEC v. U.S.*

20   *Realty & Improvement Co.*, 310 U.S. 434, 459 (1940).  In fact, once it is held that a

21   common question of law or fact exists, the rule has been met and it lies within the

22

9

1 | discretion of the court to allow intervention. *See, e.g.,* 7C Wright, Miller & Kane,

2 | *Federal Practice and Procedure* § 1911, 357- 63 (2d ed.1986).

3 |      21.    The Liquidating Agent's defense shares a common question of law and fact

4 | to the instant action. The Liquidating Agent, whose has been granted the rights of a

5 | trustee in bankruptcy, has the duty to protect any claim against an asset of the Travelstead

6 | estate. The Liquidating Agent, like the other defendants, will ultimately contest the

7 | nature, extent and *bona fides* of the purported assignment of the shares to the Plaintiff.

8 | Moreover, the Plaintiff has put at issue whether the shares were 'carved-out" of the

9 | Travelstead bankruptcy case. This threshold issue will be contested by the Liquidating

10 | Agent and is but one of the common questions of law and fact upon which the

11 | Liquidating Agent's defense will rest.

12 |      WHEREFORE, Joel I. Sher, Liquidating Agent for the Chapter 11 Bankruptcy

13 | Estate of G. Ware Travelstead, respectfully requests the following:

14 |      A.    That the Liquidating Agent's Motion to Intervene be granted; and

15 |      B.    That the Liquidating Agent be permitted to intervene and participate in this

16 | lawsuit as a party defendant;

17 | ...

18 | ...

19 | ...

20 |

21 |

22 |

10

1    C.    That the Liquidating Agent be granted such other and further relief as is

2    just and equitable.

3         DATED this 28th day of February, 2005.

4                                   GALLAGHER & KENNEDY, P.A.

5

6                              By: _____

7                                   Joseph E. Cotterman
                                     2575 East Camelback Road
                                     Phoenix, Arizona 85016-9225

8

9                                   SHAPIRO SHER GUINOT & SANDLER
                                     Joel I. Sher, Maryland Bar No. 00719
                                     Paul V. Danielson, Maryland Bar No. 27339
10                                   36 S. Charles Street, 20th Floor
                                     Baltimore, Maryland 21201

11

12                                   Attorneys for Plaintiff/Defendant

13

                              **CERTIFICATE OF SERVICE**
14

         I HEREBY CERTIFY that on the 28th day of February, 2005, a copy of the
15

     foregoing Motion to Intervene was served, by first-class mail, postage prepaid, on:
16

17   | Richard M. Grimsrud, Esquire | Andrew Foster Halaby, Esquire |
     | P.O. Box 639 | Snell & Wilmer LLP |
     | Flagstaff, AZ 86002 | 400 E. Van Buren |
18   | | Phoenix, AZ 85004 |

19

20   | Mr. G. Ware Travelstead | Paul M. Nussbaum, Esquire |
     | 1709 Dey Cove Drive | Whiteford Taylor & Preston |
     | Virginia Beach, VA | 7 St. Paul Street |
21   | | Baltimore, MD 21202 |

22

                                   11

1
2
3

Mark A. Neal, Esquire
Assistant U.S. Trustee
Office of the United States Trustee
300 W. Pratt Street, Suite 350
Baltimore, MD   21201

4

5            _/) //w.;/r,; /_

6

7   1253718

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

12

1  Joel I. Sher, Maryland Bar No. 00719
   Paul V. Danielson, Maryland Bar No. 27339
2  SHAPIRO SHER GUINOT & SANDLER
   36 S. Charles Street, 20th Floor
3  Baltimore, Maryland 21201
   (410) 385-0202
4
   Joseph E. Cotterman (013800)
5  GALLAGHER & KENNEDY, P.A.
   2575 East Camelback Road
6  Phoenix, Arizona 85016-9225
   (602) 530-8000
7  Attorneys for Intervening Defendant

8

9

10                        UNITED STATES DISTRICT COURT

11                             DISTRICT OF ARIZONA

12  In re:

                                          No. CV 04-2934-PCT-JAT
13  LARRY J. WEST, TRUSTEE of WEST
    COMPANIES DEFINED BENEFITS            **MOTION TO DISMISS AMENDED**
    PENSION PLAN & TRUST,                 **COMPLAINT FOR IMPROPER**
14                                         **VENUE OR, IN THE**
                                          **ALTERNATIVE, TO TRANSFER**
15              Plaintiff,                 **VENUE**

16       vs.                              **ORAL ARGUMENT REQUESTED**

17  G. WARE TRAVELSTEAD and BABBITT
    RANCHES, LLC, C.O. RANCH, ESPEE
18  RANCH, CATARACT RANCH, BABBITT
    BROTHERS TRADING COMPANY, and
19  C.O. BAR, INC.

                Defendants.
20

21       Joel I. Sher, Liquidating Agent (the "Liquidating Agent") for the Chapter 11

22  Bankruptcy Estate of G. Ware Travelstead ("Travelstead") moves to dismiss the

1  Amended Complaint of Larry J. West, Trustee of West Companies Defined Benefit

2  Pension Plan & Trust (the "Plaintiff") for improper venue pursuant to Rule 12 of the

3  Federal Rules of Civil Procedure, or, in the alternative, to transfer venue pursuant to 28

4  U.S.C. §1412 and, in support thereof, states:

5                                    **PRELIMINARY STATEMENT**

6          1.      Simultaneously with the filing of this motion, the Liquidating Agent has

7  filed a Motion To Intervene. As detailed in the Motion To Intervene, the Amended

8  Complaint seeks, *inter alia*, a declaration of rights as to Travelstead's ownership of

9  certain shares of stock of C.O. Bar Inc. (the "Shares"), which Shares are property of the

10  estate of a bankruptcy case currently pending before the United States Bankruptcy Court

11  for the District of Maryland (the "Bankruptcy Court"). Although the Amended Complaint

12  acknowledges Travelstead's pending bankruptcy case, the Plaintiff seeks to avoid the

13  jurisdiction of the Bankruptcy Court by alleging that the Shares were "carved out from"

14  that bankruptcy case. Notwithstanding the inaccuracy of that allegation, the

15  determination of the Plaintiff's claim to the Shares is a core proceeding arising in or

16  related to a pending case under Title 11 of the United States Code, the resolution of

17  which is left exclusively to the Bankruptcy Court. Moreover, the Bankruptcy Court,

18  which retains jurisdiction to resolve disputes such as the one at bar, is the appropriate

19  court to interpret and enforce its own orders (which orders will, in part, be dispositive of

20  the Plaintiff's claim). Thus, venue is proper in the Bankruptcy Court and the Amended

21  Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3). In the alternative, this

22

1  matter should be transferred to the United States District Court for the District of

2  Maryland pursuant to 11 U.S.C. §1412.

3                              **FACTUAL BACKGROUND**

4  **Debtor's Chapter 11 Bankruptcy Case**

5          2.       Travelstead filed a voluntary petition for relief under Chapter 11 of the

6  United States Bankruptcy Code in the Bankruptcy Court on May 31, 1996 (the "Chapter

7  11 Case").

8          3.       On December 31, 1997 the Bankruptcy Court entered an Order (the

9  "Confirmation Order") Approving Debtor's Modified Fifth Amended Disclosure

10  Statement and Confirming the Debtor's Third Modified Fourth Amended Plan of

11  Reorganization (the "Plan"). A copy of the Confirmation Order and Plan are attached

12  hereto as Exhibits 1 and 2, respectively.

13          4.       Pursuant to the terms of Section 6.1 of the Plan and by another order

14  entered on December 31, 1997, Joel I. Sher was appointed as the Liquidating Agent. *See*

15  Order of Appointment attached hereto as Exhibit 3.

16          5.       Pursuant to the Confirmation Order, the Liquidating Agent has "the right

17  and standing to pursue and defend any claims or rights of action in respect of the property

18  of the estate or of the debtor." *Confirmation Order* at 3. In fact, the Plan grants the

19  Liquidating Agent, *inter alia*, "all of the rights, duties, obligations, and powers of a

20  trustee including, but not limited to those set forth in §§704(1) and 1106 of the

21  Bankruptcy Code." *Plan* at Article 6.5(a). The Liquidating Agent is to continue in this

22  capacity "until the distributions to all creditors of all payments required under the Plan

3

1  are completed and the case is closed." *Plan* at Article 6.3. Distributions to creditors have

2  not been completed and the case has not been closed. Indeed, there are various matters

3  still being prosecuted before the Bankruptcy Court by the Liquidating Agent and others.

4  Thus, the Liquidating Agent has standing and capacity to be heard in this case.

5      6.      Due to the unique nature of assets owned by Travelstead and based upon

6  concerns expressed by his creditors, the Bankruptcy Court, pursuant to the terms of the

7  Confirmation Order, purposefully modified the terms of the Plan to insure that the

8  Liquidating Agent's authority would extend to all assets which Travelstead owned as of

9  the petition date, May 31, 1996. In that regard the Confirmation Order provides "....that

10 the rights, duties and obligations of the Liquidating Agent, as defined in the Plan, shall be

11 applicable to all of the assets of the estate, <u>whether known or unknown</u>, until such time as

12 creditors are paid in full pursuant to the Plan....." *Confirmation Order* at 3, emphasis

13 supplied.

14     7.      The Bankruptcy Court also included protections against post-confirmation

15 actions which Travelstead might attempt to take with disclosed or undisclosed assets of

16 the bankruptcy estate. To that end, the Confirmation Order states that "...the Debtor is

17 prohibited from taking any action, or making any management decision, relating to any

18 business interest which is an asset of the estate without prior consent of the Liquidating

19 Agent . . . ." *Confirmation Order* at 3.

20     8.      Notably, the Bankruptcy Court specifically retained jurisdiction for

21 continued enforcement of the Chapter 11 Plan until its finality. Article 12.1 of the Plan

22 states in relevant part:

4

1  . The Bankruptcy Court shall retain jurisdiction over the Debtor and his
 Chapter 11 proceedings through and including the date that all Claims have
2 been satisfied in the manner required under this Plan to the extent permitted
 under the Bankruptcy Code, including, (a) to determine any and all
3 objections to the allowance of Claims; . . . (d) to determine any and all
 controversies or disputes arising under, or in conjunction with, the Plan
4 including issuing any orders appropriate under 105 of the Bankruptcy
 Code; (e) to, at the Court's discretion, effectuate payments under, and
5 performance of, the provisions of the Plan; and (f) to determine such other
 matters and acts for such other purposes as may be provided for in the
6 Confirmation Order.

*Plan*, at Article 12.1

7

**The Amended Complaint**

8

9. The Amended Complaint was filed on December 20, 2004, requesting

9

declaratory and injunctive relief against the Debtor, Babbitt Ranches, LLC, C.O. Ranch,

10

Espee Ranch, Cataract Ranch, Babbitt Brothers Trading Company and C.O. Bar, Inc.

11

(collectively, the "Babbitt Interests"). In the Amended Complaint the Plaintiff alleges

12

that Travelstead pledged the Shares to secure a $281,000 debt allegedly owed to Plaintiff.

13

However, the Plaintiff acknowledges that Travelstead acquired his interests in the Shares

14

in 1993, three years before Travelstead filed for Chapter 11 relief. Thus, the Shares are

15

property of Travelstead's bankruptcy estate and are subject to the jurisdiction of the

16

Bankruptcy Court. 11 U.S.C § 541.

17

10. The Plaintiff attempts to side step the jurisdiction of the Bankruptcy Court

18

by suggesting merely "upon information and belief" that "the Shares which are the

19

subject of this action are carved out from and . . . not subject to the bankruptcy

20

proceeding." *Amended Complaint* at ¶7. However, the Plaintiff's allegation that

21

Travelstead owned the Shares as of the time of the filing of his Chapter 11 case belies the

22

5

1    Plaintiff's further allegation that the Shares are not subject to Travelstead's bankruptcy

2    case. Indeed, this allegation on its face demonstrates that this dispute should be heard by

3    the Bankruptcy Court.

4           11.    Neither the Plaintiff nor Travelstead sought the Liquidating Agent's

5    approval of the alleged assignment. Moreover, upon the Liquidating Agent's information

6    and belief, the Plaintiff had actual knowledge of the Chapter 11 Case at the time of the

7    alleged assignment. Therefore, the assignment may be void *ab initio*.

8           12.    The Confirmation Order and the Order of Appointment were designed by

9    the Bankruptcy Court to protect against this very type of secret transaction. Moreover,

10   those orders, in conjunction with the Plan, gave the Liquidating Agent the exclusive right

11   and duty to dispose of Travelstead's property and also insured that the Liquidating Agent

12   would protect the rights of Travelstead's creditors whose recovery is based upon the

13   proceeds of the liquidation of that property.

14                              **ARGUMENT**

15   **I.    DISMISSAL FOR IMPROPER VENUE**

16          **A.    12(b)(3) Dismissal Standard**

17          13.    The Amended Complaint should be dismissed with prejudice because

18   venue in the United States District Court for the District of Arizona is improper. The

19   Bankruptcy Court retains jurisdiction over the property which is the subject of the

20   Amended Complaint, and the United States District Court for the District Of Maryland

21   and the Bankruptcy Court are the proper forums to interpret and enforce core proceedings

22   involving that property.

6

1    14.    Fed. R. Civ. P. 12(b)(3) provides that a complaint may be dismissed upon a

2    motion raising the defense of improper venue.  In a motion to dismiss for improper

3    venue, the pleadings need not be accepted as true.  *Murphy v. Schneider National, Inc.*

4    362 F.3d 1133, HN2 (9th Cir.2004).  Further, the court may accept facts outside of the

5    pleadings. *Id.*  Thus, in resolving this matter the Court may consider the Amended

6    Complaint, along with the Plan, the Confirmation Order and the Order of Appointment.

7    15.    While there is a split of authority, a number of courts hold that it is the

8    plaintiff's burden to prove venue is proper "inasmuch as it is plaintiff's obligation to

9    institute his action in a permissible forum, both in terms of jurisdiction and venue." *Open*

10    *Solutions Imaging Systems, Inc. v. Horn*, 2004 WL 1683158 (D.Conn. Jul 27, 2004); *see*

11    *also Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182 (7th Cir. 1969); *Perkins v.*

12    *Town of Princeville*, 340 F.Supp.2d 624 (M.D.N.C. 2004).  In this instance, as the

13    Plaintiff has already acknowledged the existence of the Chapter 11 Case, the Plaintiff

14    cannot meet his burden and the Court should dismiss the Amended Complaint.

15    **B.    Bankruptcy Court Jurisdiction**

16    16.    The propriety of a dismissal of the Amended Complaint is supported by an

17    analysis of the jurisdiction of the bankruptcy court. 28 U.S.C §1334(e) provides that the

18    "district court in which a case under Title 11 is commenced or is pending shall have

19    exclusive jurisdiction of all of the property, wherever located, of the debtor as of the

20    commencement of such case, and of the estate."  Thereafter, 28 U.S.C. §157(a) allows the

21    district court to refer any and all cases or proceedings arising under Title 11, arising in a

22    case under title 11, or core proceedings under Title 11, to bankruptcy judges within the

7

1  district. Additionally, 28 U.S.C. § 1334(b) grants district courts jurisdiction over all civil

2  proceedings arising under Title 11, or arising in or related to cases under Title 11.

3       18.    11 U.S.C. §541(a)(1) further provides that property of the estate consists of

4  "all legal or equitable interests of the debtor in property [wherever located and by

5  whomever held] as of the commencement of the case". According to the Amended

6  Complaint, Travelstead acquired the Shares three years prior to the commencement of the

7  Chapter 11 Case and attempted to pledge them several years later in 2003. Therefore, the

8  Shares were and are property of the Travelstead bankruptcy estate and, pursuant to 28

9  U.S.C. §1334(e) and 28 U.S.C. §157(a), the Bankruptcy Court has exclusive jurisdiction

10  over the Shares.

11       19.    28 U.S.C. §157(b) also provides a non-exhaustive list of what constitutes a

12  core proceeding, which are to be heard by the Bankruptcy Court. 28 U.S.C. §157(b)(2)

13  states in relevant part:

14       (2)    Core proceedings shall include, but are not limited to—

15           (A)     matters concerning the administration of the estate;
         (E)     orders to turn over property of the estate;

16           (K)     determinations of the validity, extent, or priority of liens;
         (L)     confirmation of plans;

17           (N)     orders approving the sale of property . . . ;
         (O)     other proceedings affecting the liquidation of the assets of the

18                 estate . . ..
28 U.S.C. §157(b)(2)

19

20       20.    In this instance, the Plaintiff's request for declaratory relief is a core

proceeding. For instance, the Amended Complaint raises an issue as to the validity,

21  extent and priority of a lien upon the Shares, as well as the legitimacy of the alleged

22

8

1   pledge of the Shares. Moreover the determination of the disposition of the Shares and the

2   proceeds thereof is a matter concerning the administration of the estate. Therefore, the

3   disputes raised in the Amended Complaint are core proceedings in the Chapter 11 Case,

4   and the Bankruptcy Court retains jurisdiction over same.

5        21.    Further, the Bankruptcy Court's jurisdiction has not been disturbed by the

6   confirmation of the Plan. It is well settled that a bankruptcy court may retain post-

7   confirmation jurisdiction over actions which raise issues concerning the execution,

8   implementation, administration or interpretation of a plan and enforcement of a

9   confirmation order. *In re Polar Molecular Corporation*, 195 B.R. 548 (Bankr.D.Mass.

10  1996). 11 U.S.C. § 1142 requires a debtor to carry out provisions of a confirmed plan

11  and also permits the court to order performance of the plan. *In re Harlow Properties,*

12  *Inc.*, 56 B.R. 794 (9th Cir. BAP 1985); *See also In re Polar Molecular Corporation* at 552

13  ("the clear intent of Section 1142(b) is . . . to assure that the terms and provisions of the

14  confirmed Chapter 11 plan are carried out until the plan is completed and a final decree is

15  entered closing the case," *quoting In re Terracor*, 86 B.R. 671, 676 (D.Utah1988)); *In re*

16  *Blue Diamond Coal Co.*, 163 B.R. 798, 809 (Bankr.E.D. Tenn.1994) (bankruptcy court

17  has "the authority to construe the terms of the plan that it confirmed and to ensure that the

18  plan is properly executed and consummated.")

19       22.    Courts have also held that the terms of a plan are a relevant factor in the

20  retention of jurisdiction by the bankruptcy court. *See, e.g., In re Allied Technology, Inc.*,

21  25 B.R. 484, 499 (Bankr.S.D.Ohio 1982) ("the key document for determination of this

22  Court's post confirmation jurisdiction is . . . the Plan itself."); *see also, In re Aylesbury*

1   *Inn, Inc.* 121 B.R. 675, 677-78 (Bankr.N.D.N.Y. 1990) ("It is not improper, in fact it is a

2   prudent practice, to define certain future events [in the Plan] thereby eliminating a source

3   of prospective misunderstanding between the parties.") The Plan provides for a broad

4   retention of jurisdiction by the Bankruptcy Court until all claims against Travelstead have

5   been satisfied, including the authority "to determine any and all controversies or disputes

6   arising under, or in conjunction with, the Plan" and "to . . . effectuate . . . performance

7   of, the provisions of the Plan." The Bankruptcy Court anticipated disputes such as the

8   one presented by the Amended Complaint, and took steps in its Confirmation Order to

9   protect its rights to enforce the Plan.

10          **C.    Proper Venue is in the Bankruptcy Court**

11          23.    The Plaintiff relies upon the federal diversity jurisdiction of 28 U.S.C. 1332

12   (a)(1) as the basis for this Court's jurisdiction. In addition, the Plaintiff relies upon 28

13   U.S.C. §1391(a) for the proposition that venue is proper in this judicial district. Absent

14   Travelstead's pending bankruptcy case, the Plaintiff may have been correct (assuming the

15   jurisdictional and venue allegations of the Amended Complaint are accurate). However,

16   because of the Chapter 11 Case, and the dispute over the Shares arises under or is related

17   to that case, 28 U.S.C. §1409 dictates that venue lies in the Bankruptcy Court.

18          (a) except as otherwise provided in subsections (b) and (d), a
                proceeding arising under Title 11 or arising in or related to a case under
19              Title 11 may be commenced in the District Court in which such case is
                pending.

20   28 U.S.C. §1409.

21

22

                                            10

1  The general rule of §1409(a) is that the court in which the bankruptcy case is pending is

2  always a proper venue to adjudicate claims arising under or related to a case under Title

3  11. H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 446 (1977), *reprinted in* 1978

4  U.S.C.C.A.N. 5963, 6402; *In re Hechinger Inv. Co. of Delaware, Inc.*, 296 B.R. 323

5  (Bankr.D.Del.2003); *Howard Brown Co. v. Reliance Ins. Co.*, 66 B.R. 480

6  (E.D.Pa.1986). Indeed, matters of "case administration" are properly resolved in the

7  court in which a bankruptcy case is pending. *In re Eagle-Picher Industries, Inc.*, 162 B.R.

8  140 (Bankr. S.D. Ohio 1993).

9      24.    The facts of the instant case point to venue in the Bankruptcy Court. The

10  disposition of the Shares, assets of the Chapter 11 estate, and any claims to those Shares

11  should be determined by the court that issued the orders regarding all assets of the estate.

12  This is a bankruptcy matter properly decided by the Bankruptcy Court which has

13  knowledge of the affairs of Travelstead, and of the rights and interests of the agents and

14  creditors of his bankruptcy estate.[1]

15      25.    The dispute addressed in the Amended Complaint requires the

16  interpretation and enforcement of the Confirmation Order as well as the Plan. For

17  instance, Plaintiff may try and argue that some non-disclosure by Travelstead is the basis

18  for the alleged carve-out of the Shares. However, the Confirmation Order confers rights

19  upon the Liquidating Agent in all "known or unknown" property and prohibits the pledge

20  _____

[1] The Honorable E. Stephen Derby presided and continues to preside over Travelstead's
21  Chapter 11 case.

22

1  alleged by the Plaintiff without the Liquidating Agent's prior consent. The interpretation

2  of what the Bankruptcy Court meant by "known or unknown" property is an issue better

3  left to that court. The Liquidating Agent was neither aware of, nor consented to, the

4  pledge. Moreover, if Plaintiff and Travelstead purposefully (or even negligently) ignored

5  the rights of the Liquidating Agent, the Bankruptcy Court is the appropriate court to

6  fashion a remedy. Simply put, venue properly lies in the United States Bankruptcy Court

7  for the District of Maryland. For that reason, the Liquidating Agent respectfully requests

8  that this Court dismiss the Amended Complaint with prejudice.

9  **II.    TRANSFER OF VENUE UNDER 28 U.S.C. §1412**

10        26.    Even though the Liquidating Agent believes that venue is improper in this

11  Court, the Court may, in the alternative, transfer this proceeding to the United States

12  District Court for the District of Maryland  pursuant to 28 U.S.C. §1412.[2]

13        27.    While courts are split as to whether 28 U.S.C. §1404 or §1412 govern a

14  case related to a bankruptcy proceeding, "the argument is a largely academic exercise; the

15  factors to be considered under either statute are the same." *Jackson v. Venture*

16  *Department Stores, Inc.*, 1998 WL 778057 at *2 (N.D.Ill., Nov. 3,1998); *See also City of*

17  *Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358 (D.Kan.,2004)("The only substantial

18  difference between the statutes is the additional requirement under §1404(a) that an

19  action may be transferred to any place where venue could have been valid originally.")

20  ─────────────────────

[2] 28 U.S.C. §1412 confers the right to transfer venue to another district court. The
21  District Court for the District of Maryland will then determine the proper forum for
adjudicating the case. Given that the instant matter is a core proceeding, the Liquidating
22  Agent expects that the case will be referred to the Bankruptcy Court.

12

1 | Indeed, the factors to be considered in a §1404(a) analysis -- the relative ease of access to

2 | sources of proof; availability of compulsory process for attendance of unwilling, and the

3 | cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view

4 | would be appropriate to the action; and all other practical problems that make trial of a

5 | case easy, expeditious and inexpensive, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) –

6 | are included in the §1412 factors listed *infra*.[3]

7 |     28.    28 U.S.C. §1412 provides:

8 |     A district court may transfer a case or proceeding under title 11 to a district
    court for another district in the interest of justice or for the convenience of
9 |     the parties.

10 | The "interest of justice" factor is a "broad and flexible standard which must be applied on

11 | a case by case basis." *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2[nd]

12 | Cir. 1990). The analysis requires "consideration of whether transferring venue would

13 | promote the efficient administration of the bankruptcy estate, judicial economy,

14 | timeliness, and fairness." *In re Iridium Operating LLC*, 285 B.R. 822, 836 (S.D.N.Y.

15 | 2002). "The granting or denial of a motion to change venue is discretionary with the

16 | court." *Alliant Health Mgmt. Services, Inc. v. Vital Link Private Duty Lodi, Inc. (In re*

17 | *Vital Link Lodi, Inc.)*, 240 B.R. 15, 19 (Bankr.W.D.Mo. 1999).

18 |     29.    Courts have adopted several factors to determine transfer of venue under

19 | §1412. In considering the "interest of justice", courts may look to:

20 |

[3] Indeed, Section 1404(a) "is intended to place discretion in the district courts to
21 | adjudicate motions for transfer according to an individualized, case-by-case consideration
of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp*, 487 U.S. 22
22 | (1988).

1    1) whether transfer will promote economic and efficient administration of
     bankruptcy estate; (2) whether interests of judicial economy will be served
2    by a transfer; (3) whether parties will be able to receive fair trial in each of
     the possible venues; (4) whether either forum has interest in having
3    controversy decided within its borders; (5) whether enforceability of any
     judgment will be affected by transfer; and (6) whether plaintiff's original
4    choice of forum should be respected.

5  *In re Enron Corp.*, 317 B.R. 629 (Bankr.S.D.N.Y.2004).

6      30.    Factors for considering the second prong, convenience of the parties,

7  include:

8      (1) location of plaintiff and defendant; (2) ease of access to necessary
       proof; (3) convenience of witnesses and of the parties and their relative
9      physical and financial condition; (4) availability of subpoena power for
       unwilling witnesses; and (5) expense of obtaining presence of unwilling
10     witnesses.
   *Id.*
11
       31.    These factors are all to be viewed in light of the strong presumption that
12
   "civil proceedings should be tried in the 'home' court, namely the court where the
13
   bankruptcy case is pending." *In re Krystal Cadillac-Oldsmobile-GMC Truck, Inc.*, 232
14
   B.R. 622,627 (E.D.Pa.1999); *In re Continental Airlines, Inc.*, 133 B.R. 585
15
   (Bankr.D.Del.1991)
16
       32.    Taking all of the above into account, transfer to the District of Maryland is
17
   appropriate in the instant action. As to "interest of justice," the Bankruptcy Court has
18
   governed actions involving assets of Travelstead's estate for a significant period of time.
19
   The Liquidating Agent has actively pursued, collected and liquidated extensive property
20
   of the estate and has the mechanisms in place in the Bankruptcy Court for an efficient and
21

22
                                        14

1   fair determination of the rights of the claimants to the asset.[4]  The ability of the

2   Bankruptcy Court to resolve an issue over the transfer and encumbrance of estate

3   property is crucial to the economic and efficient administration of the estate.

4       33.    Most importantly, however, is the fact that the Plan and Order of

5   Appointment would be affected by a failure to transfer the case to the Bankruptcy Court.

6   As presented, *supra*, this case may turn on an interpretation and implementation of

7   previous orders of the Bankruptcy Court, and that court continues to maintain jurisdiction

8   to hear any disputes regarding its own orders.  Given that the Shares are property of

9   Travelstead's estate, the Bankruptcy Court, with continuing jurisdiction over that asset,

10  has an overwhelming interest in deciding the controversy.

11      34.    In considering the "convenience of the forum" test, neither the Plaintiff nor

12  Travelstead reside in Arizona.  In fact, Plaintiff alleges that Travelstead resides in

13  Maryland, the situs of the Bankruptcy Court.  And while the Babbitt Interests are Arizona

14  LLC's, there is no indication that its members have any knowledge about the alleged

15  assignment, nor is their testimony likely to be dispositive to the issues raised by the

16  Plaintiff.  Further, the Plaintiff provides no evidence that the alleged October, 2003

17  transfer of Shares took place in Arizona.  In fact, the Pledges of Shares Stock attached to

18  the Amended Complaint lists New York and Virginia addresses for the Plaintiff and

19

20  [4]  The Liquidating Agent has sold various assets of Travelstead, located in such places as
    Australia, Spain and the United States.  In several of those sales, third parties asserted
21  claims against Travelstead's interests, and the Bankruptcy Court was called upon to
    resolve those competing claims.  The Bankruptcy Court will be dealing with familiar
22  issues in resolving the Plaintiff's claim.

15

1  Travelstead. Importantly, the main witnesses to the dispute (the Liquidating Agent, the

2  Plaintiff and Travelstead) reside on the east coast.

3    35.    Taking into account the presumption in favor of deciding the dispute in the

4  Bankruptcy Court, the fact that the interests of justice overwhelmingly favor the

5  Bankruptcy Court, and that the Bankruptcy Court is more convenient to the two major

6  parties to the alleged transaction, this Court may, in the alternative, transfer this matter to

7  the United States District Court for the District of Maryland.

8    WHEREFORE, Joel I. Sher, Liquidating Agent for the Chapter 11 Bankruptcy

9  Estate of G. Ware Travelstead, respectfully requests the following:

10    A.    That the Liquidating Agent's Motion to Dismiss for Improper Venue Or, In

11  the Alternative, to Transfer Venue, be granted; and

12    B.    That the Amended Complaint be dismissed, with prejudice; and

13    C.    In the alternative, that the Court transfer this matter to the United States

14  District Court for the District of Maryland; and

15  …

16  …

17  …

18

19

20

21

22

16

1    D.    That the Liquidating Agent be granted such other and further relief as is

2  just and equitable.

3    DATED this _____ day of February, 2005.

4    GALLAGHER & KENNEDY, P.A.

5

6    By: _____

7    Joseph E. Cotterman
     2575 East Camelback Road
     Phoenix, Arizona 85016-9225

8
     SHAPIRO SHER GUINOT & SANDLER
9    Joel I. Sher, Maryland Bar No. 00719
     Paul V. Danielson, Maryland Bar No. 27339
10   36 S. Charles Street, 20th Floor
     Baltimore, Maryland 21201

11
     Attorneys for Plaintiff/Defendant
12
     **CERTIFICATE OF SERVICE**
13
14    I HEREBY CERTIFY that on the 28th day of February, 2005, a copy of the

     foregoing
15
     Motion to Dismiss Amended Complaint for Improper Venue or, In the Alternative, to
16
     Transfer Venue was served, by first-class mail, postage prepaid, on:
17

| Richard M. Grimsrud, Esquire | Andrew Foster Halaby, Esquire |
|---|---|
| P.O. Box 639 | Snell & Wilmer LLP |
| Flagstaff, AZ 86002 | 400 E. Van Buren |
| | Phoenix, AZ 85004 |
| Mr. G. Ware Travelstead | Paul M. Nussbaum, Esquire |
| 1709 Dey Cove Drive | Whiteford Taylor & Preston |
| Virginia Beach, VA | 7 St. Paul Street |
| | Baltimore, MD 21202 |

18

19

20

21

22

17

1

2

3

4

5

6   1253731

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

| Mark A. Neal, Esquire |
| Assistant U.S. Trustee |
| Office of the United States Trustee |
| 300 W. Pratt Street, Suite 350 |
| Baltimore, MD   21201 |