**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD,** | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER GRANTING MOTION OF LIQUIDATING AGENT FOR AUTHORITY TO
SELL INTERESTS IN AND ASSOCIATED WITH BABBITT RANCHES L.L.C.
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

Upon consideration of the Motion Of The Liquidating Agent For Authority To Sell All Of The Debtor's Right, Title And Interests In And Associated With Babbitt Ranches, L.L.C., Free And Clear Of Liens, Claims And Encumbrances (the "Motion"), this Court having fully considered and heard all responses filed in response to the Motion, and a hearing have been conducted by this Court to consider the Motion and any responses filed thereto, and after due deliberation by this Court regarding this matter, and good cause having been shown, it is, by the United States Bankruptcy Court for the District of Maryland, FOUND THAT:

A.   Notice of the Motion and the hearing was properly provided by the Liquidating Agent to all creditors and parties-in-interest entitled to such notice pursuant to applicable

bankruptcy laws, statutes, and rules, and no other or further notice of the Motion or hearing is necessary;

      B.      The procedures followed by the Liquidating Agent to (i) enter into the Purchase, Sale and Settlement Agreement (the "PSA"), (ii) provide notice of the Motion, PSA and the Hearing, and (iii) investigate the value of the Debtor's Ownership Interests in Babbitt Ranches, LLC (the "Ownership Interests") have resulted in the highest and best offer for the assets to be sold;

      C.      All requirements of Sections 363(b), (f), (k), (l) and (m) of the United States Bankruptcy Code (the "Bankruptcy Code") have been fully satisfied;

      D.      St. Francis Property LLC ("St. Francis") has acted in good faith in connection with the purchase of the Ownership Interests and this order (the "Order") and is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code;

      E.      St. Francis is hereby found to be a bona fide purchaser with respect to the Ownership Interests to be conveyed pursuant to the Motion;

      F.      The consideration being offered by St. Francis to the Liquidating Agent pursuant to the terms and conditions of the PSA is hereby found to be fair and reasonable; and

      G.      The relief requested in the Motion is in the best interest of creditors and other parties-in-interest.

**THEREFORE, IT IS HEREBY**,

**ORDERED** that the Motion is GRANTED; and it is further

**ORDERED** that the PSA, the terms and conditions thereof and the transactions contemplated therein are hereby APPROVED in their entirety; and it is further

**ORDERED** that the findings of facts set forth above are ratified and adopted as findings of this Court and are incorporated into this Order by reference, and to the extent any of the findings set

forth herein are deemed to be conclusions of law, then such findings are hereby confirmed; and it is further

**ORDERED** that the Liquidating Agent is hereby authorized to sell the Ownership Interests to St. Francis in exchange for the consideration set forth in the PSA; and it is further

**ORDERED** that, upon closing of the terms and conditions of the PSA and this Order, the sale of the Ownership Interests shall be free and clear of all liens, claims, rights, encumbrances and interests of claimants of this estate, including but not limited to the claims of Larry J. West individually and as trustee of West Companies Defined Benefit Pension Plan & Trust ("West"); and it is further

**ORDERED** that all liens, claims, rights and encumbrances upon the Ownership Interests existing as of the date of closing including but not limited to the claims of West, shall attach to the consideration paid to the Liquidating Agent; and it is further

**ORDERED** that the consideration to be paid to the Liquidating Agent as set forth in the PSA is hereby APPROVED; and it is further

**ORDERED** that the Liquidating Agent is hereby authorized to take any and all actions as may be necessary and appropriate to effectuate the terms of the sale and the PSA, to settle in connection with the PSA and to consummate the transactions contemplated therein, including, without limitation, executing and delivering in the name of the Debtor as his attorney-in-fact any and all documents, instruments of transfer, conveyance documents and other documents required or necessary to consummate and settle the PSA and the transactions contemplated thereby; and it is further

**ORDERED** that the Liquidating Agent is hereby authorized, as needed, to stand in the shoes of the Debtor, and is granted and endowed with all of the Debtor's rights and powers appurtenant to his Ownership Interests; and it is further

**ORDERED** that this Court shall retain jurisdiction over any matters relating to or arising from the implementation of this Order including, without limitation, the resolution of any dispute whatsoever arising out of or concerning PSA.

cc:    Joel I. Sher, Esquire
Shapiro Sher Guinot & Sandler
36 S. Charles Street, 20th Floor
Baltimore, MD   21201

Paul M. Nussbaum, Esquire
Stephen F. Fruin, Esquire
Whiteford, Taylor & Preston
7 St. Paul Street
Baltimore, MD  21202-1626

Mark A. Neal, Esquire
Assistant U.S. Trustee
Office of the United States Trustee
300 West Pratt Street, Suite 350
Baltimore, MD   21201

Richard M. Grimsrud, Esquire
P.O. Box 639
Flagstaff, Arizona 86002

Todd Feltus, Esquire
Snell & Wilmer L.L.P.
One Phoenix Center
400 E. Van Buren
Phoenix, AZ, 85004-2202

Edward McDermott, Esquire
Pollack & Kaminsky
114 West 47th Street, 19th Floor
New York, NY  10036

Attached Service List

**- END OF ORDER -**

F:\LIT\JISHER\WPDATA\TravelsteadBabbitSaleMotion.doc