IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:                                              *

**G. WARE TRAVELSTEAD,**               *       Case No. 96-5-4979-SD
                                                            (Chapter 11)
         Debtor.                                  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF LIQUIDATING AGENT'S MOTION FOR AUTHORITY TO SELL INTERESTS IN AND ASSOCIATED WITH BABBITT RANCHES L.L.C. <u>FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES</u>

**TO ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on this date, Joel I. Sher, the Liquidating Agent for the bankruptcy estate of G. Ware Travelstead (the "Liquidating Agent") filed a Motion for Authority to Sell Interests in and Associated With Babbitt Ranches L.L.C. Free and Clear of Liens, Claims and Encumbrances (the "Motion").  The Motion may be inspected at the Clerk's Office, United States Bankruptcy Court, 8th Floor, 101 West Lombard Street, Baltimore, Maryland 21201.

By the Motion, the Liquidating Agent seeks to sell all of the Debtor's right, title and legal and beneficial interest in (i) five hundred twenty-four (524) shares of the common stock of C.O. Bar, Inc., and (ii) five hundred twenty-four (524) units of ownership interest in Babbitt Ranches L.L.C. ("Babbitt Ranches").

Based upon his investigation, the Liquidating Agent has determined that the Debtor owns a 2.844% membership interest in Babbitt Ranches, which interest was acquired in December 1993, pursuant to three separate assignments of membership interests representing (i) approximately 524 shares (the "Shares") of C.O. Bar, Inc., and (ii) 524 units of ownership interest (the "Units") (collectively the Shares and the Units are referred to as the "Ownership Interests") in Babbitt Ranches.

The rights of the members of Babbitt Ranches are governed by the Operating Agreement of Babbitt Ranches, LLC, dated as of December 6, 1993 (the "Operating Agreement").  Pursuant to the terms of the Operating Agreement, a member of Babbitt Ranches is entitled to receive from time to time, certain dividends as determined by the manager.  In the course of his investigation, the Liquidating Agent learned that unbeknownst to the Liquidating Agent, the Debtor received certain dividends from Babbitt Ranches during the pendency of this bankruptcy case.  However, the Liquidating Agent determined that the dividends payable to the holders of membership interests (and specifically the 2.844% interest held by the Debtor) have been nominal to date, and are expected to continue as such in the future.

The Liquidating Agent has entered into a Purchase, Sale and Settlement Agreement (the "PSA") dated as of July 29, 2005. Pursuant to the terms of the PSA, the Liquidating Agent agreed to sell all the Debtor's right, title and interest in the Ownership Interests to St. Francis Property LLC ("St. Francis"). St. Francis is a limited liability company organized under the laws of the State of Arizona and controlled by the President of Babbitt Ranches.

As more fully set forth in the PSA, St. Francis has agreed to pay to the Liquidating Agent the sum of $262,000 for the Ownership Interests. As additional consideration, St. Francis has agreed to pay the Liquidating Agent (i) the sum of $38,645 in consideration of those dividends previously paid to the Debtor which Liquidating Agent contends should have been paid to him or the estate of the Debtor and (ii) the sum of $10,000.00 to defray the legal expenses incurred by the Liquidating Agent in conjunction with his investigation of the Ownership Interests.

The obligations of the parties to the PSA are contingent upon (i) entry of an order of the Bankruptcy Court authorizing the sale of the Ownership Interests free and clear of all liens, claims and encumbrances, including, but not limited to, the West Claims (as hereinafter discussed and defined), and (ii) either (a) entry of an order by a court of competent jurisdiction dismissing with prejudice a lawsuit originally filed in the United States District Court for the District of Arizona, Prescott Division ("Arizona Court"), Case No. 04-CV-2934 (the "District Court Litigation") against Babbitt Ranches, Bar Ranch, Espee Ranch, Cataract Ranch, Babbitt Brothers Trading Company, and Inc ("collectively the "Babbitt Parties"), or (b) entry of an order by a court of competent jurisdiction in favor of the Babbitt Parties in the District Court Litigation, which order has become final and non-appealable.

On or about January 15, 2005, Larry J. West, as trustee of West Companies Defined Benefit Pension Plan and Trust ("West"), filed an Amended Complaint in the Arizona Court, against the Debtor and the Babbitt Parties. As more fully set forth in the Amended Complaint, West alleges, *inter alia,* that on or about October 30, 2003, he received an assignment of the Shares from the Debtor, in consideration of a loan West allegedly made to the Debtor in the approximate amount of $500,000.00. Through the District Court Litigation, West seeks (i) a declaration that he is the lawful owners of the Shares and (ii) an injunction prohibiting the Debtor from making any further assignment of the Shares.

The Liquidating Agent believes that the purported assignment of the Shares to West was invalid and *void ab initio* because (i) the Debtor lacked the authority to transfer the Shares without the Liquidating Agent and the Bankruptcy Court's approval thereof, neither of which were obtained, (ii) the Debtor and West failed to advise or consult with the Liquidating Agent before the alleged assignment, (iii) the purported assignment failed to comply with the terms of the Operating Agreement and (iv) the purported assignment fails to comply with applicable law. Thus, the claims, if any, of West in the Shares are in bona fide dispute.

NOTICE IS FURTHER GIVEN that objections to the Motion, if any, must be filed with the Clerk, United States Bankruptcy Court for the District of Maryland, 8th Floor, 101 West Lombard Street, Baltimore, Maryland 21201, and served upon the undersigned counsel within twenty (20) days of the date of this Notice. If objections are filed, they must contain a complete specification of the grounds upon which the objection is based. **A hearing on the Motion has**

**been scheduled for Friday, August 26, 2005, at 11:30 a.m. in Courtroom 9-C.** If no objections are filed, the Court may approve the Motion without further notice.

Parties-in-interest desiring further information should contact the undersigned.

Dated:  July 29, 2005              /s/      Joel I. Sher
                                   Joel I. Sher, Bar No. 00719
                                   Richard M. Goldberg, Bar No. 07994

                                   Shapiro Sher Guinot & Sandler
                                   36 South Charles Street
                                   Twentieth Floor
                                   Baltimore, MD 21201-3147
                                   (410) 385-0202

                                   *Counsel for Joel I. Sher, Liquidating Agent*