1

2

3

4

5

6                         IN THE UNITED STATES DISTRICT COURT

7                             FOR THE DISTRICT OF ARIZONA

8

9   Larry J. West, Trustee of West Companies)    No. CV 04-2934-PCT-JAT
    Defined Benefit Pension Plan & Trust,    )
10                                            )    **ORDER**
            Plaintiff,                        )
11                                            )
    vs.                                       )
12                                            )
13  G. Ware Travelstead; Babbitt Ranches,)
    LLC; C.O. Ranch; Espee Ranch; Cataract)
14  Ranch;  Babbitt  Brothers  Trading)
    Company; C.O. Bar, Inc.,                  )
15                                            )
            Defendants.                       )
16                                            )
17  _____)

18          Pending before the Court are: (1) Defendants Babbitt Ranches, LLC; C.O. Ranch;

19  Espee Ranch; Cataract Ranch; Babbitt Brothers Trading Company; and C.O. Bar, Inc.'s

20  (collectively, the "Babbitt Defendants") Motion to Dismiss (Doc. #12); (2) Joel I. Sher's[1]

21  Motion to Dismiss Amended Complaint for Improper Venue or, in the alternative, to Transfer

22  Venue" (Doc. #14); and (3) Plaintiff Larry J. West's[2] Motion for Entry of Default (Doc. #15).

23  The Court now rules as follows.

24

25  _____

26      [1]     Mr. Sher is the Liquidating Agent for the Chapter 11 Bankruptcy Estate of G.
    Ware Travelstead. Accordingly, the Court will refer to Mr. Sher as "the Liquidating Agent."
27
        [2]     Plaintiff is the Trustee of West Companies Defined Trust Benefit Pension Plan
28  & Trust. He brings this action individually, and in his capacity as Trustee.

I.    Background and Procedural History

    A.    Plaintiff's Amended Complaint

This action concerns a dispute over ownership interests in realty located in Arizona. The material allegations of Plaintiff's Amended Complaint (Doc. #2) are summarized as follows.

Bruce Babbitt is the former U.S. Secretary of the Interior. In 1993, upon his appointment to President Clinton's cabinet, Mr. Babbitt sold 524 shares in the Babbitt Interests[3] (the "Shares") to G. W. Travelstead ("Mr. Travelstead"). (*Id.* at ¶¶2, 14.)

Plaintiff alleges that in October 2003, Mr. Travelstead pledged the Shares to him to secure a commercial investment loan. (*Id.* at ¶3.) He further alleges that "[b]ecause [Mr.] Travelstead has failed and refused to make any payment to Plaintiff upon the loan Travelstead received from Plaintiff for this pledge of Shares, Plaintiff decided thereafter to dispose of the holding, and [Plaintiff] approached the Babbitt Interests about doing so." (*Id.*) Plaintiff initially proposed to sell the Shares to the Babbitt Interests, to the Babbitts, or to other shareholders. (*Id.* at ¶¶16, 17.) Plaintiff also requested that the Babbitt Interests take up the matter of the transfer at a shareholders' meeting set for the end of April 2004. (*Id.* at ¶20.) However, Plaintiff claims that the Babbitt Interests did not respond to his offer and failed and refused to acknowledge Plaintiff's shareholder rights stemming from his ownership of the Shares. Plaintiff also alleges that he believes Mr. Travelstead may attempt to sell, assign, or otherwise dispose of the Shares. (*Id.* at ¶21.)

Based on these events, Plaintiff initiated this action in December 2004, seeking declaratory and injunctive relief requiring the Babbitt Defendants to recognize Plaintiff's ownership of the Shares and to accord him full shareholder rights, including the right of inspection guaranteed under Arizona law. In his First Claim for Relief, Plaintiff seeks a declaratory judgment that he "is the lawful owner of the Shares, and all rights appurtenant

---

[3]    The Babbitt Interests own more than 1,100 square miles of ranchland in Arizona. (*Id.* at ¶2.) It appears that the names "Babbitt Interests" and "Babbitt Defendants" are interchangeable.

1  thereto, and that such fact shall be reflected on the Babbitt Interests' stock transfer records."

2  (*Id.* at ¶27.)  In his Second Claim for Relief, Plaintiff seeks an injunction directing the

3  Babbitt Defendants  to record Plaintiff's ownership of the Shares on the Babbitt Interests'

4  stock register and accord Plaintiff all of the rights of a shareholder, including providing

5  Plaintiff with copies of all documents that are provided to shareholders as of right or a matter

6  of course.  (*Id.* at ¶32.)  Additionally, in his Third Claim for Relief, Plaintiff seeks a

7  judgment directing the Babbitt Interests to grant him an inspection of: (1) all items set forth

8  under Arizona Revised Statutes ("A.R.S.") § 10-1601(E); and (2) "detailed financial

9  statements setting forth the Babbitt Interests' assets and liabilities and results of operations

10  for the last three fiscal years." (*Id.* at ¶38.)  Finally, in his Fourth Claim for Relief, Plaintiff

11  seeks an injunction against Mr. Travelstead prohibiting him from selling or assigning the

12  Shares to anyone but Plaintiff.  (*Id.* at ¶40.)

13        B.    Bankruptcy Proceeding

14        On May 31, 1996, Mr. Travelstead filed a voluntary petition for relief under Chapter

15  11 in the United States Bankruptcy Court for the District of Maryland.  Thereafter, on

16  December 31, 1997, the Bankruptcy Court entered an Order Approving Debtor's Modified

17  Fifth Amended Disclosure Statement and Confirming the Debtor's Third Modified Fourth

18  Amended Plan of Reorganization. Pursuant to Section 6.1 of the Plan, and by Order entered

19  December 31, 1997, the Bankruptcy Court appointed Mr. Sher as Liquidating Agent for the

20  assets of Travelstead.[4]  Additionally, the Confirmation Order provides that "the Debtor is

21  prohibited from taking any action, or making any management decision, relating to any

22  business interest which is an asset of the estate without prior consent of the Liquidating

23  Agent."  The Bankruptcy Court also retained jurisdiction for continued enforcement of the

24

25

26        [4]    Pursuant to the Bankruptcy Court's Confirmation Order, the Liquidating Agent
has "the right and standing to pursue and defend any claims or rights of action in respect of
27  the property of the estate or of the debtor."  The Bankruptcy Court thereafter modified the
terms of the Plan to insure that the Liquidating Agent's authority would extend to all assets
28  that Travelstead owned as of the petition date, May 31, 1996.

1   Chapter 11 Plan until its finality. According to the Liquidating Agent, "[d]istribution to

2   creditors have not been completed and the case has not been closed."

3   II.   Motion to Dismiss Amended Complaint for Improper Venue, or Alternatively to
       Transfer Venue

4

5       In his Motion, the Liquidating Agent contends that Plaintiff's Amended Complaint

6   seeks a declaration of rights as to ownership of the Shares, which the Liquidating Agent

7   claims are property of the Travelstead Bankruptcy Estate. Specifically, the Liquidating

8   Agent argues that, "[a]ccording to the Amended Complaint, [Mr.] Travelstead acquired the

9   Shares three years prior to the commencement of the Chapter 11 case and attempted to

10  pledge them several years later in 2003. Therefore, the Shares were and are property of the

11  Travelstead [B]ankruptcy [E]state and, pursuant to 28 U.S.C. § 1334(e) and 28 U.S.C. §

12  157(a), the Bankruptcy Court has exclusive jurisdiction over the Shares." (Motion at 8.)

13  Moreover, the Liquidating Agent asserts that, because the Bankruptcy Court "retains

14  jurisdiction to resolve disputes such as the one at bar, [the Bankruptcy Court] is the

15  appropriate court to interpret and enforce its own orders (which orders will, in part, be

16  dispositive of the Plaintiff's claim)." (*Id.*) Thus, the Liquidating Agent contends that "venue

17  is proper in the Bankruptcy Court and the Amended Complaint should be dismissed pursuant

18  to [Federal Rule of Civil Procedure] 12(b)(3)." *Id.*

19      In his Response, Plaintiff does not address the Liquidating Agent's contention that the

20  Shares are property of the Travelstead Bankruptcy Estate. Rather, Plaintiff claims that

21  because the transaction concerns land situated in Arizona, and the Babbitt Defendants reside

22  in Arizona, venue is proper in the District of Arizona. Plaintiff also proffers that because he

23  resides in New York, Mr. Travelstead resides in Virginia, and the Babbitt Defendants reside

24  in Arizona, "this Court can direct the invocation of the multi-litigation provisions [under 28

25  U.S.C. § 1407]." (Resp. at 8-9.)

26

27

28

                                         - 4 -

1    Considering the parties' arguments, the Court agrees with the Liquidiating Agent.[5]
2    Generally, a bankruptcy court has jurisdiction over "all civil proceedings arising under title
3    11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "An action to
4    bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of
5    action (either positively or negatively) and which in any way impacts upon the handling and
6    administration of the bankrupt estate." *In re Pegaus Gold Corp.*, 394 F.3d 1189, 1193 (9th
7    Cir. 2005).

8    Here, Plaintiff's case against the Babbitt Defendants centers on his purported
9    ownership of the 524 Shares, and each of his claims for relief requests the Court to take some
10   action affecting the Shares. As detailed above, the Liquidating Agent claims that the Shares
11   are property of the Travelstead Bankruptcy Estate, and that Plaintiff lacks any interest in the
12   Shares. Thus, before reaching the merits of Plaintiff's claims against the Babbitt Defendants,
13   the Court would first have to resolve the dispute over whether the Shares are property of the
14   Travelstead Bankruptcy Estate or whether Plaintiff is the proper owner. As the Liquidating
15   Agent correctly notes, such a determination directly concerns the administration of the
16   Travelstead Bankruptcy Estate and is therefore squarely within the purview of the
17   Bankruptcy Court. *See Silva v. First Union Nat'l Bank*, 185 F.3d 992, 994 (9th Cir. 1999)
18   (recognizing that an action to obtain property of bankruptcy estate necessarily involves a
19   determination of the extent and nature of property of the estate, and is therefore a core
20   proceeding for the bankruptcy court to resolve). Consequently, because the Bankruptcy
21   Court for the District of Maryland has exclusive jurisdiction to determine what property
22   comprises the Travelstead Bankruptcy Estate, this Court lacks authority to resolve Plaintiff's

25   [5]   Although the Liquidating Agent has moved pursuant to Rule 12(b)(3), his
26   Motion is more appropriately cast as a motion to dismiss for lack of subject matter
     jurisdiction. As this Order explains, it is the Bankruptcy Court's exclusive jurisdiction over
27   Mr. Travelstead's property that precludes this Court from hearing Plaintiff's case. Thus, the
     Liquidating Agent's challenge is directed at this Court's subject matter jurisdiction, as
28   opposed to venue.

1    claims concerning who holds title to the Shares.[6] Thus, to the extent that the Bankruptcy

2    Court must make this determination, the Court agrees with the Liquidating Agent that the

3    District of Arizona is an improper forum.[7] The Court will therefore grant the Liquidating

4    Agent's Motion to Dismiss.  Additionally, the Court will dismiss without prejudice the

5    Babbitt Defendants' Motion to Dismiss.

6    III.    Conclusion

7           **IT IS THEREFORE ORDERED** that the Liquidating Agent's Motion to Dismiss

8    Plaintiff's Amended Complaint for Improper Venue (Doc. #14-1) is **GRANTED**.

9           **IT IS FURTHER ORDERED** that the Liquidating Agent's Motion to Transfer (Doc.

10   #14-2) is **DENIED AS MOOT**.

11          **IT IS FURTHER ORDERED** that the Babbitt Defendants' Motion to Dismiss (Doc.

12   #12) is **DENIED AS MOOT**.

13          **IT IS FURTHER ORDERED** that the oral argument set for September 9, 2005 is

14   **VACATED**.[8]

15   / / /

16   / / /

17   / / /

18

19

20

21          [6]     Further, as the Babbitt Defendants point out in their Motion to Dismiss,
     Plaintiff's attempt to quiet title in the Shares and/or dispose of the Shares may violate the
22   Bankruptcy Court's automatic stay imposed pursuant to 11 U.S.C. § 362(a). (Doc. #12 at 4
23   n.2.)

24          [7]     In the same vein, until Plaintiff can show that the Shares are not part of the
     Travelstead Bankruptcy Estate, he lacks standing to assert his claims against the Babbitt
25   Defendants.

26          [8]     The Court will vacate the hearing scheduled because the parties submitted
27   memoranda thoroughly discussing the law and evidence in support of their positions and oral
     argument would not have aided the Court's decisional process. *See Mahon v. Credit Bur. of
28   Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

- 6 -

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default (Doc. #15)

2    **IS DENIED AS MOOT.**

3    DATED this 18th day of August, 2005.

4

5

6    _____

7    James A. Teilborg
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28