E. Stephen Derby , U.S. BANKRUPTCY JUDGE                    ___L__ RETAIN

PROCEEDING MEMO - CHAPTER 11

Date: 08/26/2005 Time: 11:30

96-54979 G. Ware Travelstead

*J. Sher as Liq. Agent*

Cameron J. Macdonald and Stephen F. Fruin representing
G. Ware Travelstead (Debtor)

*K. Oestricher for Debtor*

Karen Moore and Tamera L. Fine representing US Trustee
- Baltimore 11 (U.S. Trustee)

✓ M Mongini   St. Francis Prop by telephone

PRO SE The Unsecured Creditors' Committee (Creditor Committee)

[1217]   Motion to Sell Debtor's *(membership)* Interests in and Associated
with Babbitt Ranches L.L.C. Free and Clear of Liens and
Notice of Motion. Notice Served on 07/29/2005, Filed by
Joel I. Sher. Hearing scheduled for 8/26/2005 at 11:30 AM
at Baltimore - 9-C, Derby. Objections due by 8/18/2005.
(Attachments: # (1) Exhibit B, part 1# (2) Exhibit B, part
2# (3) Exhibit C# (4) Exhibit D# (5) Exhibit E# (6) Proposed
Order # (7) Notice of Motion # (8) Certificate of Service)
Movant: Joel Sher     BY J Sher; J Sher; J Sher;

PLAN/DISCLOSURE STATEMENT DISPOSITIONS:

Approved_____ Denied Approval_____ Deadline to file Amemded D/S_____
Other_____
Confirmed_____ as modified by _____
Denied Confirmation_____ with leave to amend by_____
Other_____

DISPOSITIONS:

Granted _1217_ Denied___ Withdrawn___ Consent___ Default___ Under Adv.___

Moot___ Dismissed___ Relief by Operation of Law (no order req.)___

Continued to: _____

DECISION:

[ ] Signed by Court       [ ] Filed by Counsel  *to sign*
[ ] To be prepared by:
    [ ] Movant's counsel            [✓] Court
    [ ] Respondent's counsel        [✓] Other *upload.*

NOTES: *No oppositions.*
T owns 524 shrs. C.O. Rey, Inc. + 524 membership units in B.bb.t
Ranches 2.8% interest. 2 Ranches 523,000 acres in
Arizona north of Phoenix.
In 12/93 acq'd from Bruce Babbitt.
St. Francis w.ll buy all these interests.        (OVER)

In 93 SHS of CO Bar, Inc. was pledged w/o knowledge by D's & w/o permission. to Larry West, who was aware at time:
- 26m underlying loan.-
- K-1s of Travelsteed for 38k (unknown).
- Restriction on desposition — pledgee not satisfied.
∴ Value today not near pro rata value b/c can't be sold.
Will sell both for $262,000 = 500 @ membership interests.
38,645 dividends to MrT + 10k for legal costs.
T: 310,645 allocated as above.
Condition precedent was resolution of Arizona Litigation.
  This is still open issue b/c no decision on merits.
Mr. West's service was on his attorney Mr. Grimsrud of the Motion.

Sale approved free and clear of interests, with interest to attach to the proceeds.

8-26-05 /s/

VS

IN RE: _G. Ware Travelstead_
_Liquidating Agent's_ EXHIBITS
Bankruptcy No. _96-54979_
Adversary No. _____ Motion No. ____

| EXHIBIT NUMBER | IDENTIFICATION | ADMITTED | DESCRIPTION |
|---|---|---|---|
| 1 | 8-26-05 | | RE-ISSUED STOCK CERTIFICATES |
| 2 | 8-26-05 | | PLEDGE OF SHARES OF STOCK |

CASE NO. 96-5-4979
TRAVELSTEAD
VS.
Lia Habit       EXHIBIT I
DATE 8-26-05   IDEN.
DATE           EVID.
BY
Deputy Clerk

## RE-ISSUED STOCK CERTIFICATES

D MASN CO FORM J 1

| DATE | TRANSFERRED TO | CERTIFICATE RE-ISSUED ||| SURRENDERED CERTIFICATE ||| LEDGER PAGE | MEMORANDUM |
|---|---|---|---|---|---|---|---|---|---|
| | | NO | NO. OF SHARES | FRAC-TION | NO | NO OF SHARES | FRAC-TION | | |
| 12-3-93 | G. Ware Travelstead | 103 | 45 | | 3 | 45 | | | |
| 6-14-95 | Betty Babbitt Rev. Trust | 109 | 949 | | 7 | 949 | | 7-29-97→ | #153, 154, 155 |
| 1-13-90 | Vanabs & Co. | 80 (candle) | 259 | | 8 | 259 | | 9-17-96 | #137, 138, 139 133,134,135,136 |
| 2-11-88 | Paul G. & Frances D. Babbitt, Trustee | 73 | 434 | | 9 | 50 | | 12-18-96 8-19-91 to Kenneth J. Babbitt #73 to #85 50 shares | 140, 141, 142 |
| 4-11-96 | James D. Babbitt / Susan Babbitt | 128 / 129 | 616 / 100 | | 10 | 716 | | 2-12-99 James D. #159 (31 2-12-99 Susan #160 (400 | |
| 1-8-90 | Vanabs & Co | 79 (candle) | 1042 | | 13 | 1042 | | 9-17-96 12-18-96 | 133,134,135,136 #137,138,139 140,141,142 |
| 7-26-95 | Emiliano, Beau, Mary,113 Raymond, Jess, Joe116 | 111-116 | 275 | | 14 | 275 | | #112 to Michael DiNuzzo C120 #113 to Mary E. Dilby C149 | |
| 2-11-88 | Paul G. & Frances D. Babbitt, Trustee | 73 | 434 | | 17 | 384→ | | 8-19-91 to Kenneth J. Babbitt #73 to #85 10 shares | |
| 12-29-93 | G. Ware Travelstead | 104 | 77 | | 19 (12-3-93 to G.Ware Trvel #86 to #103 (127)← | | | 8-19-91 to Bruce Babbitt #73 to #86 127 shares | |
| 12-29-93 | G. Ware Travelstead | 105 | 275 | | 20 | | | 8-19-91 to Charles J. Babbitt #73 to #87 60 shares 8-19-91 to Mary Christine Babb. #73 to #88 60 shares | |
| 6-28-88 | Yolanda M. Babbitt (See Back page) | 74 | 166 | | 22 | 166 | | 8-19-91 to Ralph Kuzell #73 to #89 30 shares | |
| 4-23- | 30 shares (LOST) Replaced w/ #131 | | | | | | | 8-19-91 to Ralph Kuzell #73 to #90 30 shares 8-19-91 to James E. Babbitt #73 to #91 30 shares 8-19-91 to James E. Babbitt #73 to #92 30 shares 8-19-91 to Bal J.-Trawel #73 to #93 7 shares Certificate lost + re-issued on 7-6-93 #101 | |
| 2-25-87 | certificate lost - reissued as #70 | 70 | 244 | | 28 | 244 | | Re-issued #104 - 10-3-94 #147 - 4-28-97 | |

103

No. 21.





For _____ 172 _____ Shares

Issued to

G. Ware Travelstead

1517 Ritchie Highway

Arnold, MD   21012

Dated _____ December 3 _____ 19 93

**FROM WHOM TRANSFERRED**

Bruce E. Babbitt

Dated _____ December 30 _____ 19 86

| No. Original Certificate | No. Original Shares | No. of Shares Transferred |
|---|---|---|
| 3 | 45 | 45 |
| 86 | 127 | 127 |

Received Certificate No. _____ 3 & 86

For _____ 172 Total _____ Shares

this 3rd _____ day of _____ Dec. 19 93

104

No. 21.



# CERTIFICATE



N⁰ 104

For _____ 77 _____ Shares

Issued to

G. Ware Travelstead

1517 Ritchie Highway

Arnold, MD  21012

Dated _____ Dec. 29 _____ 19 93

**FROM WHOM TRANSFERRED**

Philip A. Robbins, Trustee

Dated _____ December 30 _____ 19 86

| No. Original Certificate | No. Original Shares | No. of Shares Transferred |
|---|---|---|
| 19 | 77 | 77 |

Received CERTIFICATE No. _____ 19

For _____ 77 _____ Shares

this 30th day of Dec 19 93

No. 21.





For _____ 275 _____ Shares

Issued to

G. Ware Travelstead

1517 Ritchie Highway

Arnold, MD  21012

Dated _____ Dec. 29 _____ 19 93

**FROM WHOM TRANSFERRED**

Philip A. Robbins, Trustee

Dated _____ December 29 _____ 19 93

| NO. ORIGINAL CERTIFICATE | NO. ORIGINAL SHARES | NO. OF SHARES TRANSFERRED |
|---|---|---|
| 20 | 275 | 275 |

Received CERTIFICATE No. _____ 20 _____

For _____ 275 _____ Shares

this 30th day of Dec 19 93

# PLEDGE OF SHARES OF STOCK

BE IT KNOWN, for value received, the undersigned G. Ware Travelstead (Pledgor) of 1709 Dey Cove Drive, Virginia Beach, Va. hereby deposits, delivers to and pledges with Larry J. West (Pledgee) of 245 East 63rd Street, New York, N.Y. as collateral security to secure the payment of the following described debt owing Pledgee: $281,000.00. The shares of stock, described as 524 shares of stock of C O BAR, INC. (Corporation) represented as Stock Certificate No(s): 1, 2 and 3.

It is further agreed that:

1. Pledgee may assign or transfer said debt and the collateral pledged hereunder to any third party.

2. In the event a stock dividend or further issue of stock in the Corporation is issued to the Pledgor, the Pledgor shall pledge said shares as additional collateral for the debt.

3. That during the term of this pledge agreement, and so long as it is not in default, the Pledgor shall have full rights to vote said shares and be entitled to all dividend income, except that stock dividends shall also be pledged.

4. That during the pendency of this agreement, the Pledgor shall not issue any proxy or assignment of rights to the pledged shares.

5. The Pledgor warrants and represents it has good title to the shares being pledged, they are free from liens and encumbrances or prior pledge, and the Pledgor has full authority to transfer said shares as collateral security.

6. Upon default of payment of the debt, or breach of this pledge agreement, the Pledgee or holder shall have full rights to foreclose on the pledged shares and exercise its rights as a secured party pursuant to Article 9 of the Uniform Commercial Code; said rights being cumulative with any other rights the Pledgee or holder may have against the Pledgor.

The Pledgor understands that upon foreclosure the pledged shares may be sold at public auction or private sale. The Pledgor shall be provided reasonable notice of any said intended sale

CASE NO. 96-54979
TRAVELSTEAD
VS.
LIQ. AGENT  EXHIBIT R
DATE 8-26-05  IDEN.
DATE _____ EVID.
BY _____ Deputy Clerk

and the Pledgor shall have full rights to redeem said shares at any time prior to said sale upon payment of the balance due hereunder, and accrued costs of collection. In the event the shares shall be sold for less than the amount then owing, the Pledgor shall be liable for any deficiency.

Upon payment of the obligation for which the shares are pledged, the shares shall be returned to the Pledgor and this pledge agreement shall be terminated.

This pledge agreement shall be binding upon and inure to the benefit of the parties, their successors, assigns and personal representatives.

Upon default the Pledgor shall pay all reasonable attorneys' fees and cost of collection.

Signed under seal this 30th day of October, 2003.

_____          _____
Witness                                          Pledgor

_____          _____
Witness                                          Pledgee