IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | * |
| **G. WARE TRAVELSTEAD,** | *   Case No. 96-5-4979-SD |
| | (Chapter 11) |
| Debtor. | * |

* * * * * * * * * * * *

## APPLICATION OF LIQUIDATING AGENT FOR AUTHORITY TO RETAIN INTELLECTUAL PROPERTY MANAGEMENT & FINANCE

Joel I. Sher, Liquidating Agent, by his undersigned counsel, pursuant to Sections 327 and 328 of the Bankruptcy Code, moves for authority to retain and compensate Intellectual Property Management & Finance ("IPMF") and, in support thereof, states:

1. On December 31, 1997, this Court entered the Order (the "Confirmation Order") Approving Debtor's Modified Fifth Amended Disclosure Statement and Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan").

2. On that same date, the Bankruptcy Court entered an order authorizing the appointment of Joel I. Sher as the liquidating agent. Furthermore, section 6.1 of the Plan appoints Joel I. Sher as the liquidating agent (the "Liquidating Agent").

3. Pursuant to the Confirmation Order, the Liquidating Agent has "the right and standing to pursue and defend any claims or rights of action in respect of the property of the estate or of the debtor." *Confirmation Order* at Pg. 3. The Plan further grants the Liquidating Agent, *inter alia*, "all of the rights, duties, obligations, and powers of a trustee including, but not limited to those set forth in §§704(1) and 1106 of the Bankruptcy Code." *Plan* at Article 6.5(a). The Liquidating Agent is to continue in this

capacity "until the distributions to all creditors of all payments required under the Plan are completed and the case is closed." *Plan* at Article 6.3. Distributions to creditors have not been completed and the case has not been closed.

4. The Confirmation Order modified, in part, the terms of the Plan to insure that the Liquidating Agent's authority would extend to all assets which Travelstead owned as of the petition date of May 31, 1996 (the "Petition Date"). In that regard the Confirmation Order provides "….that the rights, duties and obligations of the Liquidating Agent, as defined in the Plan, shall be applicable to all of the assets of the estate, <u>whether known or unknown</u>, until such time as creditors are paid in full pursuant to the Plan….." *Confirmation Order* at Pg. 3 (emphasis supplied).

5. Among the assets which the Liquidating Agent has determined that Travelstead owned as of the Petition Date were certain trademarks related to the Hotel Arts project in Barcelona, Spain. The Liquidating Agent has recently received one or more expressions of interest from parties interested in acquiring Travelstead's interests in said trademarks.

6. In order to assist the Liquidating Agent in any negotiations for the sale of those trademarks, the Liquidating Agent has determined that he will need the professional services of someone with expertise in valuing intellectual property, specifically the trademarks.

7. Accordingly, the Liquidating Agent contacted Terry L. Musika and Intellectual Property Management & Finance ("IPMF") because of their expertise in the area of valuing intellectual property and trademarks. IPMF has agreed to value the trademarks for a fixed fee of $10,000 plus reimbursement of expenses, as more fully set

forth in the letter agreement dated October 5, 2005 (the "Letter Agreement"), attached hereto as Exhibit 1.

8. IPMF has extensive experience and knowledge in the field of business intellectual property valuations.

9. Neither IPMF nor any member of the firm is related to or connected with the Debtor.

10. IPMF does not hold or represent any interest adverse to the interest of the Debtor or its bankruptcy estate. Additionally, they have not served as an examiner in this case. Other than as set forth in the accompanying Statement Pursuant to Bankruptcy Rule 2014, which is incorporated by reference herein, IPMF has no connection with any other creditors or other parties-in-interest, their respective attorneys and accountants, or with the United States Trustee or any persons employed in its office and, therefore, is disinterested within the meaning of Section 101(14) of the Bankruptcy Code.

11. As set forth in the Letter Agreement, IPMF seeks the payment of a fixed fee its valuation of the trademarks. Pursuant to Section 328(a) of the Bankruptcy Code, the Liquidating Agent seeks Court authorization for the payment of a set fee for the services to be rendered in the amount of Ten Thousand Dollars ($10,000), plus actual out-of-pocket expenses incurred for the services to be provided hereunder.

WHEREFORE, Joel I. Sher, Liquidating Agent for the bankruptcy estate of G. Ware Travelstead, respectfully requests the following relief:

A. That the Liquidating Agent be authorized to employ the consulting firm of Intellectual Property Management & Finance; and

B. That the Liquidating Agent be authorized to pay to IPMF a fixed fee of Ten Thousand Dollars ($10,000) as payment in full for professional fees, plus actual out-of-pocket expenses incurred for the services to be provided hereunder; and

C. That the Liquidating Agent be granted such and further relief as is just and equitable.

/s/ Joel I. Sher
Joel I. Sher, Bar No. 00719

Shapiro Sher Guinot & Sandler
36 South Charles Street
20th Floor
Baltimore, MD   21201
(410) 385-0202

*Attorney for Joel I. Sher, Liquidating Agent*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of October, 2005, a copy of the foregoing Application of Liquidating Agent for Authority to Retain Intellectual Property Management & Finance was served, by first-class mail, postage prepaid, on the following:

>Paul M. Nussbaum, Esquire
>Stephen F. Fruin, Esquire
>Whiteford, Taylor & Preston
>7 St. Paul Street
>Baltimore, MD  21202-1626
>
>Mark A. Neal, Esquire
>Assistant U.S. Trustee
>Office of the United States Trustee
>300 West Pratt Street, Suite 350
>Baltimore, MD   21201
>
>Edward McDermott, Esquire
>Pollack & Kaminsky
>114 West 47th Street, 19th Floor
>New York, NY  10036

>/s/     Joel I. Sher
>Joel I. Sher

F:\LIT\ACLAWREN\WPDATA\TRAVELSTEAD\ipmf application.doc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD,** | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### STATEMENT PURSUANT TO BANKRUPTCY RULE 2014

I, Terry L. Musika, state:

1. I am a certified public accountant and a principal of Intellectual Property Management & Finance ("IPMF"), an affiliate of Maryland First Financial Services Corp.

2. I have reviewed the Liquidating Agent's Application for Authority to Employ IPMF. The facts stated therein are true.

3. IPMF has extensive experience and knowledge of intellectual property, and is qualified to perform a trademark valuation.

4. IPMF and I do not hold or represent any interest adverse to the Debtor or to its bankruptcy estate.

5. Neither I nor anyone at IPMF has served as an examiner in connection with this bankruptcy case.

6. IPMF and I do not represent a creditor or party-in-interest in connection with this bankruptcy case.

7.    The firm of IPMF and I are "disinterested persons" within the meaning of Section 101(14) of the Bankruptcy Code and are eligible to serve as a consultant for the Liquidating Agent.

8.    The firm of IPMF and I have no connection with the U.S. Trustee or any person employed by the Office of the U.S. Trustee.

I state under penalty that the foregoing is true and correct.

                              INTELLECTUAL PROPERTY MANAGEMENT & FINANCE

By:     /s/ Terry L. Musika
        Terry L. Musika, Principal
        1637 Thames Street
        Baltimore, MD  21231
        (410) 864-6000