IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD** | * | Case No. 96-5-4979-SD |
| Debtor. | * | |
| * * * * * * | * | |
| **JOEL I. SHER,** **LIQUIDATING AGENT**, | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| **LARRY J. WEST, INDIVIDUALLY AND AS TRUSTEE OF WEST COMPANIES DEFINED PENSION PLAN & TRUST** 245 East 63rd Street New York, New York  10021 | * * * | Adversary Case No. |
| Defendant. | * | |
| * * * * * * * * * * * * * | | |

**COMPLAINT TO AVOID POST-PETITION TRANSFER
AND FOR DECLARATORY RELIEF**

Joel I. Sher, Liquidating Agent (the "Liquidating Agent") for the bankruptcy estate of G. Ware Travelstead (the "Debtor"), files this Complaint To Avoid Post-Petition Transfer and for Declaratory Relief against Larry J. West, individually and as trustee of West Companies Defined Benefit Pension Plan & Trust and, in support thereof, states as follows:

**JURISDICTION AND VENUE**

1. The subject matter jurisdiction of this Court is invoked under 28 U.S.C. §1334. The plaintiff seeks relief pursuant to 11 U.S.C. §§105, 549 and 550, 11 U.S.C. § 2201 *et. seq.* and Bankruptcy Rule 7001.

2. This is a core proceeding under 28 U.S.C. §157(b).

3. Venue is proper in this district, and the Court has personal jurisdiction over the defendants under 28 U.S.C. §1409 because (i) the chapter 11 case to which this action is related is pending in this district before this Court and (ii) none of the exceptions set forth in 28 U.S.C. §1409 apply to this action.

**PARTIES**

4. In accordance with the provisions of the Debtor's Modified Fifth Amended Disclosure Statement and Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan"), on December 31, 1997, the Court entered an order authorizing the retention of Joel I. Sher as the Liquidating Agent for the Debtor's bankruptcy estate.

5. Larry J. West is a resident of the State of New York has alleged that he is the Trustee of West Companies Defined Benefit Pension Plan & Trust ("West").

**FACTS COMMON TO ALL COUNTS**

6. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 31, 1996 (the "Petition Date"). On December 31, 1997, the Bankruptcy Court entered an Order (the "Confirmation Order") approving the Plan.

7. Pursuant to the Confirmation Order, the Liquidating Agent has "the right and standing to pursue and defend any claims or rights of action in respect of the property of the estate or of the debtor."

8. The Confirmation Order modified, in part, the terms of the Plan to insure that the Liquidating Agent's authority would extend to all assets which Travelstead owned as of the Petition Date. In that regard the Confirmation Order provides, *inter alia*, "….that the rights, duties and obligations of the Liquidating Agent, as defined in the Plan, shall be applicable to all of the assets of the estate, *whether known or unknown*, until such time as creditors are paid in full pursuant to the Plan….." and "…the Debtor is prohibited from taking any action, or making any management decision, relating to any business interest which is an asset of the estate *without prior consent of the Liquidating Agent*…" emphasis supplied.

9. The Plan further grants the Liquidating Agent, *inter alia*, "all of the rights, duties, obligations, and powers of a trustee including, but not limited to those set forth in §§704(1) and 1106 of the Bankruptcy Code." The Liquidating Agent is to continue in this capacity "until the distributions to all creditors of all payments required under the Plan are completed and the case is closed." Distributions to creditors have not been completed and the case has not been closed.

## Babbitt Ranches

10. Babbitt Ranches, LLC ("Babbitt Ranches") is an Arizona limited liability company, whose primary assets are the CO Bar Ranch ("Bar Ranch") and the Espee Ranch ("Espee Ranch"). Espee Ranch is also located in Coconino County, Arizona, approximately 165 miles north of Phoenix, Arizona.

11. Pursuant to the Babbitt Ranches' Operating Agreement, a member can not transfer or assign his membership interest unless and until the manager or managers of Babbitt Ranches unanimously consent to such transfer, which consent is solely within the manager's discretion.

12. C.O. Bar, Inc. ("CO Bar") is an Arizona corporation, which owns a 1% membership interest in Babbitt Ranches and also serves at its manager.

13. In connection with each member's ownership interest in Babbitt Ranches, a member also receives an allocable number of shares in CO Bar. However, due to the nominal ownership interest of CO Bar in Babbitt Ranches, a member's allocable ownership interest in the shares of CO Bar has *de minimis* value. The bulk of the value of a member's ownership interest in Babbitt Ranches is attributable to that person's membership interests in Babbitt Ranches.

14. In December of 1993, pursuant to three separate assignments of membership interests, the Debtor acquired 2.844% membership interests in Babbitt Ranches, comprised of five hundred twenty-four (524) membership units (the "Units") and five hundred twenty-four (524) shares of common stock of CO Bar (the "Shares").

15. The Shares and the Units (together, the "Ownership Interests") are property of the Debtor's bankruptcy estate and subject to the control of the Liquidating Agent.

### The Purported Pledge and Subsequent Sale of the Ownership Interests

16. On or about October 30, 2005, without the prior consent of the Liquidating Agent or an order from this Court, the Debtor purportedly executed and delivered to West a document entitled Pledge of Shares of Stock. The Pledge of Shares of Stock states, *inter alia*, that the Debtor pledged the Shares "as collateral security to secure the payment" of a $281,000 debt owed to West. A copy of the Pledge of Shares of Stock is attached hereto as *Exhibit* A.

17. There were no other documents executed by the Debtor or West to memorialize the pledge, other than the Pledge of Shares of Stock.

18. The Debtor did not pledge, grant a lien, claim, encumbrance or interest in the Units to West to secure the $281,000 debt allegedly owed to West.

4

19. As of the date of the execution of the Pledge of Shares of Stock, West had actual knowledge of the pendency of this bankruptcy case and the existence and authority of the Liquidating Agent with respect to the assets of Travelstead.

20. Neither the Debtor nor West obtained the authority of the Liquidating Agent or an order from this Court to execute the Pledge of Shares of Stock or for an assignment or pledge of the Shares.

21. The Debtor did not consult with nor advise the Liquidating Agent that he borrowed money from West or that he intended to execute the Pledge of Shares of Stock or otherwise grant a lien on the Shares.

22. The Debtor did not obtain the unanimous consent of the manager or managers of Babbitt Ranches to effectuate an assignment of his interests in the Shares to West.

23. The Debtor did not deliver his stock certificates for the Shares to West, nor did West otherwise obtain possession of the stock certificates for the Shares.

24. On or about January 15, 2005, West filed an Amended Complaint (the "Amended Complaint") in the United Sates District Court for the District of Arizona, Prescott Division (the "District Court"), Case No. 04-CV-2934 against the Debtor and various other parties seeking, *inter alia*, a declaration that he is the lawful owner of the Shares. In the Amended Complaint, West alleged that the Pledge of Shares of Stock "secured a commercial investment and loan and guaranteed profit totaling $500,000" notwithstanding that the Pledge of Shares Of Stock only refers to a debt of $281,000. A copy of the Amended Complaint is attached hereto as *Exhibit B*.

25. On February 28, 2005, the Liquidating Agent filed a motion with the District Court seeking to dismiss the Amended Complaint for improper venue, which motion was granted by the District Court by order entered August 18, 2005.

26. On July 29, 2005, the Liquidating Agent filed in this Court a Motion for Authority to Sell Interests In and Associated with Babbitt Ranches L.L.C. Free and Clear of Liens, Claims and Encumbrances (the "Motion to Sell").

27. Pursuant to the Motion to Sell, the Liquidating Agent sought authority to sell all of the Debtor's right, title and legal and beneficial interest in the Ownership Interests to St. Francis Property, LLC pursuant to a certain Purchase, Sale and Settlement Agreement (the "Agreement") for the sum of $262,000. Pursuant to the Agreement, St. Francis Property, LLC additionally agreed to pay the Liquidating Agent (i) the sum of $38,645 in consideration of those dividends previously paid to the Debtor which the Liquidating Agent contends should have been paid to him or the Debtor's bankruptcy estate and (ii) the sum of $10,000 to defray the legal expenses incurred by the Liquidating Agent in conjunction with his investigation of the Ownership Interests.

28. On September 2, 2005, this Court entered an order (the "Sale Order") granting the Motion to Sell. The Sale Order provides, in relevant part, that the "sale of the Ownership Interests shall be free and clear of all liens, claims, rights, encumbrances and interests of claimants of this estate, including but not limited to the claims of Larry J. West individually and as trustee of West Companies Defined Benefit Pension Plan & Trust..." and that "all liens, claims rights and encumbrances upon the Ownership Interests existing as of the date of the closing including but not limited to the claims of West, shall attach to the consideration paid to the Liquidating Agent."

29. In accordance with the terms of the Sale Order, the Liquidating Agent closed upon the sale of the Ownership Interests to St. Francis Property, LLC and is currently holding the sum of $262,000, as well as the additional $48,645 paid pursuant to the terms of the Agreement.

30. Despite demand by the Liquidating Agent, West failed and refuses to waive or release his claim on the sale proceeds of the Ownership Interests.

## COUNT I
### (Declaratory Relief)

31. The Liquidating Agent incorporates by reference the allegations contained in paragraphs 1 through 30 as though more fully set forth herein.

32. West contended in the litigation in the District Court that he was the lawful owner of the Shares. West did not contend, however, that he was the owner of or that he had any interest in the Units. However, West's claims are a cloud upon the entire proceeds of the sale of the Ownership Interests.

33. Notwithstanding West's claims, the Pledge of Shares of Stock did not affect an assignment or valid lien upon the Ownership Interests because, *inter alia*, West and the Debtor failed to comply with the terms of the Operating Agreement and obtain the unanimous consent of the manager of Babbitt Ranches to effectuate such an assignment.

34. In addition, as West did not seek or obtain possession of the Shares, he did not obtain a valid assignment or valid lien upon the Shares or the Units.

35. Even if West had validly obtained an assignment or valid lien upon the Shares, the Pledge of Shares of Stock does not grant him any interest in the Units and there is no other basis upon which West can claim an interest in the Units.

36. The Pledge of Shares of Stock was done with actual knowledge of the Debtor's bankruptcy case and with the actual intent to hinder, delay and defraud creditors, as well as to circumvent the jurisdiction of this Court and the terms of the Plan and the Confirmation Order.

Moreover, the Pledge of Shares of Stock was an unauthorized post-petition transfer of property of the estate.

37. Thus, the Liquidating Agent is entitled to an order of this Court determining that West does not have a lien, pledge, assignment or any interest whatsoever in the Ownership Interests.

WHEREFORE, Joel I. Sher, the Liquidating Agent for the bankruptcy estate of G. Ware Travelstead, prays that the Court enter an order finding:

A. That the Pledge of Shares of Stock did not affect a pledge or a lien upon the Ownership Interests;

B. That West has no lien upon, claim to or interest in the Ownership Interests or the proceeds of the sale of the Ownership Interests; and

C. That the Liquidating Agent be granted such other and further relief as the Court deems appropriate.

## COUNT II
### Avoidance Of Post-Petition Transaction
### (11 U.S.C. §§ 549 And 550)

38. The Liquidating Agent incorporates by reference the allegations contained in paragraphs 1 through 30 as though more fully set forth herein.

39. The Ownership Interests constitute property of the Debtor's bankruptcy estate.

40. The Pledge of Shares of Stock and any purported act by the Debtor granting West an interest in the Ownership Interests, and consequently the proceeds of the sale of the Ownership Interests, constituted an unauthorized post-petition transfer of property of the estate out of the ordinary course and in violation of the Plan and Confirmation Order.

41. The Pledge of Shares of Stock and any purported act by the Debtor granting West an interest in the Ownership Interests was done with the actual intent to hinder, delay or defraud creditors of the Debtor.

42. The Pledge of Shares of Stock and any purported act by the Debtor granting West an interest in the Ownership Interests, and consequently the proceeds of the sale of the Ownership Interests, is avoidable and recoverable pursuant to §§ 549 and 550 of the Bankruptcy Code.

WHEREFORE, Joel I. Sher, the Liquidating Agent for the bankruptcy estate of G. Ware Travelstead, respectfully requests the following relief:

A. That the Pledge of Shares of Stock and any purported act by the Debtor granting West an interest in the Ownership Interests or the proceeds of the sale of the Ownership Interests be avoided;

B. That the Liquidating Agent be granted such other and further relief as is just and equitable.

/s/ Joel I. Sher
Joel I. Sher, Bar No. 00719
Scott W. Foley, Bar No. 25963
Shapiro Sher Guinot & Sandler
36 South Charles Street, 20th Floor
Baltimore, Maryland  21201-3147
410-385-0202

*Attorneys for the Liquidating Agent*

F:\LIT\JISHER\WPDATA\TravelsteadWestcomplaint_1.doc;;msw