# Exhibit B

LAW OFFICE
OF
RICHARD M. GRIMSRUD

P.O. Box 639
Flagstaff, Arizona 86002
(928) 774-7339
State Bar # 005365

Attorney for
Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LARRY J. WEST, trustee of WEST COMPANIES DEFINED BENEFIT PENSION PLAN & TRUST, | Case No. CV 04-2934-PCT-JAT |
| Plaintiff, | |
| vs. | AMENDED COMPLAINT |
| G. WARE TRAVELSTEAD and BABBITT RANCHES, LLC, C.O. RANCH, ESPEE RANCH, CATARACT RANCH, BABBITT BROTHERS TRADING COMPANY, and C.O. BAR, INC. | |
| Defendants. | |

Plaintiff Larry J. West, individually ("West") and as trustee of West Companies Defined Benefit Pension Plan & Trust (the "Plan"), alleges by his undersigned attorneys for his Complaint against Defendants G. Ware Travelstead and Babbitt Ranches, LLC ("Babbitt Ranches"), C.O. Ranch, Espee Ranch, Cataract Ranch (the C.O., Espee and Cataract Ranches, together, the "Ranches"), Babbitt Brothers Trading Company ("Babbitt Brothers") and C.O. Bar,

Inc. ("C.O. Bar" and, with Babbitt Ranches, the Ranches and Babbitt Brothers, the "Babbitt Interests").

## NATURE OF THE ACTION

1. This action for declaratory and injunctive relief concerns a small stake in a very large piece of real estate in the State of Arizona.

2. In 1993, Bruce Babbitt, the former U.S. Secretary of the Interior, divested his stake of 524 Shares in the Babbitt Interests, which, among other things, own more than 1,100 square miles of Arizona ranchland. The divestiture was necessitated by his appointment to President Clinton's Cabinet. Bruce Babbitt divested these Shares by selling them to his long-time friend G. W. Travelstead.

3. In October 2003, Plaintiff took by assignment from Travelstead these 524 Shares in the Babbitt Interests to secure a commercial investment and loan and guaranteed profit totaling $500,000 which was due from Travelstead to Plaintiff. See attached hereto as Exhibit "A" (1-2) a true copy of this pledge assignment of stock. Because Travelstead has failed and refused to make any payment to Plaintiff upon the loan Travelstead received from Plaintiff for this pledge of Shares, Plaintiff decided thereafter to dispose of the holding, and West approached the Babbitt Interests about doing so. Plaintiff believes that the Babbitts may prefer to have Shares returned to the family, rather than sold to one or more unknown bidders.

4. The Babbitt Interests, however, have failed and refused to recognize Plaintiff's lawful interest therein, thereby frustrating entirely Plaintiff's ability to realize the value of the Shares. Plaintiff sues here for declaratory and injunctive relief to require the Babbitt Interests to recognize Plaintiff's lawful ownership of the Shares and to accord Plaintiff full shareholder rights with respect thereto, including rights of inspection guaranteed under Arizona law.

## PARTIES

5. Plaintiff Larry West is and has been at all relevant times a citizen of the State of New York.

6. West is the trustee for the Plan, which was instituted for employees of West Companies, Inc., which provides mergers and acquisitions advice to direct marketing and e-commerce businesses.

7. Defendant G. Ware Travelstead resides in Maryland, where he has a Chapter 11 bankruptcy pending in the Baltimore Division (Case No. 96-5-4979 SD) but the Shares which are the subject of this action are carved out from and upon information and belief, not subject to that bankruptcy proceeding.

8. Upon information and belief, Defendant Babbitt Ranches is and has been at all relevant times an Arizona limited liability company with its principal place of business in the State of Arizona.

9. Upon information and belief, each of the Ranches is an Arizona business entity with its principal place of business located therein. Upon information and belief, each of the Ranches is affiliated with Babbitt Ranches, Babbitt Brothers or other entities that are related thereto. The Ranches collectively cover approximately 700,000 acres of land south of the Grand Canyon.

10. Upon information and belief, Defendant Babbitt Brothers is and has been at all relevant times and Arizona corporation with its principal place of business in the State of Arizona. Upon information and belief, Babbitt Brothers owns or controls Babbitt Ranches.

11. Upon information and belief, Defendant C.O. Bar is and has been at all relevant times an Arizona corporation with its principal place of business in the State of Arizona. Upon information and belief, C.O. Bar is a holding company for the Babbitt Interests.

## JURSDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 USC § 1332(a)(1) because Plaintiff and Defendants are citizens of different States and the matter in controvery exceeds the sum or value of $75,000. exclusive of interest and costs.

13. Venue is proper in this judicial district pursuant to 28 USC § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein. In particular, the real estate behind the Shares pledged to Plaintiff are in Arizona as are all the Babbitt Defendants, and they have objected to venue in New York during the pendency of Civil Action No. 04-CV-4303 in the US Southern District of New York, which Plaintiff and them agreed should be voluntarily discontinued recently.

## ALLEGATIONS COMMON TO ALL CLAIMS

14. On October 30, 2003, Plaintiff, in exchange for good and valuable consideration, took by assignment the Shares, G. Ware Travelstead. West was told at the time of the assignment that Bruce Babbitt had owned the Shares and had sold them in 1993 to Travelstead.

15. As a part of this transaction, a notice of assignment was delivered to William C. Cordasco ("Cordasco"), the general manager of Babbitt Ranches, on October 30, 2003. West also telephoned Cordasco on that date to confirm that the Shares were assignable and that the Babbitt Interests would recognize the assignment. Cordasco said that the Shares were assignable.

16. West also contacted the Babbitt Interests' counsel on December 29, 2003 to discuss a possible sale of the Shares and the steps that would be required to transfer them to the Babbitt Interests, the Babbitts or outsiders. Counsel advised West that assignments required the approval of the "ranch manager" and the Babbitt family, if the transfer was to be to a non-family member.

17. Plaintiff subsequently decided to dispose of the Shares. Plaintiff's counsel contacted Cordasco on or about April 12, 2004 to discuss Plaintiff's options to do so. Understanding that the Babbitt Interests were closely held, West proposed through counsel to sell the Shares back to the Babbitt Interests, or one or more shareholders.

18. Cordasco provided to West on or about April 12, 2004 an independent appraisal report that opined on the market values of the C.O. and Espee Ranches.

19. Based on the appraiser's report and other factors, Plaintiff, by letter dated April 20, 2004, offered to sell the Shares back to the Babbitt Interests. West urged Defendants to take up this matter at a shareholders' meeting scheduled for the end of that month.

20. The Babbitt Interests have not responded to Plaintiff's offer and otherwise have failed and refused to acknowledge Plaintiff's shareholder rights.

21. Upon information and belief, Plaintiff fears Defendant Travelstead may try and sell, assign, or otherwise dispose of the 524 Shares in the Babbitt Interests which he pledged to Plaintiff in 2003.

## AS AND FOR A FIRST CLAIM FOR RELIEF

### (For a Declaratory Judgment Against the Babbitt Interests)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19 above as though they were set forth fully herein.

5

23. An actual controversy has arisen and now exists between Plaintiff and the Babbitt Interests concerning Defendants' failure and refusal to recognize the assignment of the Shares to Plaintiff and his rights as a shareholder.

24. Absent a judicial declaration, the Babbitt Interests will wrongfully continue to ignore Plaintiff's rights with respect to the Shares and thereby frustrate his ability to take any action with respect to them.

25. There exists a sufficient immediacy and reality to warrant a judicial declaration because Plaintiff has been disabled entirely by the Babbitt Interests' refusal to act with respect to Plaintiff's attempts to dispose of the Shares.

26. Plaintiff has no adequate remedy at law.

27. Plaintiff is entitled to a judicial declaration that Plaintiff is the lawful owner of the Shares, and all rights appurtenant thereto, and that such fact shall be reflected on the Babbitt Interests' stock transfer records.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (For an Injunction Against the Babbitt Interests)

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 though 25 above as though they were set forth fully herein.

29. Plaintiff lawfully acquired the Shares, but the Babbitt Interests have refused to acknowledge that Plaintiff is the legal owner of them, to indicate or reflect such ownership on their stock register, or to accord Plaintiff his rights as a shareholder so as to allow him to dispose of the Shares or take other lawful action with respect thereto.

30. Plaintiff has no adequate remedy at law with respect to the Babbitt Interests' failure and refusal to recognize Plaintiff's rights as a shareholder thereof.

6

31. The Babbitt Interests' failure has caused Plaintiff to suffer irreparable harm.

32. As a result of the foregoing, Plaintiff is entitled to preliminary and permanent injunctions against the Babbitt Interests, and their representatives, agents, employees and attorneys, that directs them to record Plaintiff's ownership of the Shares on the stock register of the Babbitt Interests and accord Plaintiff all of the rights of a shareholder therein, including, but not limited to, providing with copies of all documents that are provided to shareholders as of right or a matter of course.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (For an Inspection of the Babbitt Interests' Books and Records)

33. Plaintiff repeats and realleges the allegations contained hereinabove as though fully set forth herein.

34. Chapter 16 of Title 10 of the Arizona Revised Statutes provides that shareholders of record may inspect without limitation a corporation's articles of incorporation, bylaws, board resolutions that relate to its securities, minutes of shareholders' meetings, records of shareholders actions taken without a meeting, written communications with shareholders (including financial statements), a list of the names and addresses of officers and directors, the most recent annual report and shareholders' agreements. Shareholders who make a reasonably particularized demand in good faith and for a proper purpose also are entitled to review a corporation's detailed board records, accounting records, records of shareholders, and complete financial statements and results of operations.

35. The Babbitt Interests' failure and refusal to recognize Plaintiff's rights as a shareholder of the Babbitt Interests has frustrated entirely his right to inspect the books and records thereof.

36. Absent judicial relief, Plaintiff, who wants to dispose of the Shares, will not be able to appraise them or evaluate any offer made to purchase them.

37. Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to a judgment directing the Babbitt Interests to grant Plaintiff an inspection of (i) all items set forth under Section 10-1601(E) of the Arizona Revised Statutes and (ii) detailed financial statements setting forth the Babbitt Interests' assets and liabilities and results of operations for the last three fiscal years.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (For an Injunction against Travelstead)

39. Plaintiff repeats and realleges all the allegations contained hereinabove as though fully set forth herein.

40. Plaintiff has no adequate remedy at law with respect to Travelstead's potential attempt to dispose of the Shares in the Babbitt Interests which he pledged to Plaintiff as security for the Plaintiff's loan to Travelstead, and Travelstead's sale or disposal of the Shares to anyone but Plaintiff will cause Plaintiff irreparable harm.

WHEREFORE, Plaintiff requests that judgment be entered as follows:

(a) On the First Claim for Relief, for a declaratory judgment against the Babbitt Interests, declaring that the assignment of the Shares to Plaintiff was lawful, that Plaintiff is the legal owner of those Shares and that such transfer shall be reflected on the Babbitt Interests' stock transfer records;

(b) On the Second Claim for Relief, for a preliminary and permanent injunction against the Babbitt Interests, directing them to record Plaintiff's ownership of the Shares on the stock register of the Babbitt Interests and

accord Plaintiff all of the rights of shareholders thereof, including but not limited to the right to receive all documents provided to other shareholders as of right or a matter of course;

(c) On the Third Claim for Relief, for an inspection of the Babbitt Interests' books and records as provided by Arizona law, granting Plaintiff an inspection of (i) those materials set forth in Section 10-1601 of the Arizona Revised Statutes and (ii) detailed financial statements setting forth the Babbitt Interests' assets and liabilities and results of operations for the last three fiscal years;

(d) On the Fourth Claim for Relief, for a preliminary and permanent injunction against Defendant Travelstead, prohibiting him from selling or assigning to anyone except Plaintiff herein the 524 Shares in the Babbitt interests which he pledged to Plaintiff in return and as security for the loan Plaintiff gave Travelstead in 2003 as set forth hereinabove.

(e) Awarding Plaintiff his attorneys' fees and costs; and

(f) Granting such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of Feb, 2005

LAW OFFICE OF RICHARD M. GRIMSRUD

_____
Richard M. Grimsrud
Attorney for Plaintiff