# Exhibit B

## LICENSE AGREEMENT

LICENSE AGREEMENT, dated as of February 25, 1993, by and among The Travelstead Group, Inc., a New York corporation ("**TTG**"), Travelstead Barcelona Limited Partnership, a Delaware limited partnership ("**TBLP**"), G. Ware Travelstead, a citizen of the United States resident at 440 Fairway Drive, Advance, North Carolina 27006, U.S.A. ("**Travelstead**"), USA Sogo, Inc., a California corporation ("**USA Sogo**") and T-S Barcelona Partners, L.P., a New York limited partnership ("**Barcelona Partners**"). TTG, TBLP and Travelstead are hereinafter sometimes referred to together as the "**Licensors**." USA Sogo and Barcelona Partners are hereinafter sometimes referred to as the "**Licensees**."

WHEREAS, Barcelona Partners was formed as a New York general partnership under the name "**T-S Barcelona Partners**" pursuant to that certain General Partnership Agreement of T-S Barcelona Partners dated as of January 25, 1990 (as amended prior to the date hereof, the "**General Partnership Agreement**");

WHEREAS, prior to the date hereof TBLP and USA Sogo were the sole general partners of Barcelona Partners;

WHEREAS, in accordance with the terms of the Settlement Agreement (as defined below), on the date hereof, Barcelona Partners has been converted into, and reconstituted as, a New York limited partnership pursuant to

an amendment and restatement of the General Partnership Agreement (the "**Partnership Agreement Amendment**");

WHEREAS, pursuant to the Partnership Agreement Amendment, USA Sogo is now the sole general partner of Barcelona Partners and TBLP the sole limited partner;

WHEREAS, Barcelona Partners was formed for the purpose of owning, developing and operating the "PARC DEL MAR" project located in Barcelona, Spain (the "**Project**");

WHEREAS, concurrently with the execution hereof, the Travelstead Entities and the Sogo Entities are entering into a Settlement Agreement (the "**Settlement Agreement**") and certain other agreements referred to therein (collectively, the "**Settlement Agreements**") setting forth their agreement to resolve certain differences existing between them with respect to, among other things, the management, construction, funding and completion of the Project;

WHEREAS, this is the License Agreement referred to in the Settlement Agreement;

WHEREAS, TTG is the owner of the trademarks described on Schedule 1 hereto (the "**Marks**");

WHEREAS, the Licensees desire to obtain from the Licensors and the Licensors desire to grant to the Licensees the right to use the Marks in connection with the Project;

NOW, THEREFORE, in consideration of their mutual promises and intending to be legally bound, the parties agree as follows:

1.   <u>Grant of License</u>.  The Licensors hereby sell, assign, transfer, grant and convey to the Licensees a worldwide, irrevocable, royalty-free right and license to use the Marks in any manner whatsoever connection with the Project.

2.   <u>Term</u>.  The term of the license granted pursuant to Section 1 shall commence as of the date hereof, and shall continue in perpetuity.

3.   <u>Registration</u>.  During the term, the Licensors agree to continue to permit the Licensees to be registered users of the Marks in Spain and in any other country in which the Licensors may hereinafter register the Marks. Concurrently with the execution hereof, TTG shall execute and deliver a license agreement in the form attached hereto as Exhibit A-1 and a power of attorney in the form of Exhibit A-2 in order to facilitate the registration of the rights granted to the Licensees hereunder in Spain.  If any conflict shall arise between the provisions of this Agreement and the provisions of the agreement attached as Exhibit A-2, the provisions of this Agreement shall prevail.

4.   <u>Scope and Limitation of the Grant; Limitation on Use by Licensors</u>.

(a)  The Licensees shall not use the Marks for any purpose other than as set forth in Section 1. Notwithstanding anything contained in this Agreement, the Licensors shall continue to have the right, subject to the provisions of Section 4(b), to use the Marks in connection

4

with its operations and businesses in Spain and elsewhere, provided that such use does not constitute an interference in any way with the rights granted hereby to the Licensees. The Licensees agree to use the Marks in a manner consistent with the high quality, statute and prestige of the Project.

(b)   The Licensees shall have the unilateral right, in their sole discretion, and without the need of any consent of the Licensors, to discontinue the use of the name "Hotel Arts" in connection with the Project, including as the name of the hotel portion of the Project (the "**Hotel**"); provided, however, that the Licensees agree that they will not discontinue use of "Hotel Arts" until the expiration of all of the option periods provided for in the Option Agreements (as defined in the Settlement Agreements) unless construction is commenced elsewhere in the world on a hotel project under the name "Hotel Arts" by the Licensors or any transferee or licensee of the name or the Marks from the Licensors prior to such expiration.

(c)   During the period that the Licensees continue to use the name "Hotel Arts" in connection with the Project, the Licensors agree that they will, and will cause any person to whom they license or sell the Marks to agree to, use the Marks only in a manner consistent with the high quality, stature and prestige of the Project. The Licensors agree that they will not, and will cause any person to whom they license or sell the Marks to agree not to, use the Marks: (x) in connection with any hotel project in Spain

until the expiration of all of the option periods under the Option Agreements (as defined in the Settlement Agreement) and (y) in Barcelona at any time during the period the Licensees continue to use the "Hotel Arts" in connection with the Project.

5.   Trademark Provisions.

(a)   The Licensees acknowledge that the Marks are the sole property of the Licensors.  The Licensees agree not to act, or fail to act, in a manner adverse to said exclusive rights.

(b)   In case the Licensees become aware of any infringement of the Marks, they shall immediately give written notice to the Licensors of such infringement.  In such event, or in the event such an infringement independently comes to the attention of the Licensors, the Licensors shall have the responsibility to institute or prosecute an action or proceeding or take any other action to attempt to bring about discontinuance of said infringement; provided, that if the Licensors decide not to proceed against such infringer, the Licensees may then, at their own expense, take such action, including, but not limited to the institution and prosecution of an action or proceeding.  In the event that the Licensees proceed against an alleged infringer as provided herein, the Licensors agree to cooperate with Licensees in all necessary respects and to provide, at their own expense, whatever assistance the

Licensees reasonably require in order to protect the Licensees' rights under this Agreement.

6.   <u>Reservation of Rights</u>.  All rights not specifically granted herein with respect to the Marks and their use are reserved to the Licensors.

7.   <u>Transfer of Rights</u>.  The Licensees may not assign their rights and obligations hereunder, or any of them, without the express written permission of the Licensors, except that (i) the Licensees may assign their rights in the Marks, whether in whole or in part, to any purchaser of all or any portion of the Project and (ii) USA Sogo may assign any or all of its rights or obligations hereunder in connection with an assignment of its rights and obligations to an Affiliate permitted by the Partnership Agreement Amendment (as each such term is defined in the Settlement Agreement).  The Licensees may sublicense any of their rights and obligations hereunder provided that each sub-licensee shall agree in writing to be bound by the terms and provisions of this Agreement.  Any instrument of assignment must provide that the assignee takes subject to this Agreement and the assignee must agree in writing to be bound by the terms and provisions of this Agreement.  The Licensors may not assign any or all of their rights hereunder without the prior written consent of the Licensees.

8.   <u>Notices</u>.  All notices, requests, consents and other communications required or permitted to be given under

this Agreement (collectively, **"Notices"**) shall be in writing and shall be either personally delivered, mailed in a postage prepaid wrapper by certified or registered mail, return receipt requested, delivered by overnight courier, or sent by facsimile transmission as follows:

> <u>If to the Licensees or any of them, to:</u>
>
> Sogo International Development Co., Ltd.
> Overseas Enterprise Office
> 3 Fl. Musashi Building
> 7-2-4 Ginza, Chuo-Ku
> Tokyo 104 Japan
> Fax No. 011-81-3-3289-2272
> <u>Attention</u>:  Mr. Shozo Yoshinaga
>
> and to:
>
> USA Sogo, Inc.
> Suite 460
> 23046 Avenida de la Carlota
> Laguna Hills, CA 92653 USA
> Fax No. 01-714-458-2572
> <u>Attention</u>:  Mr. Mitsuhiro Yamamoto
>
> with copies to:
>
> Sogo Co., Ltd.
> Overseas Enterprise Office
> 8-3 Shinsaibashi-Suji
> 1-Chome, Chuo-Ku
> Osaka 542 Japan
> Fax No. 011-81-6-252-0781
> <u>Attention</u>:  Mr. Yoshifumi Tsubouchi
>
> and to:
>
> Paul, Weiss, Rifkind, Wharton & Garrison
> 1285 Avenue of the Americas
> New York, New York 10019-6064 USA
> Fax No. 01-212-757-3990
> <u>Attention</u>:  Anthony B. Kuklin, Esq.
>                Toby S. Myerson, Esq.

<u>If to the Licensors or any of them, to</u>:

Travelstead Barcelona Limited Partnership
Skylobby
12 East 49th Street
New York, New York 10017 USA
Fax No. 01-212-935-4339
<u>Attention</u>:  Mr. G. Ware Travelstead

with a copy to:

O'Melveny & Myers
153 East 53rd Street
New York, New York 10022 USA
Fax No. 01-212-326-2061
<u>Attention</u>:  Andrew J. Frackman, Esq.

The Licensees and the Licensors may, from time to time,
designate, in the manner set forth above, any other address,
or a substitute party, to which Notices addressed to it
shall be sent.  All Notices shall be deemed given (a) on the
date received (or on the date delivery is refused) if
personally delivered or sent by express courier, (b) at the
close of business on the first business day following the
day of receipt of a legible copy if transmitted by
facsimile, or (c) if mailed, on the fifth business day
following the date of the mailing.

> 9.    <u>Further Assurances</u>.  After the date hereof,
the Licensors will from time to time, at the Licensees'
request, execute and deliver to the Licensees such other
documents and instruments and take such other action as the
Licensees shall reasonably request to more effectively
secure to the Licensees the rights granted to them pursuant
to this Agreement.

> 10.    <u>Miscellaneous</u>.

(a)   This Agreement sets forth the entire agreement and understanding of the parties with respect to the subject matter hereof and cannot be modified, amended or changed except by a writing duly executed by the parties hereto.

(b)   No waiver by either party of any terms, conditions or covenants contained in this Agreement or the breach thereof, in any one or more instances, shall be deemed a continuing waiver of the same or any other term, condition or covenant in this Agreement or any breach thereof.

(c)   This Agreement is a license agreement only and shall not be deemed to constitute the Licensors and the Licensees partners, joint venturers, or agents for the other.

(d)   This Agreement may be executed in counterparts, all of which shall constitute and original and all of which, when taken together, shall constitute one agreement.

(e)   This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

THE TRAVELSTEAD GROUP, INC.

By _____
    Name:
    Title:

TRAVELSTEAD BARCELONA LIMITED PARTNERSHIP

By _____
    Name:
    Title:

_____
G. Ware Travelstead

USA SOGO, INC.

By _____
    Name:
    Title:

T-S BARCELONA PARTNERS, L.P.

By _____
    Name:
    Title:

10

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

THE TRAVELSTEAD GROUP, INC.

By_____
   Name:
   Title:

TRAVELSTEAD BARCELONA LIMITED
PARTNERSHIP

By_____
   Name:
   Title:

_____
G. Ware Travelstead

USA SOGO, INC.

By_____
   Name:  Mitsuhiro Yamamoto
   Title:  President

T-S BARCELONA PARTNERS, L.P.

By_____
   Name:  Mitsuhiro Yamamoto
   Title:  President, USA SOGO, INC.
           General Partner

SCHEDULE 1
<u>TO LICENSE AGREEMENT</u>

<u>TRADEMARKS</u>

1.   "Arts" & Design                        Serial No. 1609205
                                            Class 42

2.   "Arts Barcelona" & Design              Serial No. 1609204
                                            Class 42

3.   "Hotel Arts Barcelona" & Design        Serial No. 1630306
                                            Class 42

EXHIBIT A-1 TO
<u>LICENSE AGREEMENT</u>

G. Ware Travelstead, on behalf of the company The
Travelstead Group, Inc. (hereinafter the "Company"),
domiciled in New York, New York, the United States of
America, acting as charge of the Company

1.    That starting February 25, 1993, he has granted on the
      license contract for the use of trademarks (the License
      Agreement), which is attached as Exhibit 1 to this
      document of authority.

2.    That in order to proceed with the registration in the
      Spanish Registry of Patents and Trademarks of the
      rights which are acknowledged in the License Agreement,
      the execution of the same in public deed is required.
      Therefore, he grants with this document joint power to
      Messrs. Martin Kabat, with passport number 014212096,
      Javier Faus Santasusana, with National Identity Card
      nr. 46221224 and Fernando Bautista Sagués, with
      National Identity Card nr. 5434685, in order that they
      may:

      Appear before a Spanish Notary Public to raise the
      License Agreement into a public document and to take
      all such action as might be required or deemed
      convenient for the registration in the Spanish or
      international Registries of trademarks and patents of
      the rights recognized in the License Agreement.

Signed Company


_____
by power Mr. G. Ware Travelstead
(Charge).

## FORM OF LICENSE AGREEMENT FOR REGISTRATION

LICENSE AGREEMENT, dated as of February 25, 1993, by and among The Travelstead Group, Inc., a New York corporation ("**TTG**"), Travelstead Barcelona Limited Partnership, a Delaware limited partnership ("**TBLP**"), G. Ware Travelstead, a citizen of the United States resident at 440 Fairway Drive, Advance, North Carolina 27006, U.S.A. ("**Travelstead**"), USA Sogo, Inc., a California corporation ("**USA Sogo**") and T-S Barcelona Partners, L.P., a New York limited partnership ("**Barcelona Partners**"). TTG, TBLP and Travelstead are hereinafter sometimes referred to together as the "**Licensors**." USA Sogo and Barcelona Partners are hereinafter sometimes referred to as the "**Licensees**."

WHEREAS, USA Sogo is the sole general partner of Barcelona Partners and TBLP the sole limited partner;

WHEREAS, Barcelona Partners was formed for the purpose of owning, developing and operating the "PARC DEL MAR" project located in Barcelona, Spain (the "**Project**");

WHEREAS, TTG is the owner of the trademarks described on Schedule 1 hereto (the "**Marks**");

WHEREAS, the Licensees desire to obtain from the Licensors and the Licensors desire to grant to the Licensees the right to use the Marks in connection with the Project;

NOW, THEREFORE, in consideration of their mutual promises and intending to be legally bound, the parties agree as follows:

1.    <u>Grant of License</u>.  The Licensors hereby sell, assign, transfer, grant and convey to the Licensees a worldwide, irrevocable, royalty-free right and license to use the Marks in any manner whatsoever connection with the Project.

2.    <u>Term</u>.  The term of the license granted pursuant to Section 1 shall commence as of the date hereof, and shall continue for a period of forty years.

3.    <u>Scope and Limitation of the Grant; Limitation on Use by Licensors</u>.

(a)    The Licensees shall not use the Marks for any purpose other than as set forth in Section 1. Notwithstanding anything contained in this Agreement, the Licensors shall continue to have the right, subject to the provisions of Section 4(b), to use the Marks in connection

with its operations and businesses in Spain and elsewhere, provided that such use does not constitute an interference in any way with the rights granted to the Licensees hereby. The Licensees agree to use the Marks in a manner consistent with the high quality, statute and prestige of the Project.

(b)  The Licensees shall have the unilateral right, in their sole discretion, and without the need of any consent of the Licensors, to discontinue the use of the name "Hotel Arts" in connection with the Project, including as the name of the hotel portion of the Project (the "**Hotel**"); provided, however, that the Licensees agree that they will not discontinue the use of "Hotel Arts" until the expiration of all of the option periods provided for in the Option Agreements (as defined in the Settlement Agreements) unless construction is commenced elsewhere in the world on a hotel project under the name "Hotel Arts" by the Licensors or any transferee or licensee of the name or the Marks from the Licensors prior to such expiration.

(c)  During the period that the Licensees continue to use the name "Hotel Arts" in connection with the Project, the Licensors agree that they will, and will cause any person to whom they license or sell the Marks to agree to, use the Marks only in a manner consistent with the high quality, stature and prestige of the Project.  The Licensors agree that they will not, and will cause any person to whom they license or sell the Marks to agree not to, use the Marks:  (x) in connection with any hotel project in Spain until the expiration of all of the option periods under the Option Agreements (as defined in the Settlement Agreement) and (y) in Barcelona at any time during the period the Licensees continue to use the "Hotel Arts" in connection with the Project.

4.  <u>Trademark Provisions</u>.  The Licensees acknowledge that the Marks are the sole property of the Licensors.  The Licensees agree not to act, or fail to act, in a manner adverse to said exclusive rights.  All rights not specifically granted herein with respect to the Marks and their use are reserved to the Licensors.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

THE TRAVELSTEAD GROUP, INC.

By_____
  Name:
  Title:

TRAVELSTEAD BARCELONA LIMITED PARTNERSHIP

By_____
  Name:
  Title:


_____
G. Ware Travelstead

USA SOGO, INC.

By_____
  Name:
  Title:

T-S BARCELONA PARTNERS, L.P.

By_____
  Name:
  Title:

20

LICENSE AGREEMENT

LICENSE AGREEMENT, dated as of February 25, 1993, by and among The Travelstead Group, Inc., a New York corporation ("TTG"), Travelstead Barcelona Limited Partnership, a Delaware limited partnership ("TBLP"), G. Ware Travelstead, a citizen of the United States resident at 440 Fairway Drive, Advance, North Carolina 27006, U.S.A. ("Travelstead"), USA Sogo, Inc., a California corporation ("USA Sogo") and T-S Barcelona Partners, L.P., a New York limited partnership ("Barcelona Partners"). TTG, TBLP and Travelstead are hereinafter sometimes referred to together as the "Licensors." USA Sogo and Barcelona Partners are hereinafter sometimes referred to as the "Licensees."

WHEREAS, USA Sogo is the sole general partner of Barcelona Partners and TBLP the sole limited partner;

WHEREAS, Barcelona Partners was formed for the purpose of owning, developing and operating the "PARC DEL MAR" project located in Barcelona, Spain (the "Project");

WHEREAS, TTG is the owner of the trademarks described on Schedule 1 hereto (the "Marks");

WHEREAS, the Licensees desire to obtain from the Licensors and the Licensors desire to grant to the Licensees the right to use the Marks in connection with the Project;

NOW, THEREFORE, in consideration of their mutual promises and intending to be legally bound, the parties agree as follows:

1.    Grant of License.  The Licensors hereby sell, assign, transfer, grant and convey to the Licensees a worldwide, irrevocable, royalty-free right and license to use the Marks in any manner whatsoever connection with the Project.

2.    Term.  The term of the license granted pursuant to Section 1 shall commence as of the date hereof, and shall continue for a period of forty years.

3.    Scope and Limitation of the Grant; Limitation on Use by Licensors.

(a)  The Licensees shall not use the Marks for any purpose other than as set forth in Section 1. Notwithstanding anything contained in this Agreement, the Licensors shall continue to have the right, subject to the provisions of Section 4(b), to use the Marks in connection

with its operations and businesses in Spain and elsewhere, provided that such use does not constitute an interference in any way with the rights granted to the Licensees hereby. The Licensees agree to use the Marks in a manner consistent with the high quality, statute and prestige of the Project.

(b)  The Licensees shall have the unilateral right, in their sole discretion, and without the need of any consent of the Licensors, to discontinue the use of the name "Hotel Arts" in connection with the Project, including as the name of the hotel portion of the Project (the "<u>Hotel</u>"); <u>provided</u>, however, that the Licensees agree that they will not discontinue the use of "Hotel Arts" until the expiration of all of the option periods provided for in the Option Agreements (as defined in the Settlement Agreements) unless construction is commenced elsewhere in the world on a hotel project under the name "Hotel Arts" by the Licensors or any transferee or licensee of the name or the Marks from the Licensors prior to such expiration.

(c)  During the period that the Licensees continue to use the name "Hotel Arts" in connection with the Project, the Licensors agree that they will, and will cause any person to whom they license or sell the Marks to agree to, use the Marks only in a manner consistent with the high quality, stature and prestige of the Project.  The Licensors agree that they will not, and will cause any person to whom they license or sell the Marks to agree not to, use the Marks:  (x) in connection with any hotel project in Spain until the expiration of all of the option periods under the Option Agreements (as defined in the Settlement Agreement) and (y) in Barcelona at any time during the period the Licensees continue to use the "Hotel Arts" in connection with the Project.

4.  <u>Trademark Provisions</u>.  The Licensees acknowledge that the Marks are the sole property of the Licensors.  The Licensees agree not to act, or fail to act, in a manner adverse to said exclusive rights.  All rights not specifically granted herein with respect to the Marks and their use are reserved to the Licensors.

3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

THE TRAVELSTEAD GROUP, INC.

By _____
   Name:
   Title:

TRAVELSTEAD BARCELONA LIMITED PARTNERSHIP

By _____
   Name:
   Title:

_____
G. Ware Travelstead

USA SOGO, INC.

By _____
   Name:
   Title:

T-S BARCELONA PARTNERS, L.P.

By _____
   Name:
   Title:

3

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

THE TRAVELSTEAD GROUP, INC.

By_____
    Name:
    Title:

TRAVELSTEAD BARCELONA LIMITED
PARTNERSHIP

By_____
    Name:
    Title:

_____
G. Ware Travelstead

USA SOGO, INC.

By_____
    Name:    Mitsuhiro Yamamoto
    Title:   President

T-S BARCELONA PARTNERS, L.P.

By_____
    Name:    Mitsuhiro Yamamoto
    Title:   President, USA SOGO, INC.
             General Partner

21

G. Ware Travelstead, on behalf of the company The
Travelstead Group, Inc. (hereinafter the "Company"),
domiciled in New York, New York, the United States of
America, acting as charge of the Company

1.    That starting February 25, 1993, he has granted on the
      license contract for the use of trademarks (the License
      Agreement), which is attached as Exhibit 1 to this
      document of authority.

2.    That in order to proceed with the registration in the
      Spanish Registry of Patents and Trademarks of the
      rights which are acknowledged in the License Agreement,
      the execution of the same in public deed is required.
      Therefore, he grants with this document joint power to
      Messrs. Martin Kabat, with passport number 014212096,
      Javier Faus Santasusana, with National Identity Card
      nr. 46221224 and Fernando Bautista Sagués, with
      National Identity Card nr. 5434685, in order that they
      may:

      Appear before a Spanish Notary Public to raise the
      License Agreement into a public document and to take
      all such action as might be required or deemed
      convenient for the registration in the Spanish or
      international Registries of trademarks and patents of
      the rights recognized in the License Agreement.

Signed Company

by power Mr. G. Ware Travelstead
(Charge).