

*James F. Schneider*
**JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD,** | * | Case No. 96-5-4979-SD |
| | | (Chapter 11) |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER GRANTING MOTION OF LIQUIDATING AGENT FOR AUTHORITY TO SELL INTERESTS IN AND ASSOCIATED WITH TRADEMARKS OF THE TRAVELSTEAD GROUP, INC.

Upon consideration of the Motion of the Liquidating Agent for Authority to Sell All of the Debtor's right, title and interests in and associated with trademarks owned by the Travelstead Group, Inc. (the "Motion"), this Court having fully considered and heard all responses filed in response to the Motion, and a hearing have been conducted by this Court to consider the Motion and any responses filed thereto, and after due deliberation by this Court regarding this matter, and good cause having been shown, it is, by the United States Bankruptcy Court for the District of Maryland, FOUND THAT:

　　A.　Notice of the Motion and the hearing was properly provided by the Liquidating Agent to all creditors and parties-in-interest entitled to such notice pursuant to

applicable bankruptcy laws, statutes, and rules, and no other or further notice of the Motion or hearing is necessary;

  B. The procedures followed by the Liquidating Agent to (i) enter into the Purchase And Sale Agreement (the "PSA"), (ii) provide notice of the Motion, PSA and the hearing, and (iii) investigate the value of the Debtor's direct and/or indirect ownership interests in the trademarks identified in the Motion (the "Trademarks") have resulted in the highest and best offer for the assets to be sold;

  C. All requirements of Sections 363(b), (f), (k), (l) and (m) of the United States Bankruptcy Code (the "Bankruptcy Code") have been fully satisfied;

  D. Hotel de la Villa Olympica, S.A ("Hovisa") has acted in good faith in connection with the purchase of the Trademarks and this order (the "Order") and is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code;

  E. Hovisa is hereby found to be a bona fide purchaser with respect to the Trademarks to be conveyed pursuant to the Motion;

  F. The consideration being offered by Hovisa to the Liquidating Agent pursuant to the terms and conditions of the PSA is hereby found to be fair and reasonable; and

  G. The relief requested in the Motion is in the best interest of creditors and other parties-in-interest.

  **THEREFORE, IT IS HEREBY**,

  **ORDERED** that the Motion is GRANTED; and it is further

  **ORDERED** that the PSA, the terms and conditions thereof and the transactions contemplated therein are hereby APPROVED in their entirety; and it is further

**ORDERED** that the findings of facts set forth above are ratified and adopted as findings of this Court and are incorporated into this Order by reference, and to the extent any of the findings set forth herein are deemed to be conclusions of law, then such findings are hereby confirmed; and it is further

**ORDERED** that the Liquidating Agent is hereby authorized to sell the Trademarks to Hovisa in exchange for the consideration set forth in the PSA; and it is further

**ORDERED** that, upon closing of the terms and conditions of the PSA and this Order, the sale of the Trademarks shall be free and clear of all liens, claims, rights, encumbrances and interests of claimants of this estate; and it is further

**ORDERED** that the consideration to be paid to the Liquidating Agent as set forth in the PSA is hereby APPROVED; and it is further

**ORDERED** that the Liquidating Agent is hereby authorized to take any and all actions as may be necessary and appropriate to effectuate the terms of the sale and the PSA, to settle in connection with the PSA and to consummate the transactions contemplated therein, including, without limitation, executing and delivering in the name of the Debtor as his attorney-in-fact any and all documents, instruments of transfer, conveyance documents and other documents required or necessary to consummate and settle the PSA and the transactions contemplated thereby; and it is further

**ORDERED** that this Order constitutes a power of attorney authorizing the Liquidating Agent to act in the place of and on behalf of the Debtor, such that the Liquidating Agent is hereby authorized to execute all documents necessary to effectuate closing under applicable law; and it is further

**ORDERED** that the Liquidating Agent is hereby authorized, as needed, to stand in the shoes of the Debtor, and is granted and endowed with all of the Debtor's rights and powers appurtenant to the Debtor's direct and/or indirect ownership interests; and it is further

**ORDERED** that this Court shall retain jurisdiction over any matters relating to or arising from the implementation of this Order including, without limitation, the resolution of any dispute whatsoever arising out of or concerning PSA.

cc:    Joel I. Sher, Esquire
Shapiro Sher Guinot & Sandler
36 S. Charles Street, 20th Floor
Baltimore, MD   21201

Javier Faus Santasusana, Esquire
Edificio "Blue Building" Av. Litoral Mar, 12-14, 1º
08005, Barcelona Spain

Paul M. Nussbaum, Esquire
Stephen F. Fruin, Esquire
Whiteford, Taylor & Preston
7 St. Paul Street
Baltimore, MD  21202-1626

Mark A. Neal, Esquire
Assistant U.S. Trustee
Office of the United States Trustee
300 West Pratt Street, Suite 350
Baltimore, MD   21201

Edward T. McDermott, Esquire
Pollack & Kaminsky
114 West 47th Street, 19th Floor
New York, NY   10036

**- END OF ORDER -**

**BAE SYSTEMS**
**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 0416-1          User: nbullock            Page 1 of 1              Date Rcvd: Jun 16, 2006
Case: 96-54979                Form ID: pdfall           Total Served: 5
```

```
The following entities were served by first class mail on Jun 18, 2006.
db          +G. Ware Travelstead,    1709 Dey Cove Drive,   Virginia Beach, VA 23454-1341
            +Edward T. McDermott, Esq.,    Pollack & Kaminsky,    114 W. 47th St, 19th Floor,
              New York, NY 10036-1510
             Javier Faus Santasusana, Esq.,    Edificio " Blue Building" Av.,    Litoral Mar, 12-14, 1 08005,
              Barcelona Spain
            +Mark A. Neal, Esq.,    Assistant U.S. Trustee,    Office of the United States Trustee,
              101 W. Lombard St.,    Suite 2625,    Baltimore, MD 21201-2668
            +Paul M. Nussbaum, Esq.,    Stephen F. Furin, Esq.,    Whiteford, Taylor & Preston,
              7 St. Paul Street,    Baltimore, MD 21202-1697
The following entities were served by electronic transmission.
NONE.                                                                                              TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 18, 2006**          Signature:  _Joseph Speetjens_