# STORAGE USA RENTAL AGREEMENT - STATE OF MARYLAND

This Rental Agreement is executed at the place and on the date set forth below, between SUSA Partnership L.P. (hereinafter "Lessor") and, _Venture Concept_ (hereinafter "Tenant" or the "Occupant") as evidenced by their signatures below, and is made subject to the terms and conditions set forth below in this Rental Agreement, which terms and conditions are incorporated herein and made a part hereof for all purposes. In consideration of the covenants, conditions, and agreements hereinafter contained to be kept and performed by Tenant, Lessor does hereby lease to Tenant and Tenant hereby leases from Lessor the herein described property, hereinafter call "the Space" or if referring to the entire property, "the Facility".

**1. TENANT INFORMATION**

### RENT IS DUE ON THE 1ST DAY OF EACH MONTH - A BILL WILL NOT BE SENT TO YOU

MAKE ALL CHECKS PAYABLE TO: STORAGE USA AND MAIL OR DELIVER TO:

```
STORAGE-USA ANNAPOLIS #19                      Lease # 607
1699 BALTIMORE ANNAPOLIS BLVD
ARNOLD, MD  21012                              Date of Agreement: 10/25/97
                                                                  01:34pm
(410) 757-9300
                                               UNIT ID: 59
------------------ TENANT ------------------
                                               Refundable security deposit: 0.00
VENTURE CONCEPT
1517 RITCHIE HWY  SUITE 207                    Monthly unit rental rate:      209.00
ARNOLD, MD  21012                              0 Additional unit features cost: 0.00
                                               Montnly rental discount until 04/30/98: 20.90
Home Phone # 974-4290                          Insurance Coverage $ 0.00  :   0.00
Work Phone # 757-9191                          Tax on rent and features fees: 0.00
Drivers Lic #                                                                 --------
Social Sec. #                                  Approx. size: 10X20CNDO  Total monthly rate: 188.10
                                                                                    ========
----------- ALTERNATE CONTACT -----------
C/O NOREEN WORTMAN                             Amount tendered this day:$ 240.57   Next rent assessment: 11/01/97
2603 29TH STREET                               Refer to receipt # 58553             Paid to: 12/01/97
ASTORIA, NY  11102-212-935-4330
```

**2. TERMS**

This Rental Agreement is a month-to-month rental agreement which shall commence on the date of execution and continue through the last day of the current month. Thereafter, the term of this Agreement shall automatically renew each and every month unless notice is given ten (10) days prior to the end of the last month of tenancy by either party, subject to all terms and conditions hereafter stated notwithstanding Tenant's notice to Lessor if Tenant's intention to terminate this Agreement. If Tenant elects to hold over or for any reason fails to remove his property from the Space after the term of this Agreement, then this Agreement shall be automatically renewed, on a month-to-month basis. In the event this Agreement is extended or renewed, it is expressly agreed that the covenants and terms of this Agreement shall remain in full force and effect.

**3. RENT**

TENANT INITIALS HERE _SJS_

The rent shall be $ _205.02_ per month. Rent shall be payable as follows: Rent is due and payable the first day of each calendar month, in advance and without demand. If rental is not paid by the fifth (5th) day of the month due, Tenant agrees to pay a LATE CHARGE of $ _10.00_ with an additional $ _25.00_ charge after the fifteenth (15th) day of the month. Any account thirty (30) or more days delinquent will be assessed an additional $ _25.00_ Preforeclosure Fee. Tenant agrees to pay a $ _25.00_ charge for each RETURNED CHECK. The late charges and returned check charges shall be deemed as and for rent. Partial payment of rent does not waive or void the legal effect of prior notices given to Tenant unless expressly agreed to in writing by Lessor. Lessor reserves the right to refuse payment by check. Lessor acknowledges payment of rent of $ _240.57_ which pays rent until _12-1_ 19 _97_ All rental payments shall be made to the Lessor at the above stated address or at such other place as shall be designated in writing from time to time by Lessor. Any additional charges shall be payable concurrently with the rent payment or at the time the additional charge is levied. In the event of a seizure under Paragraph 12 hereof, it is understood and agreed that the Lessor's lien for the rents, charges, costs, and expenses provided for in this Rental Agreement shall not be relinquished, diminished or extinguished prior to payment in full or termination of this Agreement, whichever occurs first in time. It is further agreed that Tenant shall be personally liable for all rents, charges, costs, expenses to the date of termination of this Agreement, expenses incurred for the sale and/or disposition of the property, advertising costs, attorneys' fees, court costs, and any costs of repair and damages to the Space or Facility as provided for below. In the event of a sale or other disposition it is agreed that the date of any such sale or other disposition shall constitute the date of termination of this Agreement.

**4. PAST DUE RENT/LOCKOUT**

In addition to, but not in limitation of, all remedies available to Lessor, the laws of this state as summarized in Paragraph 12 B., gives the Lessor a lien upon all personal property, whether or not owned by the Tenant, located at the self-storage facility for payment of rent, labor or other charges reasonably incurred. In the event Tenant is in default hereunder, the Lessor may without notice, deny the Tenant access to the property located in the self-storage facility. All charges of whatever nature due under this Rental Agreement shall constitute rent.

The Lessor shall have the right to place a lock on Tenant's door after the fifth (5th) day of the rental period (unless otherwise set forth by the self-storage laws of this state), if the rent has not been received. The overlock placed by the Lessor shall serve as notification that rent is due and not paid according to the Lessor's records. The overlock shall be removed only during the office hours of the self-storage facility.

**5. FEE**

Concurrently with the execution of this Rental Agreement, Tenant shall pay to Lessor $ _10.00_ as a nonrefundable new account Administration Fee.

**6. RENEWAL**

Lessor reserves the right not to extend or renew this Agreement for any cause or no cause whatsoever, and Tenant agrees to vacate upon any default by Tenant or upon any notice of termination from Lessor.

**7. HOLDING OVER**

TENANT INITIALS HERE _SJS_

Unless ten (10) days prior to the end of the last month of tenancy, or any extension or renewal of it, either of the parties gives the other party notice of his/her intention to terminate this Agreement at the end of the paid term, this Agreement shall be construed as a tenancy at sufferance at the rental rate and on the same terms and conditions herein specified, or as such may be modified pursuant to Paragraph 18 below. TENANT AGREES TO GIVE WRITTEN NOTICE OF INTENT TO TERMINATE OR VACATE TEN (10) DAYS PRIOR TO THE END OF THE LAST MONTH OF TENANCY, AND TENANT AGREES THAT FAILURE TO GIVE SUCH WRITTEN NOTICE WILL ALLOW LESSOR TO CLAIM AND RECOVER ANY DAMAGES AND CHARGES TO WHICH LESSOR MAY BE ENTITLED (Refer to Paragraph 36, "Rules and Regulations" Item #14).

**8. USE**

TENANT INITIALS HERE _SJS_

The storage Space shall not be used for any unlawful purpose and will be kept in good condition. Tenant shall have sole responsibility to secure the Space. Lessor shall have no responsibility to secure Tenant's Space. Tenant may only store personal property owned by Tenant. Tenant represents that none of the personal property stored in the Space is subject to perfected security interests under the Uniform Commercial Code in which Tenant is a debtor. Tenant has exclusive control of the storage Space during the term of this Agreement, and specifically agrees that so long as Tenant observes the Rules and Regulations and the provision of this paragraph, Lessor is not concerned with the kind, quality or value of any goods stored.

Description of property to be stored: _office records_

If Fair Market Value exceeds $5000 please supply Insurance Co. _____ Policy # _____

Tenant agrees that in no event shall the total value of all property stored in this Space be deemed to exceed $5,000 unless the above stated policy is in effect for the entire period of occupancy. The provisions of this paragraph do not alter the release of Lessor's liability set forth in Paragraph 12, "Default" nor do they constitute any admission that Tenant's stored property has any value whatsoever. Storage of any materials classified as hazardous or illegal under any state, federal or local law or regulation is prohibited. The storage of welding or flammable, chemical, odorous, explosive or other inherently dangerous material is prohibited. Tenant shall not do or permit to be done any act which creates or may create a hazard or nuisance in connection with Tenant's use of the Space. In Lessor's sole discretion, access to the Facility may be conditioned in any manner deemed reasonably necessary by Lessor. Tenant acknowledges that the Space may be used for storage only, and is not to be used for the conduct of business. Human or animal habitation is specifically prohibited.

**9. INSURANCE OBLIGATIONS**

NO BAILMENT IS CREATED HEREUNDER. LESSOR IS NOT A WAREHOUSEMAN ENGAGED IN THE BUSINESS OF STORING GOODS FOR HIRE, AND ALL PROPERTY STORED WITHIN OR ON THE SPACE BY TENANT OR LOCATED AT THE FACILITY SHALL BE AT TENANT'S SOLE RISK. LESSOR CARRIES NO INSURANCE WHICH IN ANY WAY COVERS ANY LOSS WHATSOEVER THAT TENANT MAY HAVE OR CLAIM BY RENTING THE STORAGE SPACE OR BEING ON OR ABOUT THE FACILITY, AND, THEREFORE, TENANT MUST OBTAIN ANY INSURANCE DESIRED AT HIS/HER OWN EXPENSE. LESSOR STRONGLY RECOMMENDS THAT TENANT SECURE HIS/HER OWN INSURANCE TO PROTECT HIMSELF/HERSELF AND HIS/HER PROPERTY AGAINST ALL PERILS OF WHATSOEVER NATURE. LESSOR SHALL NOT BE LIABLE TO TENANT OR TENANT'S INVITEES, FAMILY, EMPLOYEES, AGENTS, OR SERVANTS FOR ANY PERSONAL INJURIES OR PROPERTY DAMAGE, OR LOSS FROM THEFT, VANDALISM, FIRE, SMOKE, WATER, HURRICANE, RAIN, TORNADO, EXPLOSION, ACTS OF GOD, OR ANY OTHER CAUSE WHATSOEVER, TO THE EXTENT ALLOWED BY LAW. TENANT ACKNOWLEDGES THAT LESSOR DOES NOT TAKE CARE, CUSTODY, CONTROL, POSSESSION, OR DOMINION OVER CONTENTS IN OR On THE SPACE, OR AT THE FACILITY AND DOES NOT AGREE TO PROVIDE PROTECTION FOR THE FACILITY, THE SPACE OR THE CONTENTS THEREOF. TENANT MUST TAKE WHATEVER STEPS HE/SHE DEEMS NECESSARY TO SAFEGUARD WHAT IS AT THE FACILITY OR IN OR ON THE SPACE. TENANT MUST PROVIDE HIS/HER OWN LOCK AND KEY AND ASSUMES FULL RESPONSIBILITY FOR WHOMEVER HAS POSSESSION OF THE KEYS AND ACCESS TO THE SPACE. LESSOR SHALL NOT BE LIABLE FOR LOSS OR DAMAGE RESULTING FROM FAILURE, INTERRUPTION OR MALFUNCTION OF THE UTILITIES, APPLIANCES, OR FIXTURES, IF ANY, PROVIDED TO TENANT UNDER THE TERMS OF THIS RENTAL AGREEMENT.

TENANT HEREBY AGREES TO INDEMNIFY AND HOLD HARMLESS THE LESSOR FROM AND AGAINST ANY AND ALL CLAIMS FOR DAMAGES OR LOSS TO PROPERTY OR PERSONAL INJURY AND COSTS INCLUDING ATTORNEYS' FEES ARISING FROM TENANTS USE OF THE SPACE OR THE FACILITY, OR FROM ANY ACTIVITY, WORK OR THING DONE, PERMITTED OR SUFFERED TO BE DONE BY TENANT IN OR ON THE SPACE OR ABOUT THE FACILITY.

TENANT HEREBY EXPRESSLY AGREES THAT ANY CARRIER WHICH ISSUES ANY INSURANCE ON ANY PROPERTY STORED OR OTHERWISE LOCATED IN THE SPACE SHALL NOT RIGHT OF SUBROGATION TO ANY CLAIM THE CARRIER HAS AGAINST THE LESSOR, LESSOR'S AGENTS OR EMPLOYEES TO INCLUDE LESSOR'S INSURANCE CARRIER.

Should any of Lessor's employees perform any services for Tenant at Tenant's request, such employees shall be deemed to be the agent of the Tenant, regardless of whether payment for such services or not, and Tenant agrees to hold Lessor harmless from all liability in connection with or arising, directly or indirectly, from such services performed by employee of Lessor. Notwithstanding that Lessor shall for such occurrences, Tenant agrees to notify Lessor immediately upon the occurrence of any injury, damage or loss suffered by the Tenant or other persons on or within the Facility.

TENANT INITIALS HERE _SJS_

Nothing in this Paragraph 9 is intended to limit or waive either party's rights under the laws of this state as summarized in Paragraph 12 B. By placing his/her initials Tenant acknowledges that he/she h understands the provisions of this Paragraph 9 and agrees, understands, and will comply with its requirements.

EXH. C  ALL-STATE LEGAL®

Case 96-54979  Doc 1241  Filed 1/08/07  Page 2 of

| | |
|---|---|
| 10. INSPECTION | Upon the request of the Lessor, the Tenant shall provide access to the Lessor to enter the leased Space for the purpose of inspection, repair, alteration, improvements, or to supply necessary or agreed services. In case of emergency, Lessor may enter the leased Space for any of the above said purposes without notice to Tenant, and Lessor reserves the right to remove the contents of the leased Space. For the purposes of this Paragraph, the term "emergency" means any sudden, unexpected occurrence or circumstance which demands immediate action. |
| 11. LIEN | IN ADDITION TO ANY LIENS AND REMEDIES PROVIDED BY LAW TO SECURE AND COLLECT RENT, AND CUMULATIVE THEREWITH, TENANT HEREBY GIVES LESSOR A CONTRACTUAL LANDLORD'S LIEN UPON ALL PROPERTY, NOW OR AT ANY TIME HEREAFTER, STORED IN OR ON THE SPACE OR AT THE FACILITY IN ORDER TO SECURE THE TIMELY PERFORMANCE OF THIS AGREEMENT BY TENANT AND SECURE THE PAYMENT OF ALL RENTS, CHARGES, AND COSTS INCIDENT TO TENANT'S DEFAULT. FURTHERMORE, LESSOR HAS A LIEN ON ALL PROPERTY IN A SELF-STORAGE FACILITY FOR THE PAYMENT OF RENTS, LABOR OR OTHER CHARGES THAT ARE DUE AND UNPAID BY THE TENANT PURSUANT TO THE LAWS OF THIS STATE AS SUMMARIZED IN PARAGRAPH 12B. |
| 12. DEFAULT | Time is of the essence in the performance of this Agreement and in the payment of each and every installment of rent and charges herein convenanted to be paid. If any rent or charge shall be due and unpaid, or if Tenant shall fail or refuse to perform any of the covenants, conditions or terms of this Agreement, Tenant shall be conclusively deemed in default in the performance of this Agreement. Nothing contained in this Rental Agreement shall be construed as limiting Lessor's rights and remedies as provided under the laws of this state.<br><br>In case of default, at his/her option, and without prejudice to any other remedies, Lessor may:<br><br>A. Terminate the Rental Agreement; or<br>B. SEIZE AND SELL THE PROPERTY AGAINST WHICH A LIEN HAS ATTACHED UNDER MARYLAND SELF-STORAGE FACILITY ACT § 18-501 et. seq. COMMERCIAL LAW ARTICLE, CODE OF MARYLAND (ANNOTED). THAT LAW PROVIDES FOR SALE OF THE PROPERTY AFTER DEFAULT FOR MORE THAN SIXTY (60) DAYS; BEFORE SUCH SALE IS HELD, LESSOR SHALL MAIL NOTICE OF DEFAULT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, TO THE OCCUPANT AT OCCUPANT'S LAST KNOWN ADDRESS COMPLYING WITH § 18-504 (b) (2), COMMERCIAL LAW ARTICLE, CODE OF MARYLAND (ANNOTED), AND ADVERTISE THE TIME, PLACE AND TERMS OF THE SALE IN A NEWSPAPER OF GENERAL CIRCULATION IN THE JURISDICTION WHERE THE SALE IS TO BE HELD. THE SALE SHALL BE HELD AT THE FACILITY. |

**EXPLANATION**
Your goods may be sold if your rent is delinquent.

| | |
|---|---|
| 13. PROPERTY NOT SOLD | If any property remains unsold after Lessor has complied with all the requirements of the laws of this state as summarized in Paragraph 12 B., Lessor may then otherwise dispose of said property in any manner considered appropriate by the Lessor, including, but not limited to destroying the said personal property. |
| 14. BREACH OF COVENANT | A breach of any of the covenants or conditions of this Agreement by the Tenant shall, at the option of the Lessor, terminate this Agreement and at which time said Agreement shall become null and void. |
| 15. BANKRUPTCY | In the event that Tenant files a voluntary petition in bankruptcy, or suffers a petition in involuntary bankruptcy to be filed against him/her, or makes an assignment for the benefit of creditors or is placed in receivership, or is the subject of any other type of legal action wherein the right to use and occupancy of the leased Space is an issue, then, at the option of the Lessor, this Agreement shall terminate, and Tenant shall thereafter have no right, title, or interest in or to any of the leased Space. |
| 16. TERMINATION | Upon termination of this Rental Agreement, Tenant shall remove all Tenant's personal property from the Space unless such property is subject to Lessor's lien rights as referenced in Paragraph 11 and shall immediately deliver possession of the Space to Lessor in the same condition as delivered to Tenant on the commencement date of this Rental Agreement, reasonable wear and tear excepted. |
| 17. WAIVER | No waiver by Lessor, his agents, representatives or employees of any breach or default in the performance of any covenant, condition or term contained herein shall constitute a waiver of any subsequent breach or default in the performance of the same or any other covenant, condition or term hereof. |
| 18. CHANGE OF TERMS | All terms of this Agreement, including without limitation, monthly rental, conditions of occupancy and charges are SUBJECT TO CHANGE UPON THIRTY (30) DAYS PRIOR WRITTEN NOTICE to Tenant. If changed, the Tenant may terminate this Agreement on the effective date of the change by giving Lessor TEN (10) DAYS PRIOR WRITTEN NOTICE to terminate. If the Tenant does not give such notice, the change shall become effective and apply to his/her occupancy. |
| 19. INDEMNIFY AND HOLD HARMLESS | The Tenant agrees to indemnify and hold harmless the Lessor from any and all costs, disbursements, expenses (including attorneys' fees), demands, claims, actions, or causes of action arising directly or indirectly from Tenant's breach of any term or covenant in this Agreement or any renewal or extension thereof. |
| 20. SUBLETTING | No subletting of the Space or any portion thereof or assignment of this Agreement may be made by Tenant without having written permission of Lessor in advance. |
| 21. WARRANTIES | TENANT HEREBY WARRANTS THAT ALL THE INFORMATION GIVEN BY HIM/HER AND INCORPORATED IN THIS AGREEMENT IS TRUE, COMPLETE AND CORRECT AT THE TIME OF EXECUTION OF THIS AGREEMENT. |
| 22. SEVERABILITY | If any part of this Agreement for any reason is declared invalid, such decision shall not affect the validity of any remaining portion, which remaining portion shall remain in full force and effect as if this Agreement had been executed with the invalid portion thereof eliminated. It is hereby declared the intention of the parties that they would have executed the remaining portion of this Agreement without including any such part, parts, or portions which may, for any reason, be hereafter declared invalid. |
| 23. SUCCESSION | Lessor may at anytime assign this Rental Agreement in which event, Lessor shall no longer be responsible or liable under the terms of this Agreement and all of the provisions hereof shall apply to, bind, and be obligatory upon the parties and their heirs, assigns, executors, administrators, representatives, and successors of the parties hereto. |
| 24. STATE LAW TO APPLY | This Agreement and any action arising between the parties shall be construed under and in accordance with the substantive laws of this state as summarized in Paragraph 12.B. |
| 25. DISCLAIMER | The agents and employees of Lessor are not authorized to make warranties about the Space, premises, and Facility referred to in this Agreement. Lessor's agents' and employees' ORAL STATEMENTS DO NOT CONSTITUTE WARRANTIES, and shall not be raised upon by Tenant, nor shall any of said statements be considered a part of this Agreement. The entire Agreement and understanding of the parties hereto is embodied in this writing and NO OTHER WARRANTIES are given beyond those set forth in this Agreement. The parties hereto agree that the IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE and all other warranties, express or implied, ARE EXCLUDED from this transaction and shall not apply to the leased Space, premises, and Facility referred to herein. It is further understood and agreed that Tenant has been given an opportunity to inspect, and has inspected this Space, premises, and Facility, and that Tenant accepts such leased Space, premises, and Facility AS IS and WITH ALL FAULTS. |
| 26. ENTIRE AGREEMENT | Except as provided for in Paragraph 28, this Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter contained herein. No amendment or alteration of the terms hereof shall be binding unless the same be in writing, dated subsequent to the date hereof, and duly executed by the parties hereto, or unless such items are modified pursuant to the provisions of Paragraph 18 above. |
| 27. HEADINGS | The headings of the various provisions of the Agreement have been inserted only for the convenience of the parties and are not to be used in construing this Agreement nor in ascertaining the intentions of the parties. |
| 28. RULES AND REGULATIONS | The Rules and Regulations as listed below are made a part of this Rental Agreement and Tenant agrees to comply at all times with such Rules and Regulations. Lessor shall have the right from time to time to promulgate amendments and additional Rules and Regulations for safety, care, and cleanliness of the Facility and upon posting of any such amendments or additions in a conspicuous place at the Facility, they shall become a part of this Rental Agreement. |
| 29. ALTERATIONS, SIGNS & WASTES | Tenant shall not make or suffer to be made any alterations of the Space or Facility nor post any sign without express written consent of the Lessor. Tenant shall not commit nor suffer to be committed any waste in or on the Space or at the Facility. |
| 30. PARKING | The Tenant agrees that parking shall be permitted only in the areas provided and that no parking shall be permitted overnight. Loading and unloading of vehicles shall not be done in such a way as to block access to other storage spaces and shall be accomplished as rapidly as possible. This Rental Agreement does not include the storage of automobiles, boats, trailers or other vehicles or personal property outside of the leased Space. |
| 31. ATTORNEYS' FEES | In the event any action be instituted or other proceedings taken to enforce any term, covenant or condition herein contained or to recover any rent or charge due or to recover possession of the Space or Facility for any default or breach of this Rental Agreement by Tenant, Tenant agrees to and shall pay Lessor's reasonable attorneys' fees, costs, and expenses in connection therewith. |
| 32. CHANGE OF ADDRESS | IT SHALL BE THE DUTY OF TENANT TO FURNISH THE LESSOR NOTIFICATION, IN WRITING BY CERTIFIED MAIL, TO LESSOR'S ADDRESS PROVIDED HEREIN OF ANY CHANGE OF ADDRESS OR PHONE NUMBER OF TENANT |
| 33. LOCK | Tenant shall provide, at Tenant's own expense a lock for the Space which Tenant, in Tenant's sole discretion, deems sufficient to secure the Space. Space shall be immediately locked upon execution of the Agreement. Tenant shall not provide Lessor or Lessor's agents with a key and/or combination to Tenant's lock unless deliveries are to be accepted by Lessor on Tenant's behalf, pursuant to a separate agreement to that effect. |
| 34. ABANDONMENT | In the absence of written notice to Lessor to the contrary, if all property is removed from the storage Space for ten (10) consecutive days and if the Tenant has failed to make his/her monthly payment before the due date, or if the Tenant has removed the lock from the storage Space, the Tenant shall be deemed to have abandoned the premises. |
| 35. SPECIAL CONDITIONS | There are NO special conditions other than those listed here: _10% DISC TILL VACATE_ _HAS UNITS #16 and #352_ |
| 36. RULES & REGULATIONS | (1) No refunds will be granted.<br>(2) Observe the 5 miles per hour speed limit while driving in the Facility. Park cars and trucks so as not to block driveways or other storage spaces.<br>(3) Do not connect refrigerators or freezers to electric outlets. The electricity could be turned off at any time.<br>(4) Do not use any type of electric or gas heater in your storage Space. Use of any equipment using electricity, including small tools and heat lamps, must be approved by the Manager. It is the opinion of the Manager an excessive amount of electricity is used, an additional fee will be charged. Disconnect any extension cords or electrical equipment when not in use.<br>(5) Turn off all lights when you leave your storage Space.<br>(6) No open flames of any type such as camping equipment, cutting torches, kerosene lamps, candles, etc. are allowed in the Space.<br>(7) Do no sanding or spray painting in your Space.<br>(8) Store no gasoline, explosives or other hazardous materials in your Space.<br>(9) DO NOT STORE ANY FOOD IN YOUR SPACE.<br>(10) Remove all trash and unwanted items from your storage Space. Do not put unwanted items in unrented space. Use the receptacle provided at the facility for disposal of small items only. Tenant is responsible for off-site disposal of large items.<br>(11) The Facility will be closed on New Year's Day, Easter, the 4th of July, Thanksgiving Day and Christmas. These dates are posted in the Facility office in advance as a reminder.<br>(12) YOU ARE RESPONSIBLE: Lock your Space using only one lock. You must obtain insurance if you wish your property insured.<br>(13) CHANGE OF ADDRESS: Report any change of address, phone number, etc. by certified mail to the office to keep our records current.<br>(14) VACATE POLICY: When you plan to vacate, you must give our Manager written notice at least ten (10) days prior to the end of your last month of tenancy. If you have not paid your rent for a month but vacate by the fifth (5th), your rent will be prorated. After the fifth (5th), one month's rent will be due even if you vacate.<br>(15) RENTAL PROVISIONS: All of the provisions of the Rental Agreement, of which these Rules and Regulations are a part, apply to your occupancy and use of your storage Space and your access to this Facility.<br>(16) IMPORTANT NOTE: Beware that pest control products may be in use. You are responsible for the safety of children and pets.<br>(17) Payments received after posted office business hours will be credited to the next business day.<br>(18) Personal checks are not acceptable as payment upon move out by the Tenant. |

TENANT INITIALS HERE _____

NOTICE TO TENANT: DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT AND FULLY UNDERSTAND THE COVENANTS CONTAINED HEREIN. KEEP A COPY OF THIS AGREEMENT TO PROTECT YOUR LEGAL RIGHT. TENANT HEREBY ACKNOWLEDGES BY SIGNING THIS AGREEMENT THAT HE/SHE HAS READ, UNDERSTOOD AND ACCEPTS ALL THE TERMS AND CONDITIONS EXPRESSED IN THIS AGREEMENT.

Executed this __25__ day of __OCT__, 19 __97__

TENANT'S SIGNATURE X __Stacey L Boyd__    PRINT NAME __Stacey L Boyd__

LESSOR: SUSA Partnership, L.P.
By: Storage USA, Inc., General Partner      By: __Eric A.__
                                            TITLE Manager/Assistant Manager