IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| **G. WARE TRAVELSTEAD,** | * | Case No. 96-5-4979-DWK |
| | | (Chapter 11) |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**LIQUIDATING AGENT'S OPPOSITION TO APPLICATION
FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

  Joel I. Sher, Liquidating Agent, by his undersigned counsel, pursuant to sections 502 and 503 of the Bankruptcy Code and the confirmed Third Modified Fourth Amended Plan of Reorganization, opposes Extra Space Management, Inc.'s Application for Payment of Administrative Expense Claim and, in support thereof, states:

  1. On December 31, 1997, this Court entered the Order (the "Confirmation Order") Approving Debtor's Modified Fifth Amended Disclosure Statement and Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan").

  2. On that same date, the Bankruptcy Court entered an order authorizing the appointment of Joel I. Sher as the liquidating agent. Furthermore, section 6.1 of the Plan appoints Joel I. Sher as the liquidating agent (the "Liquidating Agent").

  3. Pursuant to the Confirmation Order, the Liquidating Agent has "the right and standing to pursue and defend any claims or rights of action in respect of the property of the estate or of the debtor." *Confirmation Order* at Pg. 3. The Plan further grants the Liquidating Agent, *inter alia*, "all of the rights, duties, obligations, and powers of a trustee including, but not limited to those set forth in §§704(1) and 1106 of the Bankruptcy Code." *Plan* at Article 6.5(a).

4.	On November 7, 2007, Extra Space filed an Application for Payment of Administrative Expense Claim (the "Application") seeking the allowance of an administrative expense claim against the Debtor's estate for fees and expenses accrued under certain contracts for storage space (the "Contracts") at a facility operated by Extra Space located at 1699 Baltimore Annapolis Boulevard, Arnold, Maryland (the "Storage Facility").

5.	The Contracts were entered into pre-petition with non-debtor entities, Travelstead Group, Inc. and Venture Concepts respectively.  The Debtor owned, operated or held an interest in these entities.  Pursuant to the Contracts, the entities were provided storage space in three units, Unit Nos. 16, 352 and 59 at the Facility and the Debtor also stored personal property in the Units.

6.	The Application seeks the allowance of an administrative expense claim for unpaid fees under the Contracts for the period of July, 2006 through November, 2007 (the "Application Period") in the amount of $20,268.00, plus attorneys' fees in the amount of $2,804.00.

**Extra Space Has Failed to Prove the Validity of its Claim**

7.	There is no basis for the assertion of an administrative expense claim against the Liquidating Agent and the estate.  Any property stored in the Units was property of non-debtor entities or personal property of the Debtor that was abandoned by the Liquidating Agent pursuant to a Notice of Abandonment filed on August, 20, 2004.[1]  Although the Liquidating Agent made gratuitous payments to Extra Space after the abandonment, those payments were only made to allow the Liquidating Agent access to the Units to ensure that there were no records, documents or other property being stored in the Units that were necessary and relevant to the Liquidating Agent's rights and duties under the Plan.  Extra Space has no right in perpetuity to an on-going administrative

---

[1] A copy of the Notice of Abandonment is attached hereto as *Exhibit 1*.

2

expense against this estate for agreements between it and non-debtor third parties. Even if Extra Space could establish a basis for its claim, it has failed to establish any tangible benefit to this estate for any expenses incurred during the Application Period.

7.    The party asserting the status of an administrative claimant has the burden of proof. *E.g., In re Drexel Burnham Lambert Group, Inc.,* 134 B.R. 482, 489 (Bankr.S.D.N.Y.1991). He must demonstrate that (1) his claim arose from a transaction with or on account of consideration furnished to the debtor-in-possession, and (2) the transaction or consideration directly benefited the debtor-in-possession. *See In re Merry-Go-Round Enterprises, Inc.*, 180 F.3d 149, 157 (4th Cir.1999); *In re Freeman*, 297 B.R. 41, 43 (Bankr. E.D. Va. 2002). Extra Space makes no argument that the Units were used, much less that they benefited the Debtor's estate. Instead, it claims that because property of non-debtor entities which the Debtor owned, operated or held an interest in remained in the Units, it is entitled to an administrative expense.

8.    However, Section 503(b) requires that an administrative expense only be allowed for the "actual, necessary costs and expenses of preserving the estate." Extra Space has provided no evidence that the Debtor or Liquidating Trustee actually used the Units during the Application Period, nor has it provided any evidence that, even if the Units were used, they provided any benefit to the Debtor's estate. *See, e.g.,* Matter *of Continental Airlines, Inc.* 146 B.R. 520, 526 (Bankr. D. Del. 1992). In short, as the court in *Continental Airlines* explained, "movants must establish a benefit to the estate to receive priority payment ahead of the other general unsecured claims." *Id.* at 526. The *Continental* court rejected the notion that mere possession of property was enough to qualify for an administrative expense. Instead, the *Continental* court required the claimant to establish (1) that the estate used the property and (2) that the estate received a benefit from its use before allowing an administrative expense. *See id.*

9. It is difficult to imagine how the storage of abandoned property provided any benefit to the estate. Absent such evidence, Extra Space has failed to establish any underlying benefit to the estate and the Application must be denied.

## Conclusion

WHEREFORE, for the foregoing reasons, Joel I. Sher, Liquidating Agent, respectfully requests the following relief:

A. That the Extra Space Management, Inc.'s Application for Payment of Administrative Expense Claim be denied; and

B. That the Liquidating Agent be granted such other and further relief as is just and equitable.

/s/     Joel I. Sher
Joel I. Sher, Bar No. 00719
Diarmuid F. Gorham, Bar No. 25859
Shapiro Sher Guinot & Sandler
36 South Charles Street
20th Floor
Baltimore, Maryland 21201
410-385-0202

*Attorneys for the Liquidating Agent*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 15th day of January, 2008, a copy of the foregoing was served by first-class mail, postage prepaid, on the following:

>Paul M. Nussbaum, Esquire
>Stephen F. Fruin, Esquire
>Whiteford, Taylor & Preston
>7 St. Paul Street
>Baltimore, MD  21202-1626
>
>Mark A. Neal, Esquire
>Assistant U.S. Trustee
>Office of the United States Trustee
>101 West Lombard Street, Suite 2625
>Baltimore, MD   21201
>
>Mary Fran Ebersole, Esquire
>Tydings & Rosenberg LLP
>100 East Pratt Street, 26th Floor
>Baltimore, MD 21202

>/s/    Diarmuid F. Gorham
>        Diarmuid F. Gorham