IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: | * |
| **G. WARE TRAVELSTEAD,** | *   Case No. 96-5-4979-SD |
| | (Chapter 11) |
| Debtor. | * |

* * * * * * * * * * * * *

## LIQUIDATING AGENT'S SIXTH INTERIM STATUS REPORT

Comes now Joel I. Sher, Liquidating Agent and files this Interim Status Report, stating:

### Introduction

On December 31, 1997, the Bankruptcy Court entered an Order Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan"). On December 31, 1997, the Court entered an Order appointing Joel I. Sher as the Liquidating Agent in conformity with the terms of the Plan. The Plan provides for the Liquidating Agent to file status reports indicating (i) the status of the disposition of assets to be liquidated under the Plan, (ii) any sale contracts entered into, the proposed contract sale price, the identity of the proposed purchaser, and (iii) the current condition of the assets to be liquidated. This report details activities for the period of August 1, 2007 through December 31, 2008 (the "Period").

### General Overview

The Liquidating Agent has undertaken various activities since his appointment in an effort to liquidate all assets of the Debtor. Prior to the Period, the Liquidating Agent disposed of substantially all known direct assets of the Debtor. During the Period, the Liquidating Agent disposed of the last known valuable direct interest of the Debtor, resulting in gross receipts during

the Period of approximately $15,000. The Liquidating Agent's main focus during the Period revolved around resolution of the IRS claim.

## Disposition of Assets

1.  **Artwork, Personal Items**

The Liquidating Agent continued to work with his art consultant, Susan Perrin, to liquidate at the highest price the remaining items of art and collectibles owned by the Debtor. During the previous period, the Liquidating Agent received offers for the last two pieces of the Debtor's artwork. However, neither offer came to fruition. No artwork was sold during the Period. However, the Liquidating Agent settled with Addison Ripley over their loss of a painting, collecting the insurance payment. Additionally, a final piece of jewelry was sold at auction by Christie's resulting in a net of $4,550, which sum was deposited in November, 2008.

2.  **Tax Matters**

Upon the sale of the Debtor's interests in Blockless Investments, B.V. ("Blockless") in 1999 (*see* Liquidating Agent's First and Second Interim Reports), the Court directed the Liquidating Agent to escrow $500,000 (the "Escrow Account"), representing the potential tax liability of the Debtor with respect to the disposition of the Blockless assets. Thereafter the Liquidating Agent filed a Motion Of Liquidating Agent To Determine And Pay The Debtor's Income Tax Obligations For 1999 (the "Tax Motion"). In the Tax Motion, the Liquidating Agent sought a determination that the Debtor's tax liability for 1999 was less than $100,000. The Internal Revenue Service ("IRS") objected to the Tax Motion and argued that the liability was in excess of that amount. The Liquidating Agent has allowed Debtor's counsel to prosecute the Tax Motion due to their familiarity with the matter. The Liquidating Agent recently authorized

Debtor's counsel to make a settlement offer to the IRS, which offer still pending. If the IRS accepts the offer, the Liquidating Agent will seek Court authority to enter into the settlement. Once approved, the Liquidating Agent will work to file his final report and close this case. The Liquidating Agent is optimistic this offer will be accepted by the IRS.

    **3.**    **General Matters**

Attached hereto as Exhibit A is a reconciliation of the Liquidating Agent's receipts and disbursements during the Period. As of the date of this report, the Liquidating Agent is holding the approximate sum of $630,000, reflecting sums held in (i) the Escrow Account; and (ii) the Liquidating Agent's bank accounts. As reflected on Exhibit A, the Liquidating Agent has also, from time to time, made payments for the expenses of the administration of this estate, including payments to various professionals for fees and expenses approved by orders of the Bankruptcy Court. During the Period, no professional fees were paid. During the Period, a settlement was reached with Storage USA, resulting in the payment of $10,000 for post-confirmation fees incurred to store the Debtor's files and business papers for several years.

    /s/    Joel I. Sher
Joel I. Sher, Bar No. 00719
Shapiro Sher Guinot & Sandler
36 South Charles Street, 20th Floor
Baltimore, MD  21201-3147
(410) 385-0202

*Liquidating Agent for G. Ware Travelstead*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 6th day of January, 2009, a copy of the foregoing was electronically filed and served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that notice was electronically mailed to said party from the Court.

    Paul M. Nussbaum, Esquire
    Whiteford, Taylor & Preston
    7 St. Paul Street
    Baltimore, MD   21202-1626

    Mark A. Neal, Esquire
    Office of the U.S. Trustee
    101 West Lombard, Suite 2625
    Baltimore, MD  21201

    Edward McDermott, Esquire
    Pollack & Kaminsky
    114 W. 47th Street
    New York, NY   10036


        /s/      Joel I. Sher
        Joel I. Sher