IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| G. WARE TRAVELSTEAD | * | Case No: 96-5-4979-SD |
| Debtor | * | Chapter 11 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JOINT MOTION TO APPROVE SETTLEMENT AND COMPROMISE RESOLVING
LIQUIDATING AGENT'S MOTION TO DETERMINE TAX LIABILITY**

G. Ware Travelstead (the "Debtor"), Joel I. Sher, Liquidating Agent appointed pursuant to the Order Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Liquidating Agent") and the United States, by their attorneys, hereby file their Joint Motion to Approve Settlement and Compromise Resolving Liquidating Agent's Motion to Determine Tax Liability (the "Motion") pursuant to 11 U.S.C. §§ 105 and 505 and Fed. R. Bankr. P. 9019, and in support thereof state as follows:

**Background**

1.  On December 31, 1997, the United States Bankruptcy Court for the District of Maryland (the "Court") entered an Order Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Plan"). Pursuant to the provisions of the Plan, on December 31, 1997, the Liquidating Agent was appointed. Pursuant to the Plan, the Debtor and/or Liquidating Agent may undertake various actions in the implementation of the Plan, and over the course of time have proceeded accordingly.

2.	By Order entered on December 28, 1998, the Court approved the sale of the Debtor's interest in Blockless Investments, B.V. (the "Blockless Sale") that resulted in proceeds in the amount of $6,500,000 ("Blockless Proceeds"), which funds were remitted to the possession of the Liquidating Agent. The tax issues relating to the Blockless Sale were significant to all creditors and parties-in-interest. Consequently, shortly after the closing the Liquidating Agent began coordinating with the Debtor and the estate's accountants in an effort to establish the tax liability to be paid from the Blockless Proceeds.

3.	Notably, the Liquidating Agent sought to ensure that the correct amount of taxes was ultimately paid, and he communicated this to the principal parties in this case. Specifically, the Liquidating Agent was deeply concerned that the complexity of the tax issues made the determination of the proper tax liability uncertain and not capable of prompt resolution

4.	As a result, and at the request of the Liquidating Agent and with the support of the Debtor, the Court determined that the Liquidating Agent should set aside and hold in escrow the sum of $500,000 from the Blockless Proceeds, pursuant to section 5.7 of the Plan, for the purpose of satisfying the anticipated income tax obligations resulting from the Blockless Sale (the "Tax Funds"). Accordingly, and by its Order Granting the Liquidating Agent's Cross-Motion for Authority to Make Distribution entered on December 23, 1999, the Court directed that the Tax Funds be maintained in a segregated account for payment of the income taxes relating to the Blockless Sale.

**The Tax Motion**

5. The Liquidating Agent requested the estate's accountants to prepare draft tax returns to address the Blockless Sale, and once completed the tax returns were reviewed by the Debtor and Liquidating Agent. Following his review, the Debtor was concerned that the tax liability determined by the estate's accountants may not be accepted by the IRS, and the Liquidating Agent concurred.

6. Accordingly, following his consultation with the Debtor, on or about September 26, 2002, the Liquidating Agent sought to have the tax liability for the Blockless Sale determined and fixed by the Court and he filed the Motion of Liquidating Agent to Determine and Pay Debtor's Income Tax Obligations for 1999 (the "Tax Motion") pursuant to section 505 (a) of the Bankruptcy Code. The Internal Revenue Service (the "IRS") objected to the Tax Motion on various grounds, including most significantly that the tax liability may well exceed the amount suggested by the Liquidating Agent or even the amount of the segregated Tax Funds. No other creditor or party in interest filed an objection or other response to the Tax Motion.

7. After filing the Tax Motion, the Liquidating Agent communicated to the Debtor his desire that the Debtor and his counsel actively participate with him in this contested matter. Both the Debtor and the Liquidating Agent each have an interest in the outcome of the Tax Motion. Accordingly, the Debtor joined as a co-movant with the Liquidating Agent in the Tax Motion by joinder dated April 30, 2003. Thereafter, litigation regarding the Tax Motion was stayed pending efforts between the Debtor's counsel and the United States to settle any issues relating to the Tax Motion.

**Settlement Negotiations**

8.      As part of their efforts to resolve the Tax Motion, the Debtor and the Liquidating Agent provided the IRS with a signed copy of the Debtor's joint 1999 tax return (the "Tax Return") prepared by the estate's accountants.[1] The Tax Return reported a federal income tax due of $32,358.

9.      Upon its initial review of the Tax Return, the IRS raised questions regarding support for a net operating loss ("NOL") carryforward, Schedule C deductions, deductible partnership and S-corporation losses, the capital gain calculation arising from the Blockless Sale, and Schedule A interest expense deductions. The Debtor's counsel and the estate's accountants supplied the IRS with additional information relating to its areas of inquiry and supporting the calculations contained in the Tax Return.

10.     The IRS subsequently asserted that the Debtor's total income tax liability for 1999, including penalties but exclusive of interest, should have been $1,566,126.80. Specifically, the IRS challenged expenses identified as deductible expenses on Schedule C of the Tax Return, a claimed net operating loss deduction, and the Debtor's basis for the capital gain realized from the Blockless Sale. The IRS re-calculated the Debtor's deductible expenses to be $2,053,818 less than, and his capital gains to be $3,602,712 greater than, the amounts reported on his Tax Return.

---

[1] The Tax Return was filed originally as a joint return. Counsel for Mrs. Travelstead, however, subsequently filed IRS Form 8857, Request for Innocent Spouse Relief (And Separation of Liability and Equitable Relief), primarily on the basis that Mrs. Travelstead asserted that she did not have knowledge of the expenses relating to the Debtor's bankruptcy and interest in Blockless Investments, B.V., which the IRS granted. Accordingly, only the Debtor's individual tax liability is the subject of this Motion.

4

11. Recognizing the complexity of the facts and legal questions regarding the Schedule C deductions and the Debtor's basis for calculating the capital gains arising from the Blockless Sale, the Debtor and the United States engaged in protracted negotiations to resolve the Tax Motion. Those negotiations have finally, after years of effort to reach a resolution, resulted in an agreement among the Debtor, the Liquidating Agent and the United States whereby, through a process of offer in compromise, the Debtor and the IRS have agreed to compromise the Debtor's 1999 federal income tax liability.

12. Specifically, the Debtor, the Liquidating Agent and the United States have agreed to a compromise whereby the following amounts are due for the Debtor's 1999 federal income tax year: (a) a deficiency in federal income tax in the amount of $1,057,214; (b) an addition to tax under I.R.C. § 6651(a)(1) in the amount of $265,112; (c) an accuracy penalty under I.R.C. § 6652(a) in the amount of $211,442.80; and (d) underpayment interest according to law ((a) through (d) collectively, the "Tax Liability"), and the United States will accept payment from the Liquidating Agent in the amount of $500,000 in full and complete satisfaction of the Tax Liability. The United States further reserves its right to treat this settlement as null and void if the IRS determines that the Debtor made a material misrepresentation on his collection information statement utilized by the United States to evaluate this compromise. This compromise further is without prejudice to the United States to assess the Debtor's federal tax liabilities for all years other than 1999. The terms of the compromise are more fully set out in the letter agreement attached as **Exhibit A**.

**Court Approval for Resolution of the Tax Motion**

13. Section 105(a) of the Bankruptcy Code provides that courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 505(a) of the Bankruptcy Code provides that courts "may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Pursuant to Bankruptcy Rule 9019, courts may approve a compromise or settlement, after notice and a hearing. As set forth herein, the terms of the settlement of the Tax Motion are well within the range of reasonableness required by Bankruptcy Rule 9019.

14. The decision to approve a compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968). The settlement need not be the best that could have been achieved, but need only fall "within the reasonable range of litigation possibilities," *In re Penn Central Transp. Co.,* 596 F.2d 1102, 1114 (3d Cir. 1979), and not "below the lowest point in the range of reasonableness." *U.S. ex rel. Rahman v. Oncology Associates, P.C.,* 269 B.R. 139, 149-50 (D. Md. 2001), *aff'd,* 2003 WL 1735258 (4th Cir. 2003) (*quoting Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied,* 464 U.S. 822 (1983)); *see also In re McLean Industries, Inc.,* 84 B.R. 340, 344 (Bankr. S.D.N.Y. 1988); *In the Matter of Carla Leather, Inc.,* 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1983); *see also W. T. Grant,* 699 F.2d at 608 ("responsibility of the bankruptcy judge . . . is not to

decide the numerous questions of law and fact . . . but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'").

15.     The Debtor and the Liquidating Agent submit that the Tax Settlement represents a fair and reasonable resolution of the Tax Motion.

16.     The Debtor and the United States debated in good faith opposing views regarding the facts and law applied to several aspects of the Tax Return. The United States has asserted potential tax liability of the Debtor arising from the Blockless Sale in 1999 that far exceeds the $500,000 that the Court directed to be held in escrow. The Debtor might prevail in establishing the 1999 tax liability at a lower amount, but there exists uncertainty and risk that he will not prevail. Accordingly, the agreed $500,000 payment in satisfaction of the Tax Liability is well within the range of potential litigation possibilities and represents a well-reasoned and good faith determination of a fair compromise.

17.     Moreover, this compromise is consistent with the expectations of the Liquidating Agent, the Debtor, creditors and parties in interest when the Court directed the escrow of the Tax Funds from the Blockless Proceeds. This outcome is both reasonable in light of the possible litigation outcomes from the Tax Motion and consistent with the tax liability estimate of the estate's accountants at the time of the Blockless Sale.

**WHEREFORE**, the Debtor, the Liquidating Agent and the United States hereby move that the Court enter an Order Approving Settlement and Compromise Resolving Liquidating Agent's Motion to Determine Tax Liability pursuant to the terms of their letter agreement attached as **Exhibit A**, and seek such other and further relief as may be just and proper.

    /s/Joel I. Sher
Joel I. Sher, Bar No. 00719
Shapiro Sher Guinot & Sandler, P.A.
36 South Charles Street
Suite 2000
Baltimore, Maryland 21201
(410) 385-0202

*Attorneys for the Liquidating Agent*

    /s/ Cameron J. Macdonald
Paul M. Nussbaum, Bar No. 04394
Cameron J. Macdonald, Bar No. 25362
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202
(410) 347-8700

*Attorneys for the Debtor*

    /s/ Lawrence P. Blaskopf
Lawrence P. Blaskopf,
Civil Trial Section, Eastern Region
Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
(202) 514-9642

*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of August, 2011, a copy of the Motion to Approve Settlement and Compromise Resolving Liquidating Agent's Motion to Determine Tax Liability was mailed first class, postage prepaid to:

>Office of the U.S. Trustee
>110 West Pratt Street, Suite 2650
>Baltimore, Maryland  21201
>
>Joel I. Sher, Bar No. 00719
>Shapiro Sher Guinot & Sandler, P.A.
>36 South Charles Street
>Suite 2000
>Baltimore, Maryland 21201
>
>Lawrence P. Blaskopf,
>Civil Trial Section, Eastern Region
>Tax Division
>U.S. Department of Justice
>P.O. Box 227
>Ben Franklin Station
>Washington, D.C. 20044

>/s/ Cameron J. Macdonald
>Cameron J. Macdonald

*1948134*