

DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# (Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| G. WARE TRAVELSTEAD | * | Case No: 96-5-4979-SD |
| Debtor | * | Chapter 11 |
| * * * * * * | * * * * * | |

### ORDER APPROVING SETTLEMENT AND COMPROMISE RESOLVING
### LIQUIDATING AGENT'S MOTION TO DETERMINE TAX LIABILITY

Upon consideration of the Joint Motion to Approve Settlement and Compromise Resolving Liquidating Agent's Motion to Determine Tax Liability (the "Motion") filed by G. Ware Travelstead (the "Debtor"), Joel I. Sher, Liquidating Agent appointed pursuant to the Order Confirming the Debtor's Third Modified Fourth Amended Plan of Reorganization (the "Liquidating Agent") and the United States (these parties, collectively, the "Settlement Parties"), and it further appearing that the Court has jurisdiction over this matter; and due and sufficient notice of the Motion and settlement terms having been provided, and it appearing that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of Debtor, his creditors, and all parties in interest; and the Court having

determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein, pursuant to sections 105 and 505 of title 11 of the United States Code and Rule and 9019 of the Federal Rules of Bankruptcy Procedure;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. Proper, timely, adequate and sufficient notice of the Motion, the settlement terms, and the proposed Order has been provided in accordance with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002(a)(3) and 9019(a), and no other or further notice of the Motion or the terms of settlement is required;

2. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities entitled to notice thereof; and

3. The Movants have articulated good and sufficient justification to approve the settlement. Approval of the settlement and the consummation thereof is in the best interests of the Debtor and his creditors.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that the settlement among the Settlement Parties, as set forth in the letter agreement attached hereto as **Exhibit A**, be and it hereby is approved; and it is further

**ORDERED** that the Settlement Parties are hereby authorized and directed to take all steps necessary to effectuate the terms of the settlement without further order of the Court.

**END OF ORDER**

Copies to:

Joel I. Sher, Esquire
Shapiro Sher Guinot & Sandler, P.A.
36 South Charles Street
Suite 2000
Baltimore, Maryland 21201

Paul M. Nussbaum, Esquire
Cameron J. Macdonald, Esquire
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202

Lawrence P. Blaskopf, Esquire
Civil Trial Section, Eastern Region
Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044

# Exhibit A



**U.S. Department of Justice**

**Tax Division**

*Please reply to:* *Office of Review*
*Post Office Box 310*
*Ben Franklin Station*
*Washington, D.C. 20044*

JAD:DSM:MBSeyferth
CMN:2005103024

February 24, 2011

Cameron Macdonald, Esquire
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626

    Re:   G. Ware Travelstead
            Case No. 96-54979 (USBC DMd)

Dear Mr. MacDonald:

    We understand that debtor G. Ware Travelstead would like to compromise the Liquidating Agent's Motion to Determine and Pay Debtor's Income Tax Obligations for 1999, on the following terms –

    1. G. Ware Travelstead agrees that the following amounts are due for his 1999 federal income tax year – (a) a deficiency in federal income tax in the amount of $1,057,214; (b) an addition to tax under I.R.C. § 6651(a)(1) in the amount of $265,112; (c) an accuracy penalty under I.R.C. § 6662(a) in the amount of $211,442.80; and (d) underpayment interest according to law.

    2. The federal income tax liabilities described in paragraph 1 above will be satisfied by the Liquidating Agent for debtor Travelstead's bankruptcy estate paying the United States $500,000 in one payment within 20 days of the Bankruptcy Court's approval of the joint motion described in paragraph 3 below, EXCEPT THAT if the Internal Revenue Service later determines that G. Ware Travelstead made any material representation in the Form 433-A (Collection Information Statement for Wage Earners and Self-Employed Individuals) he submitted in support of a settlement of the above-described federal income tax liabilities, this settlement will be null and void and the Internal Revenue Service may take any and all actions necessary to assess and collect the liabilities specified in paragraph 1 above. G. Ware Travelstead agrees to waive the statute of limitations with respect to any such assessment(s) or collection activities by the IRS.

    3. This settlement addresses the 1999 federal income tax liabilities of G. Ware Travelstead only, and is without prejudice to the Internal Revenue Service's rights to assess and collect G. Ware Travelstead's federal tax liabilities for taxes and tax periods other than his 1999 income tax year.

    4. G. Ware Travelstead, the Liquidating Agent, and the United States will bear their respective costs, including any possible attorney's fees or other expenses of this litigation.

- 2 -

     5. In the event this offer is accepted on behalf of the United States, G. Ware Travelstead, the Liquidating Agent, and the United States will – within 20 days of that acceptance – file a Joint Motion seeking the Bankruptcy Court's approval of the terms of this settlement.

     6. This offer supersedes G. Ware Travelstead's settlement proposal dated November 25, 2008.

     7. This offer is conditioned upon a final resolution of G. Ware Travelstead's 1999 federal income tax liabilities at issue in the Tax Court proceeding entitled G. Ware Ttravelstead and Cheryl Lynn Travelstead v. Commissioner of Internal Revenue, Docket No. 20803-06, on terms consistent with those set forth above in paragraphs 1, 2 and 3.

     If the foregoing accurately reflects offer being made by G. Ware Travelstead, please countersign this letter where indicated below. We understand that you will also obtain the Liquidating Agent's concurrence in this offer. After this letter has been countersigned by both indicated signatories, please return the fully-executed letter to this office.

     We are sure you understand that unless you receive a formal written notice of acceptance from this office, the Department is in no way committed to a settlement of this matter.

     If you have any questions concerning this letter, please contact Mimi Seyferth of our office at area code 202, 307-5749.

                                                      Sincerely yours,

                                                      JOHN A. DiCICCO
                                                      Acting Assistant Attorney General
                                                      Tax Division

                                            By: *[signature]*
                                                      DEBORAH S. MELAND
                                                      Chief, Office of Review

The foregoing accurately reflects the settlement offer
by G. Ware Travelstead..

2/25/11
Date                Cameron J. Macdonald
                    Counsel for Debtor Travelstead

5128091.1

- 3 -

As Liquidating Agent of the Debtor's Bankruptcy Estate, I concur in this settlement offer by G. Ware Travelstead and Cheryl Lynn Travelstead.

2/25/11
Date

Joel I. Sher, Liquidating Agent

5128091.1